UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CARNELL HUNNICUTT SR.                    CIVIL CASE NO. 3:10 CV 857 (CSH)
        v.
TAWANDA KITT. etal                       DECEMBER 6, 2010

FILED
2010 DEC -9 P 2:45
U.S. DISTRICT COURT

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY

THE PLAINTIFF MOVES PURSUANT TO RULE 34(b), 36(3) AND 37(a), FED. R. CIV. P., FOR AN
ORDER COMPELLING THE DEFENDANTS TO PRODUCE FOR INSPECTION AND COPYING THE
DOCUMENTS REQUESTED ON OCTOBER 4, 2010, AND ANSWER TO ADMISSIONS SUBMITTED
ON SAID DATE AS WELL. ATTACHED TO THIS MOTION IS PLAINTIFF'S DECLARATION IN
SUPPORT OF MOTION TO COMPEL.

                              DECEMBER 6, 2010

                              CARNELL HUNNICUTT SR.
                              #229589
                              NORTHERN C.I. P.O. BOX 665
                              SOMERS, CT 06071

## CERTIFICATION

I HEREBY CERTIFY A COPY OF THIS MOTION WAS MAILED ON DECEMBER 6, 2010.
TO: A.A.G. MATTHEW B. BEIZER AT 110 SHERMAN ST. HARTFORD, CT 06105

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CARNELL HUNNICUTT, SR.

     V.

TAWANDA KITT, et al

CIVIL CASE No. 3:10cv 857 (CJH)

DECEMBER 6, 2010

## CERTIFICATION

PURSUANT TO RULE 37 OF THE FED. R. CIV. P., THE PLAINTIFF MAKES THIS CERTI-
FICATION, THAT HE HAS ATTEMPTED IN A GOOD FAITH EFFORT ATTEMPTED TO CONFER
WITH A.A.G. MATTHEW B. BEIZER TO RESOLVE DISCOVERY SUBMITTED OCT.
4th, 2010 WITHOUT COURT ACTION.   SAID COUNSEL FOR THE DEFENDANTS
FAILED TO RESPOND, FAILED TO PRODUCE DISCOVERY AND HAS FAILED TO ASK
THE COURT FOR AN TIME EXTENSION. ALL ATTEMPTS BY THE PLAINTIFF WERE
IN VAIN AND NOW MOVES FOR ~~CONSENT~~ THE COURT TO INTERVENE.

CARNELL HUNNICUTT, SR,
#229589
NORTHERN C.I. P.O. BOX 665
SOMERS. CT 06071

## CERTIFICATION

I HEREBY CERTIFY THAT A COPY OF THE FOLLOWING WAS MAILED ON DECEMBER 6,
2010, TO! A.A.G. MATTHEW B. BEIZER AT 110 SHERMAN ST. HARTFORD, CT 06105

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CARNELL HUNNICUTT, SR.                    CIVIL CASE NO. 3:10CV 857 (CSH)
        v.
TAWANDA KITT, etal                         DECEMBER 6, 2010

### DECLARATION IN SUPPORT OF MOTION TO COMPEL

CARNELL HUNNICUTT, SENIOR DECLARES UNDER PENALTY OF PERJURY:

1) I AM THE PLAINTIFF IN THIS CASE. I MAKE THIS DECLARATION IN SUPPORT OF MY MOTION TO COMPEL DISCOVERY.

2) ON OCTOBER 4, 2010, I SERVED DEFENDANTS' COUNSEL A REQUEST FOR PRODUCTION OF DOCUMENTS AND FIRST REQUEST FOR ADMISSIONS, WHICH IS ATTACHED TO THIS DECLARATION AS EXHIBIT 1

3) DEFENDANTS DID NOT RESPOND TO THIS REQUEST WITHIN THE 30 DAYS ALLOWED, NOR DID THEY REQUEST AN EXTENSION OF TIME FROM THIS COURT OR AGREEMENT FROM THE PLAINTIFF TO AN EXTENSION OF TIME.

4) ON NOVEMBER 5, 2010, I WROTE TO THE DEFENDANTS' COUNSEL POINTING OUT THAT THEIR RESPONSES WERE A MONTH LATE AND REQUESTING THAT THEY RESPOND IMMEDIATELY. A COPY OF MY LETTER IS ATTACHED AS EXHIBIT 2.

5) DEFENDANTS COUNSEL DID NOT RESPOND TO MY LETTER, DID NOT RESPOND TO MY DISCOVERY REQUEST AND DID NOT ANSWER MY COMPLAINT.

6) THIS IS A COMMON TACTIC UTILIZED BY THE DEFENDANTS COUNSEL WHICH IS NORMAL PROCEDURE TO DELAY, STALL AND POSTPONE CIVIL PROCEEDINGS TO DENY PRO SE PRISONERS / PLAINTIFF DISCOVERY. SEE HUNNICUTT V. DINGUS, etal 3:07CV1628(CSH) SEE (DOC. 64, 65, 66, 79 AND 85) EXHIBIT 3

PURSUANT TO 28 U.S.C. 1746 I DECLARE UNDER PENALTY OF PERJURY THAT THE FOLLOWING IS TRUE AND CORRECT.

CARNELL HUNNICUTT, SR.
#229589
NORTHERN C.I. P.O. BOX 665
SOMERS, CT 06071

### CERTIFICATION

I HEREBY CERTIFY A COPY OF THE FOLLOWING WAS MAILED ON DECEMBER 6, 2010, TO!
A.A.G. MATTHEW B. BEIZER AT 110 SHERMAN STREET HARTFORD, CT 06105



STATE OF CONNECTICUT
OFFICE OF THE ATTORNEY GENERAL

MATTHEW B. BEIZER - A.A.G.
110 SHERMAN ST.
HARTFORD, CT 06105

OCTOBER 4, 2010

DEAR MR. BEIZER,

ENCLOSED ARE THE FOLLOWINGS:

① PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

② ADMISSIONS (FIRST REQUEST) FOR TAWANDA KITT, LT. PATUMI, DENNIS MARTINELLI, ANGEL
QUIROS, STEPHEN FAUCHER, KIM WEIR, LT. SIWICKI, LAUREN POWERS, JASON CAHILL, DARRYL
LITTLE, CO WILSON, KIM D. CISCERO, LT. CONNER, KARL KROIS, SCOTT PETERSON AND MICHAEL
LAJOIE.    PLEASE SEND SAID DISCOVERY WITHIN 30 DAYS.

CARNELL HUNNICUTT, SR. #183769
NORTHERN C.I. P.O. BOX 665
SOMERS, CT 06071

CC: HUNNICUTT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CARNELL HUNNICUTT. SR.                    CIVIL CASE NO. 3:10CV 857 (CSH)
TAWANDA KITT. ET AL                       OCTOBER 4. 2010

PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Fed. R.C.P., Plaintiff requests that Defendants Angel Quiros, Michael Lajoie, Stephen Faucher, Lauren Powers and Tawanda Kitt produce for inspection and copying the following documents:

(1) The duty rosters for 3 east 2009 for the following dates:

JANUARY 25, 2009-AM SHIFT        MAY 5, 2009 - PM SHIFT
JANUARY 30, 2009-AM SHIFT        JUNE 5, 2009 - AM SHIFT
FEBRUARY 1, 2009 - AM SHIFT      JUNE 8, 2009 - AM SHIFT
APRIL 27, 2009 ____ PM SHIFT     JULY 26, 2009- BOTH AM/PM SHIFTS
MAY 4, 2009 ____ PM SHIFT        JULY 31, 2009 - PM SHIFT

(2) The duty rosters for 3 west unit for the following dates:
SEPTEMBER 30, 2009 AND NOVEMBER 1, 2009 (PM AND AM SHIFTS)

(3) The duty roster for 3 west unit for the date of January 27, 2010

(4) The 3 east logbook entries for the following dates:
JANUARY 25 AND 30th
FEBRUARY 1, 2009
APRIL 27, 2009
MAY 4th AND 5th 2009
JUNE 5 AND 8th 2009
JULY 26 AND 31 2009

(5) The 3 west logbook entries for the following dates:
SEPTEMBER 30, 2009
NOVEMBER 1, 2009
JANUARY 27, 2010

(6) Personnel information, employment applications, performance evaluations. This includes lawsuits, grievances, disciplinary infractions, investigations and records of misconduct/malfesance against defendants Kitt, Marinelli, Quiros, Powers, Wier, Faucher, Lajoie, Pafumi, Krob, Siwicki, Wilson and Little. Also arrest records to be included.

(7) Any and all grievances, complaints or other documents recieved by defendants Quiros, Peterson and Lajoie concerning missing/destroyed property while defendant Kitt was property officer stemming from August 2009 to the present date. This is to include lost damaged property claims.

(8) The location(s) of the plaintiff's former cellmates/witnesses who can verify and substantiate the plaintiff's claims in this matter - Eric Atkinson #214214, Nathaniel Johnson, JR. #269606 and Donald Simmons #327517.

CARNELL HUNNICUTT. SR. #225389
NORTHERN C.I. P.O. BOX665
SOMERS. CT 06071

CERTIFICATION

I hereby certify a copy of the following document was mailed on Oct. 4, 2010 to: A.A.G. Matthew B. Beizer at 110 Sherman St., Hartford, CT 06105

DISTRICT OF CONNECTICUT

CARNELL HUNNICUTT, SR.                    CIVIL CASE NO. 3:10 CV 857 (CSH)

TAWANDA KITT, ET AL          PLAINTIFF'S FIRST          OCTOBER 4, 2010

<u>REQUEST FOR ADMISSIONS</u>

PURSUANT TO RULE 36, Fed. R. Civ. P., PLAINTIFF REQUESTS THAT DEFENDANT
<u>TAWANDA KITT</u> TO MAKE THE FOLLOWING ADMISSIONS WITHIN 30 DAYS AFTER
THE SERVICE OF THIS REQUEST.

1. THE PLAINTIFF THREATENED YOU WITH BODILY HARM ON OCTOBER 30, 2009. CAUSING
   YOU TO FEAR FOR YOUR LIFE/SAFETY AND YOU REQUESTED A PROFILE/SEPARATION STATUS.

2. THE PLAINTIFF FILED A GRIEVANCE ON YOU OCTOBER 26, 2009. FOR ALLOWING
   INMATES TO HANDLE THE PROPERTY OF OTHER INMATES.

3. THE PLAINTIFF OVER A PERIOD OF YEARS (2007-2009) GAVE YOU CARTOONS,
   LETTERS, ETC. THAT YOU ACCEPTED WITHOUT INCIDENT.

4. THAT YOU REPORTED THESE TRANSACTIONS (CARTOONS, LETTERS, ETC) FROM
   THE PLAINTIFF TO YOUR SUPERIORS (i.e. Lieutenants, Captains, Majors, Warden)

5. THE PLAINTIFF'S PROPERTY WAS UNDER YOUR SUPERVISION/CARE FROM
   FEBRUARY 5, 2010 UNTIL FEBRUARY 22, 2010.

6. THE PLAINTIFF'S PROPERTY WAS DAMAGED WHEN YOU RECEIVED IT ON
   FEBRUARY 5, 2010. AS PROPERTY OFFICER.

7. THE PLAINTIFF RECEIVED A PHOTOGRAPH FROM YOU FROM YOUR MYSPACE
   PAGE.

8. THAT YOU WERE UNDER INVESTIGATION FOR BEING FAMILIAR WITH INMATE
   IRA ALSTON AS WELL AS THE PLAINTIFF.

9. THAT YOU ACCEPTED LETTERS FROM INMATE DANIEL RILES AND OTHER
   INMATES AS YOU DID WITH THE PLAINTIFF.

10. THE PLAINTIFF HAD NO TYPE OF RELATIONSHIP WITH YOU AND OUT OF THE
    BLUE THREATENED YOU WITH BODILY HARM FOR NO APPARENT REASON.

<u>CERTIFICATION</u>
I HEREBY CERTIFY A COPY OF THE FOLLOWING WAS MAILED ON
OCT. 4, 2010. TO: A.A.G. MATTHEW B. BEIZER AT 110 SHERMAN
ST. HARTFORD, CT 06105

<u>OCTOBER 4, 2010</u>

Carnell Hunnicutt Senior          1 OF (1)

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CARNELL HUNNICUTT, SR.

TAWANDA KITT, ET AL

Civil Case No. 3:10 CV 857(CSH)
October 4, 2010

PLAINTIFF'S FIRST
REQUEST FOR ADMISSIONS

PURSUANT TO RULE 36, Fed.Civ.P., PLAINTIFF REQUEST THE DEFENDANT LT. PAFUMI TO MAKE THE FOLLOWING ADMISSIONS WITHIN 30 DAYS AFTER THE SERVICE OF THIS REQUEST.

1. THE PLAINTIFF'S OCTOBER 2009, COMPLAINT CONCERNING INMATES HANDLING PROPERTY IN THE PROPERTY ROOM AT N.C.I. WAS INVESTIGATED BY YOU PER DEFENDANTS FAUCHER/POWERS, ORDERS.

2. THE INVESTIGATION CONCERNING INMATES HANDLING OTHER INMATES PROPERTY WAS CARRIED OUT ACCORDING TO THE DOC A.D. 1.10 INVESTIGATIONS BY YOU.

3. THAT THE CN11002/1 INTERVIEW STATEMENT OF SUCH INVESTIGATION WAS SIGNED BY THE PLAINTIFF BY YOU.

4. THAT THE CN11003 INMATE VOLUNTARY INTERVIEW AUTHORIZATION FORM WAS USED AND SIGNED BY THE PLAINTIFF AND YOURSELF.

5. YOUR INVESTIGATION CONDUCTED IN OCTOBER 2009, WAS IN COMPLIANCE WITH A.D. 1.10 AND GENERATED UNIT INVESTIGATION AND REPORTS, FACILITY INTERVIEWS AND ADDITIONAL REPORTS, INCLUDING CN11001 EMPLOYEES RIGHTS AND RESPONSIBILITIES ACKNOWLEDGEMENT FORM

6. THE PLAINTIFF WAS ORDERED BY YOU TO PACK HIS PROPERTY ON FEBRUARY 5, 2010, 3 WEST UNIT- CELL 102.

7. THE PLAINTIFF'S TELEVISION, HEADPHONES AND AC ADAPTER WERE DAMAGED/DESTROYED.

8. YOU ARE THE ACTING PROPERTY SUPERVISOR AND DEFENDANT KITT IS YOUR SUBOR- DINATE.

9. THE PLAINTIFF'S PROPERTY WAS UNDER YOUR SUPERVISION AND DEFENDANT KITT'S CARE FROM FEBRUARY 5, 2010 UNTIL FEBRUARY 22, 2010.

10. THAT IT IS ROUTINE POLICY TO HOLD PROPERTY OF INMATES BEING TRANSFERRED FROM UNIT TO UNIT IN THE PROPERTY ROOM.

① OF ②

11. THAT IT IS ROUTINE POLICY PRACTICE TO PLACE INMATES PROPERTY ON A.B. STATUS IN THE PROPERTY ROOM UNTIL SAID STATUS IS LIFTED.

12. THAT YOU ROUTINELY VERBALLY HARASSED THE PLAINTIFF AND ANTAGONIZED HIM OVER HIS DESTROYED PROPERTY.

13. THAT YOU WERE INVESTIGATED FOR HARASSING THE PLAINTIFF AND LABLING HIM AS A SNITCH.

14. THAT DEFENDANT KITT AND YOURSELF ROUTINELY STEAL PROPERTY FROM INMATES TO AWARD SNITCHES AND APPEASE VIOLENT INMATES (ARTHUR GRIFFIN, ANTWAN ANTHONY, FRANCIS ANDERSON, ETC)

15. THAT YOU SIGNED OFF AS THE ACTING SUPERVISOR ON THE FEBRUARY 5, 2010, THREATS DR WITH NO WITNESSES AND THE REQUEST OF INSULTING LANGUAGE THAT CONTAINED NO WRITTEN THREATS.

CARNELL HUNNICUTT, JR.
#229589
NORTHERN C.I. P.O. BOX 665
SOMERS, CT 06071


CERTIFICATION

I HEREBY CERTIFY A COPY OF THIS DOCUMENT WAS MAILED ON OCT. 4, 2010 TO: A.A.G. MATTHEW B. BEIZER AT 110 SHERMAN ST. HARTFORD, CT 06105

(2) OF (2)

PAFUMI

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CARNELL HUNNICUTT, SR.                    CIVIL ACTION NO. 3:10 CV 857 (CSH)
          v.                               OCTOBER 4, 2010
TAWANDA KITT, ET AL          PLAINTIFF'S FIRST
                     REQUEST FOR ADMISSIONS

PURSUANT TO RULE 36. Fed.Civ.P., PLAINTIFF REQUESTS THE DEFENDANT DENNIS
MARINELLI TO MAKE THE FOLLOWING ADMISSIONS WITHIN 30 DAYS AFTER THE SERVICE
OF THIS REQUEST:

1. THE PLAINTIFF'S CELL IN 3 WEST 102 WAS SEARCHED ON OCTOBER 27, 2009, FOR
   CARTOONS DRAWN OF DEFENDANT KITT-UNDER YOUR ORDERS.

2. THE PLAINTIFF WAS THREATENED BY YOU IF HE PRODUCED ANY MORE CARTOONS OF DEFENDANT
   KITT. HE WOULD RECEIVE DR's AND THE CONFISCATION OF HIS CARTOONS AND PLACED ON A/S.

3. THE PLAINTIFF'S TIERMAN JOB IN 3 WEST WAS TAKEN AWAY FROM HIM BY YOU ON
   OCTOBER 29, 2009, WITHOUT AN DISCIPLINARY REPORT NOR INCIDENT.

4. THE PLAINTIFF WAS PLACED ON FULL RESTRAINT STATUS /REC ALONE WITH FULL RESTRAINTS
   FROM OCTOBER 30, 2009 UNTIL NOVEMBER 30, 2009, UNDER YOUR ORDERS.

5. THE PLAINTIFF REPEATEDLY INFORMED YOU, "IT'S NOT THAT SERIOUS" WHEN YOU
   STATED YOU FEARED FOR THE SAFETY OF DEFENDANT KITT AND PLACED HIM ON FULL RESTRAINTS.

6. THAT YOU ORDERED A SEPARATION STATUS /PROFILE BETWEEN THE PLAINTIFF AND
   DEFENDANT KITT DUE TO YOUR CONCERN FOR SAID DEFENDANTS SAFETY. IN 3 WEST UNIT.

7. THE PLAINTIFF INFORMED YOU TO CONDUCT AN INVESTIGATION AND INTERVIEW HIS FORMER
   CELLMATES TO SUBSTANTIATE DEFENDANT KITT'S HOSTILITY STEMMED FROM AN RELATIONSHIP
   THAT ENDED BADLY WITH THE PLAINTIFF.

8. THE PLAINTIFF ACTED OUT, DESTROYED PROPERTY, THREATENED STAFF AND USED VIOLENCE
   WHILE HE ENDURED PUNISHMENTS, FULL RESTRAINTS /REC ALONE FOR THE THREATS DR
   ISSUED BY DEFENDANT KITT ON OCTOBER 30, 2009.

9. THE PLAINTIFF'S PROPERTY WAS ORDERED BY YOU TO BE GIVEN TO DEFENDANT KITT
   ON FEBRUARY 5, 2010.

10. THE PLAINTIFF WAS SENT TO 1 EAST / 1 WEST UNITS IN A MORE PUNITIVE SETTING
    FOR AN ALLEGED THREATS DR FROM DEFENDANT KITT UNDER YOUR ORDERS.

① of ②

11. THAT YOU CONDUCTED AN INVESTIGATION INTO THE PLAINTIFF'S ALLEGATIONS OF HIS RELATIONSHIP WITH DEFENDANT KITT IN COMPLIANCE WITH A.D. 1.10 INVESTIGATIONS.

12. THAT YOU OBTAINED A PHOTOGRAPH AND WITNESS STATEMENTS FROM THE PLAINTIFF'S FORMER CELLMATES OF WHAT OCCURRED BETWEEN DEFENDANT KITT AND THE PLAINTIFF

13. THAT YOU RECEIVED A SIGNED INTERVIEW STATEMENT AND VOLUNTARY INTERVIEW AUTHORIZATION FORM AS A RESULT OF YOUR INVESTIGATION INTO THE PLAINTIFF CLAIMS FROM THE PLAINTIFF.

CARNELL HUMICUTT, SR # 112589
NORTHERN C.I. P.O. BOX 665
SOMERS, CT 06071

CERTIFICATION

I HEREBY CERTIFY A COPY OF THE FOLLOWING WAS MAILED ON OCTOBER 4, 2010, TO: A.A.G. MATTHEW B. BEIZER AT 110 SHERMAN ST. HARTFORD, CT 06105

2 OF 2

MARINELLI

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CARNELL HUNNICUTT, SR.                    CIVIL CASE NO. 3:10CV857(CSH)
              v.                          OCTOBER 4, 2010
TAWANDA KITT, ET AL          PLAINTIFF'S FIRST
                        REQUEST FOR ADMISSIONS

PURSUANT TO RULE 36. Fed. Civ. P., PLAINTIFF REQUESTS THE DEFENDANT ANGEL QUIROS
TO MAKE THE FOLLOWING ADMISSIONS WITHIN 30 DAYS AFTER THE SERVICE OF THIS REQUEST.

1. THE PLAINTIFF ASKED YOU AS EARLY AS SEPTEMBER 2009. TO INVESTIGATE THE PLAINTIFF'S
FORMER CELLMATES TO FIND OUT WHY DEFENDANT KITT WAS HOSTILE AND WITHHELD THE PROPERTY
OF THE PLAINTIFF'S.

2. THAT YOU IMMEDIATELY CONDUCTED AN INVESTIGATION AND INTERVIEWED HIS FORMER
CELLMATES (ERIC ATKINSON, NATHANIEL JOHNSON, JR. AND DONALD SIMMONS)PER A.D. 1.10

3. THAT IT'S POLICY AT NORTHERN C.I. TO USE INMATES TO HANDLE/PROCESS
OTHER INMATES PROPERTY.

4. THAT YOU ORDERED THE PLAINTIFF'S CARTOONS ABOUT DEFENDANT KITT CONFISCATED
AS SOON AS YOU WERE AWARE OF THEM IN AUGUST 2009.

5. THAT YOU HAVE A "NO TOLERANCE POLICY" FOR THE PLAINTIFF CARTOONS DEPICTING
STAFF IN VARIOUS COMICS (SEXUAL - NON-SEXUAL).

6. THE PLAINTIFF REPEATEDLY WROTE YOU OF DEFENDANT KITT'S HARASSMENT AND
VERBAL ABUSE.

7. THE PLAINTIFF INFORMED YOU REPEATEDLY DEFENDANT KITT WOULD DESTROY HIS
PROPERTY IN HER POSSESSION FROM FEBRUARY 5 - 22ND 2010.

8. THAT YOU INFORMED THE PLAINTIFF YOU WOULD REPLACE HIS PROPERTY THAT WAS
DESTROYED IN DEFENDANTS KITT'S POSSESSION.

9. THAT YOU REPLACED THE PLAINTIFF'S PROPERTY AS YOU STATED YOU WOULD.

10. THAT DEFENDANT KITT WAS INVESTIGATED FOR STEALING AND DESTROYING PRISONERS'
PROPERTY.

11. THAT YOU WERE AWARE OF DEFENDANT KITT'S INVOLVEMENT WITH INMATES THAT
HAVE RESULTED IN INVESTIGATIONS MORE THAN ONCE

12. THE PLAINTIFF WAS INTERVIEWED AND SIGNED BOTH THE CN11002/1 AND CN11003
INTERVIEW STATEMENT AND INMATE VOLUNTARY INTERVIEW AUTHORIZATION FORMS AS A
RESULT OF YOUR INVESTIGATION INTO HIS ALLEGATIONS.

① OF ②

13. THAT A THOROUGH INVESTIGATION WAS CONDUCTED GENERATING UNIT INVESTIGATIVE
REPORTS, INCIDENT REPORTS AND DISCIPLINARY REPORTS CONCERNING DEFENDANT KITT.

CARNELL HUNNICUTT, SR.
#229589
NORTHERN C.I. P.o Box 665
SOMERS. CT 06071

CERTIFICATION

I HEREBY CERTIFY A COPY OF THE Following Document WAS MAILED ON OCTOBER 4, 2010, TO
A. A. G. MATTHEW B. BEIZER AT 110 SHERMAN ST. HARTFORD, CT 06105

2 OF 2
QUIROS

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CARNELL HUNNICUTT, SR.              CIVIL CASE NO. 3:10CV857 (CSH)
                                    OCTOBER 4, 2010
TAWANDA KITT, ET AL
                        PLAINTIFF'S FIRST
                   REQUEST FOR ADMISSIONS

PURSUANT TO RULE 36, FED. CIV. P., PLAINTIFF REQUESTS THE DEFENDANT STEPHEN FAUCHER
TO MAKE THE FOLLOWING ADMISSIONS WITHIN 30 DAYS AFTER THE SERVICE OF THIS REQUEST.

1. THE PLAINTIFF WROTE YOU OCTOBER 13, 2009, CONCERNING INMATE'S/AN INMATE HANDLING
PROPERTY IN THE PROPERTY ROOM.

2. THAT YOU STATED THE PROPERTY OFFICER SUPERVISOR LOOKED INTO THE MATTER
AND INMATE WORKERS ARE NOT UTILIZED TO PROCESS INMATE'S PROPERTY.

3. THAT AN INITIAL INQUIRY WAS CONDUCTED, A CASE FILE CREATED ALONG WITH
THE UNIT INVESTIGATION REPORTS ON THE PLAINTIFF'S COMPLAINTS STEMMING FROM OCT. 13, 2009.

4. THE PLAINTIFF WAS INTERVIEWED AND SIGNED AN INMATE VOLUNTARY INTERVIEW
AUTHORIZATION FORM AND THE INTERVIEW STATEMENT BY THE INTERVIEWEE DEFENDANT
PAFUMI CONCERNING THE COMPLAINT OF AN INMATE HANDLING PROPERTY ON OCTOBER 13, 2009.

5. THAT FACILITY INTERVIEWS WERE CONDUCTED FOR THE ESCORTING OFFICER (GARY SPILLANE) AND
AIP OFFICER RONNIE YOUNG WHO WERE PRESENT ON OCTOBER 13, 2009, WHEN THE PLAINTIFF
RETURNED FROM MACDOUGALLWALKER AND NOTICED THE INMATE IN THE PROPERTY ROOM.

6. THAT DEFENDANT QUIROS ORDERED YOU TO MAKE EVERY ATTEMPT TO REPLACE THE PLAINTIFF'S
PROPERTY THAT WAS DAMAGED WHILE IN DEFENDANTS KITT AND PAFUMI POSSESSION (FEB 5TH - 2ND)

7. THAT YOU SPOKEN WITH THE PLAINTIFF AND DISCUSSED REPLACING HIS PROPERTY.

8. THAT YOU HAVE GIVEN THE PLAINTIFF A LOANER TELEVISION, HEADPHONES AND ADAPTER
WHILE HIS PROPERTY IS BEING REPLACED.

9. THAT YOU WERE PUT IN CHARGE OF INVESTIGATING THE PLAINTIFF'S DAMAGED PROPERTY
BY DEFENDANT QUIROS.

10. AS A RESULT OF YOUR INVESTIGATION, AN INCIDENT REPORT, FACILITY INTERVIEWS, ALONG
WITH INTERVIEW STATEMENTS AND INMATE VOLUNTARY INTERVIEW AUTHORIZATION WERE
GENERATED FROM SAID INVESTIGATION.

① OF ②

11. THE PLAINTIFF WROTE YOU CONCERNING DEFENDANT PAFUMI HARASSMENT, VERBAL ABUSE AND LABLENG HIM A SNITCH TO OTHER INMATES (ANTWAN ANTHONY)

12. THAT YOU INFORMED CAPTAIN GERALD HINES TO INVESTIGATE THE MATTER.

13. THAT THE PLAINTIFF WAS INTERVIEWED, THE INMATE (ANTWAN ANTHONY) WAS INTERVIEWED, AN INCIDENT REPORT CREATED AND UNIT INVESTIGATIVE REPORT WERE ALL GENERATED, SIGNED AND COMPILED AS A RESULT OF THE INQUIRY.

CARNELL HUNNICUTT, SR.
#229589
NORTHERN C.I. P.o. Box665
SOMERS, CT 06071

CERTIFICATION

I HEREBY CERTIFY A COPY OF THIS DOCUMENT WAS MAILED ON Oct. 4. 2010 TO: A.A.G. MATTHEW B. BEIZER AT 110 SHERMAN ST. HARTFORD. CT 06105

2 OF 2
FAUCHER

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CARNELL HUNNICUTT, SR.                    CIVIL CASE No. 3:10 CV 857 (CSH)
                                          OCTOBER 4, 2010
TAWANDA KITT, ETAL          PLAINTIFF'S FIRST
                    REQUEST FOR ADMISSIONS

PURSUANT TO RULE 36, Fed. Civ. P., PLAINTIFF REQUESTS THE DEFENDANT KIM WEIR
TO MAKE THE FOLLOWING ADMISSIONS WITHIN 30 DAYS AFTER THE SERVICE OF THIS REQUEST.

1. THE PLAINTIFF WROTE YOU OCTOBER 30, 2009, TO CONDUCT AN INVESTIGATION ON THE
DEFENDANTS KITT, PAFUMI, QUIROS, POWERS, FAUCHER AND MARINELLI CONCERNING RETALIATORY
BEHAVIOR, DELIBERATE INDIFFERENCE AND GROSS NEGLIGENCE.

2. THE PLAINTIFF INFORMED YOU IN THE OCTOBER 30, 2009, LETTER THAT HE AND DEFENDANT
KITT WERE IN AN RELATIONSHIP THAT SOURED, AND HE WAS BEING RETALIATED AGAINST.

3. THAT AT SAID TIME YOU WERE THE DOC DIRECTOR OF SECURITY WHEN THE PLAINTIFF
WROTE YOU ON OCTOBER 30, 2009.

4. THAT YOU TOURED THE 3 WEST UNIT ON NOVEMBER 3, 2009, AT NORTHERN C.I. ⅞

5. THE PLAINTIFF SPOKE WITH YOU CONCERNING THE OCTOBER 30, 2009 LETTER
WHEN YOU TOURED THE 3 WEST UNIT ON NOVEMBER 3, 2009.

6. THAT YOU IMMEDIATELY CONDUCTED AN INVESTIGATION EXTERNALLY FROM
THE SECURITY DIVISION.

7. THE PLAINTIFF INFORMED YOU THAT DEFENDANTS QUIROS, FAUCHER, POWERS, MARINELLI,
AND PAFUMI FAILED TO ACT OR INVESTIGATE THE PLAINTIFF'S ALLEGATIONS THAT DEFEND-
ANT KITT WERE IN A RELATIONSHIP THAT WENT BAD AND CAUSED SAID DEFENDANT TO
RETALIATE AGAINST THE PLAINTIFF.

8. THAT YOU ORDERED DEFENDANT QUIROS TO INVESTIGATE THE PLAINTIFF'S ALLE-
GATIONS AND THOROUGHLY INTERVIEW WITNESSES AND REVIEW DOCUMENTATION/
PHOTOS, ETC. THE PLAINTIFF HAD IN HIS POSSESSION AT THE TIME.

9. THAT UNIT INVESTIGATIONS/REPORTS, INCIDENT REPORTS, FACILITY INTERVIEWS
AND PHYSICAL EVIDENCE WERE GENERATED AS A RESULT OF SAID INVESTIGATION.

10. THAT YOU DID NOTHING TO INVESTIGATE THE PLAINTIFF'S ALLEGATIONS AND KICKED IT BACK DOWN TO DEFENDANT QUIROS, FAUCHER, POWERS, MARINELLI AND PAFUMI

11. YOU WANTED TO WASH YOUR HANDS OF THE MATTER DUE TO YOUR INVOLVEMENT WITH AN INMATE AT CORRIGAN CC YOU WANTED TO KEEP QUIET.

12. THAT YOU ARE AWARE THAT DOC STAFF (MALE/FEMALES) ROUTINELY ENGAGE IN RELATIONSHIPS WITH INMATES.

13. THAT YOU AND THERESA PENN (CAPTAIN) SHARED AN INMATE AT CORRIGAN CC (I BELIEVE HIS NAME WAS FIELDS.)

14. YOU FOLLOWED DOC A.D. 1.10 AND ORDERED THE DEFENDANTS (QUIROS, FAUCHER, POWERS, MARINELLI AND PAFUMI) TO INTERVIEW AND USE THE PROPER FORMS ACCORDING TO THE STANDARD INVESTIGATIVE FILE FORMAT, IN THEIR INVESTIGATION INTO THE PLAINTIFF'S ALLEGATIONS.

CARNELL HUNNICUTT, SR.
#229589
NORTHERN C.I. P.O. BOX 665
SOMERS, CT 06071

CERTIFICATION

I HEREBY CERTIFY THAT A COPY OF THIS DOCUMENT WAS MAILED ON OCTOBER 4, 2010, TO:
A.A.G. MATTHEW B. BEIZER AT 110 SHERMAN ST. HARTFORD, CT 06105

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CARNELL HUNNICUTT, SR.
v.
TAWANDA KITT, ET AL

CIVIL CASE NO. 3:10CV857 (CSH)
OCTOBER 4, 2010

PLAINTIFF'S FIRST
REQUEST FOR ADMISSIONS

PURSUANT TO RULE 36, Fed. Civ. P., PLAINTIFF REQUESTS THE DEFENDANT LT. SWICKI TO MAKE THE FOLLOWING ADMISSIONS WITHIN 30 DAYS AFTER SERVICE OF THIS REQUEST.

1. THE PLAINTIFF WAS APPROACHED BY YOU IN THE GYM AT N.C.I. ON JANUARY 21, 2010, WITH INMATE WALDMIER RIVERA, STAFF MEMBERS ANDY CAMERON AND JOSEPH JOHNSON PRESENT TO BE INTERVIEWED AS PART OF AN INVESTIGATION INTO THE PLAINTIFF'S CLAIMS OF INVOLVEMENT WITH DEFENDANT KITT.

2. THE PLAINTIFF WAS INTERVIEWED BY YOU CONCERNING THE INVESTIGATION INTO HIS INVOLVEMENT WITH DEFENDANT KITT.

3. THE PLAINTIFF WAS GIVEN AN CN11003 INMATE VOLUNTARY INTERVIEW AUTHORIZATION FORM TO SIGN FROM YOUR INVESTIGATION ON JANUARY 21, 2010.

4. THE PLAINTIFF WAS INTERVIEWED WHILE YOU WROTE DOWN EACH WORD ON THE CN11002/1 INTERVIEW STATEMENT AND BOTH YOU AND THE PLAINTIFF SIGNED IT ON JAN 21, 2010

5. THAT THE PLAINTIFF'S FORMER CELLMATES (ERIC ATKINSON, NATHANIEL JOHNSON, JR. AND DONALD SIMMONS) WERE INTERVIEWED AS PART OF YOUR INVESTIGATION INTO THE PLAINTIFF'S CLAIMS.

6. THAT YOU REVIEWED THE PLAINTIFF'S EVIDENCE COMPILED AT THAT TIME TO PROVE HIS ALLEGATIONS OF HIS INVOLVEMENT WITH DEFENDANT KITT.

7. THAT INCIDENT REPORTS, FACILITY INTERVIEWS, WITNESS STATEMENTS WERE GENERATED AS A RESULT OF YOUR INVESTIGATION INTO THE PLAINTIFF'S ALLEGATIONS.

8. ON MARCH 3, 2010, YOU WERE INVESTIGATING THE PLAINTIFF'S DAMAGED PROPERTY AND CONFISCATED THE CONTRABAND PROPERTY FROM 1 WEST - 124.

9. THAT YOU INTERVIEWED THE PLAINTIFF AND WROTE DOWN WHAT OCCURRED ON FORM CN11002/1 INTERVIEW STATEMENT AND HAD THE PLAINTIFF SIGN IT ON MARCH 3, 2010.

10. THAT YOU HAD THE PLAINTIFF SIGN FORM CN11003 INMATE VOLUNTARY INTERVIEW INVESTIGATION ON MARCH 3, 2010.

11. YOUR INVESTIGATION GENERATED CN11001 EMPLOYEE'S RIGHTS AND RESPONSIBILITIES ACKNOWLEDGMENT FORM, FACILITY INTERVIEWS FROM ESCORTING CO'S MELENDEZ/STEWART WHO WATCHED ME PACK MY PROPERTY FEB 5, 2010, INCIDENT REPORT AND ADDITIONAL REPORTS.

12. THAT YOUR INVESTIGATIONS ON JANUARY 21, 2010 AND MARCH 3, 2010 WERE
IN COMPLIANCE WITH STANDING DOC POLICY AND THOROUGHLY CONDUCTED WITHOUT
BIAS AGAINST THE PLAINTIFF.

13. YOU REVIEWED THE PHOTO OF DEFENDANT KITT THE PLAINTIFF HAD IN HIS POSSESSION
SAID DEFENDANT GAVE HIM.

CARNELL HUNNICUTT, SR. # 285589
NORTHERN C.I. P.O. BOX 665
SOMERS, CT 06071

CERTIFICATION

I HEREBY CERTIFY THAT A COPY OF THE FOLLOWING DOCUMENT WAS MAILED ON
OCTOBER 4, 2010, TO: A.A.G. MATTHEW B. BEIZER AT 110 SHERMAN ST. HARTFORD, CT 06105

23 OF 2

SIWICKI

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

CARNELL HUNNICUTT, SR.                          CIVIL CASE NO. 3:10CV857 (CSH)

TAWANDA KITT, ET AL              PLAINTIFF'S FIRST      OCTOBER 4, 2010
                                 REQUEST FOR ADMISSION

PURSUANT TO RULE 36. Fed.R.Civ. P., PLAINTIFF REQUESTS THE DEFENDANT LAUREN
POWERS TO MAKE THE FOLLOWING ADMISSIONS WITHIN 30 DAYS AFTER THE SERVICE OF
THIS REQUEST.

1. THE PLAINTIFF WAS PLACED ON FULL RESTRAINTS/REC ALONE STATUS BY YOU FOR THIRTY
(30) DAYS AS A RESULT OF DEFENDANT KITT'S ALLEGATIONS OF THREATS ON OCTOBER 30, 2009

2. THE PLAINTIFF INFORMED YOU OF NUMEROUS DOC STAFF PRESENT THAT DID NOT SIGN ON
THE THREATS OR AS A WITNESS FOR DEFENDANT KITT DUE TO NO THREATS OCCURRED ON NOVEMBER
3. 2009.

3. THE PLAINTIFF INFORMED YOU ON NOVEMBER 18, 2009, THAT HE HAD NO INTENTION TO HARM OR
THREATEN DEFENDANT KITT. "BECAUSE IT WASN'T THAT SERIOUS."

4. THE PLAINTIFF WROTE YOU CONCERNING THE OCTOBER 13, 2009 INCIDENT OF AN INMATE HANDLING
OTHER INMATES PROPERTY IN THE PROPERTY ROOM.

5. THE PLAINTIFF RECEIVED A REPLY FROM YOU STATING THAT INMATES WERE USED TO ASSIST IN
LIFTING PROPERTY BOXES/BAGS AND STORAGE.

6. THE PLAINTIFF IS/WAS PLACED IN THE MOST RESTRICTIVE UNIT AT NORTHERN C.I. AS A RESULT OF,
TWO ALLEGED THREAT DR'S FROM DEFENDANT KITT.

7. THE PLAINTIFF'S PROPERTY WAS DAMAGED WHILE IN THE CARE/SUPERVISION OF DEFENDANTS
KITT AND PAFUMI.

8. THE PLAINTIFF IS/WAS A LEVEL 4 PRISONER HOUSED AND TREATED AS AN LEVEL 5 INMATE
IN 1WEST UNIT IN A DIFFERENT SPECIAL NEEDS PROGRAM FOR THOSE ON "FUCK YOU" STATUS BY
THE ADMINISTRATION/DEFENDANTS.

9. THE PLAINTIFF IS NOT ALLOWED DAYROOM REC WITH OTHERS ON SPECIAL NEEDS, NOT AFFORDED
SHOWERS 7 DAYS A WEEK, NOT ALLOWED GYM PRIVILEGES, NOT ALLOWED REGULAR COMMISSARY, CD'S,
ART SUPPLIES NOR RECREATION WITH OTHERS TO ENGAGE IN SPORTS ACTIVITIES ALTHOUGH HE'S A
LEVEL 4 (GENERAL POPULATION INMATE) FORCED TO BE FULLY RESTRAINED AS AN LEVEL 5 A/S INMATE.

10. THAT INMATES IN 3WEST UNIT ARE AFFORDED DAYROOM REC WITH OTHERS, GYM PRIVILEGES,
SHOWERS 7 DAYS A WEEK, RECREATION WITH OTHERS IN THEIR SPECIAL NEEDS GROUP, JOB OPPORT-
UNITIES THAT ARE NOT AFFORDED THE PLAINTIFF AND ARE NOT FULLY RESTRAINED.

11. THIS POLICY OF HOUSING TWO DIFFERENT SPECIAL NEEDS GROUPS (ONE PUNITIVE AND THE
OTHER TREATED AS LEVEL 4 WITH ALL PRIVILEGES) IS IN COMPLIANCE WITH LAWS/POLICIES
OF THE STATE OF CONNECTICUT AND DOC.

Page 5?

12. THE PLAINTIFF AND SEVERAL OTHER INMATES ON SPECIAL NEEDS IN WEST UNIT ALL HAVE PROPERTY ISSUES WITH DEFENDANT KITT THAT RESULTED IN COMPLAINTS, GRIEVANCES. ETC

13. THE PLAINTIFF'S SPECIAL NEEDS PLAN RECOMMENDS THAT HE BE FULLY RESTRAINED, DENIED JOB OPPORTUNITIES. PLACED IN A PUNITIVE SETTING, DENIED GYM/REC PRIVILEGES WITH OTHERS IN HIS GROUP AND TREATED AS A LEVEL 5 A/S INMATE.

14. THAT YOU WERE AWARE OF THE PLAINTIFF'S NUMEROUS COMPLAINTS ABOUT DEFENDANT KITT HARASSMENT, VERBAL ABUSE AND DESTRUCTION OF HIS PROPERTY.

CARWELL HUNNICUTT SR.
#229589
NORTHERN C.I. P.O. Box 665
SOMERS. CT 06071

## CERTIFICATION

I HEREBY CERTIFY A COPY OF THE FOLLOWING DOCUMENT WAS MAILED ON OCT. 4. 2010,
TO: A.A.G. MATTHEW B. BEIZER AT 110 SHERMAN ST. HARTFORD, CT 06105

2 OF 2
POWERS

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

CARNELL HUNNICUTT, SR.                    CIVIL CASE NO. 3:10 CV 857 (CSH)
    v.                                           OCTOBER 4, 2010
TAWANDA KITT, ET AL
                   PLAINTIFF'S FIRST

## REQUEST FOR ADMISSIONS

PURSUANT TO RULE 36, Fed. Civ. P., PLAINTIFF REQUESTS THE DEFENDANT JASON CAHILL TO MAKE THE FOLLOWING ADMISSIONS WITHIN 30 DAYS AFTER SERVICE OF THIS REQUEST.

1. THE PLAINTIFF WAS PLACED IN YOUR UNIT (IEAST-120 CELL) ON FEBRUARY 5, 2010.

2. THE PLAINTIFF WAS GIVEN ALL PROPERTY AFFORDED HIM WHILE ON A.D. STATUS ON FEBRUARY 5, 2010.

3. THE PLAINTIFF'S PROPERTY WAS INVENTORIED PRIOR TO BEING GIVEN TO HIM ON FEBRUARY 8, 2010.

4. THAT IT'S COMMON PRACTICE/POLICY TO PLACE INMATES ON A.D. STATUS PROPERTY IN THE POSSESSION OF THE PROPERTY OFFICER.

5. THE PLAINTIFF WAS ALLOWED TO SHOWER AND GIVEN HYGIENE ITEMS WHILE IN IEAST UNIT FROM THE DATES FEBRUARY 5th THROUGH 8th 2010 AS OTHER INMATES WERE AFFORDED.

6. THE PLAINTIFF HAD A CHANGE OF CLOTHING (BOXERS, TEE-SHIRTS, SOCKS, etc) TOWEL, SHOWER SHOES, etc FROM FEBRUARY 5 - 8th 2010.

7. THE PLAINTIFF REPEATED REQUESTED A RECEIPT FOR HIS PROPERTY FROM THE DATES OF FEBRUARY 5th THROUGH 9th 2010.

8. THAT IT'S POLICY TO ISSUE A RECEIPT FOR PROPERTY CONFISCATED DAYS LATER AT STAFF'S CONVENIENCE.

9. THE PLAINTIFF QUESTIONED YOU WHY WAS HIS PROPERTY NOT IN IEAST UNIT INSTEAD IN THE POSSESSION OF DEFENDANT KITT.

10. THAT YOU ALLOWED DEFENDANT KITT IN YOUR UNIT ON NON-JOB RELATED DUTIES AND DESERT HER POST REGULARLY TO BRING FOOD DELIVERIES TO YOU.

CARNELL HUNNICUTT, JR.
#229589
NORTHERN C.I. P.O. Box 665
SOMERS, CT 06071

CERTIFICATION

I HEREBY CERTIFY A COPY OF THIS DOCUMENT WAS MAILED ON OCT. 4, 2010. TO: A.A.G. MATTHEW B. BEIZER AT 110 SHERMAN ST. HARTFORD, CT 06105

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CARNELL HUNNICUTT, SR.

v.

TAWANDA KITT, ET AL

CIVIL CASE NO. 3:10 CV 857 (CSH)
OCTOBER 4, 2010

PLAINTIFF'S FIRST
REQUEST FOR ADMISSIONS

PURSUANT TO RULE 36, Fed. Civ. P., PLAINTIFF REQUESTS THE DEFENDANT DARRYL LITTLE
TO MAKE THE FOLLOWING ADMISSIONS WITHIN 30 DAYS AFTER THE SERVICE OF THIS REQUEST.

1. THE PLAINTIFF WAS MOVED TO YOUR UNIT 1 WEST FEBRUARY 18, 2010.

2. THAT YOU WERE AWARE OF THE PLAINTIFF AND DEFENDANT KITT HAVING PROBLEMS THAT
RESULTED IN HIS PLACEMENT IN YOUR UNIT.

3. THAT YOU SIGNED FOR THE PLAINTIFF'S PROPERTY ON FEBRUARY 22, 2010, AND
RECEIVED IT FROM DEFENDANT KITT ON THAT SAME DATE.

4. THE PLAINTIFF'S PROPERTY SAT IN YOUR OFFICE FROM FEBRUARY 22ND 2010,
OVERNIGHT UNTIL FEBRUARY 23RD 2010. AND YOU DID NOT NOTICE IT WAS DAMAGED.

5. THAT YOU ALLOWED DEFENDANT KITT INTO 1 WEST UNIT REPEATEDLY TO COLLECT
MONEY FROM CO's AND DELIVER FOOD FROM THE DATE THE PLAINTIFF WAS PLACED
IN YOUR UNIT FEBRUARY 18TH 2010 THROUGH MARCH 2010

6. THAT TO YOUR KNOWLEDGE DEFENDANT KITT JOB DUTIES CONSIST OF COLLECTING
MONEY FROM OFFICER'S, PURCHASING TAKE-OUT FOOD AND DELIVERING SAID ITEMS TO
DIFFERENT HOUSING UNITS.

7. THAT TO YOUR KNOWLEDGE AND DOC POLICY – DEFENDANT KITT IS ALLOWED
TO DESERT HER POST AS PROPERTY OFFICER TO ENTER ANY UNIT AT NORTHERN C.I.
ON NON-JOB RELATED ACTIVITY SUCH AS TAKING FOOD ORDERS AND DELIVERING
FOOD.

8. THE PLAINTIFF INFORMED YOU IN WRITING AND VERBALLY THAT DEFENDANT KITT
WAS HARASSING HIM EACH TIME SHE ENTERED THE UNIT.

9. THAT THE PLAINTIFF'S CLAIMS WERE INVESTIGATED BY YOU CONCERNING DEFEND-
ANT KITT ENTERING THE UNIT HARASSING HIM.

10. THE PLAINTIFF REQUESTED ON FEBRUARY 23, 2010, THAT YOU VIEW HIS DAMAGED PROPERTY
AND WRITE AN INCIDENT REPORT ON THE MATTER.

① OF ②

11. THAT YOU FOLLOWED DOC POLICY A.D-6.6 <u>REPORTING OF INCIDENTS</u> (6)(J) FOR THE CLASS 3 INCIDENT INVOLVING THE PLAINTIFF'S PROPERTY ON FEBRUARY 23, 2010.

12. THAT YOU STILL ALLOW DEFENDANT KITT TO DESERT HER POST TO BRING FOOD DELIVERIES TO YOUR OFFICE AS THE PLAINTIFF WITNESSED ON JULY 22, 2010.

13. THAT YOU WERE AWARE OF DEFENDANT KITT'S INVOLVEMENT AND ACCEPTING LETTERS/ GIFTS FROM INMATES IRA ALSTON/DANIEL RILES AS WELL AS CARTOONS/LETTERS FROM THE PLAINTIFF THAT ALL OCCURRED IN YOUR UNIT.

14. THAT MURDERS, SUICIDES AND DAILY DISTURBANCES TAKE PLACE IN YOUR UNIT AT A HIGHER RATE THAN IN THE ENTIRE NORTHERN C.I. FACILITY PUT TOGETHER.

CARNELL HUNNICUTT, SR.
NORTHERN C.I. P.O. BOX 665
SOMERS, CT 06071

<u>CERTIFICATION</u>

I HEREBY CERTIFY A COPY OF THE FOLLOWING DOCUMENT WAS MAILED ON OCT. 4, 2010 TO: A.A.G. MATTHEW B. BEIZER AT 110 SHERMAN ST. HARTFORD, CT 06105



(2) OF (2)

LITTLE

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CARNELL HUNNICUTT, SR.                    CIVIL CASE NO. 3:10 CV 857 (CSH)

TAWANJA KITT, ET AL                       OCTOBER 4, 2010

## REQUEST FOR ADMISSIONS

PURSUANT TO RULE 36. FED. CIV. P., PLAINTIFF REQUESTS THE DEFENDANT  <u>CO WILSON</u>
TO MAKE THE FOLLOWING ADMISSIONS WITHIN 30 DAYS AFTER THE SERVICE OF THIS REQUEST.

1. THE PLAINTIFF RECEIVED A THREATS DR FROM DEFENDANT KITT ON OCTOBER 30, 2009.

2. YOU WERE THE DR INVESTIGATOR ON THE DR ISSUED TO THE PLAINTIFF ON 10/30/09.

3. THE PLAINTIFF LISTED SEVEN (7) WITNESSES FOR HIS DEFENSE TO BE INTERVIEWED FOR THE
OCTOBER 30, 2009 THREATS D.R.

4. THE FIVE (5) STAFF WITNESSES STATEMENTS WERE GATHERED BY YOU CONCERNING THE
THREATS DR ISSUED BY DEFENDANT KITT ON 10/30/09.

5. THAT DEFENDANT KITT HAD WITNESSES THAT THE PLAINTIFF THREATENED HER ON 10/30/09

6. THAT YOU CONDUCTED A THOROUGH INVESTIGATION PER DOC POLICY AND AFFORDED THE
PLAINTIFF DUE PROCESS.

7. THAT YOU UTILIZED DOCUMENTS, REPORTS AND SUPPORTING EVIDENCE IN YOUR FINDING(S)
OF YOUR INVESTIGATION INTO THE 10/30/09 THREATS DR ISSUED AGAINST THE PLAINTIFF.

8. THE PLAINTIFF WROTE YOU INFORMING YOU THAT HE WANTED TO WITHDRAW HIS ADVOCATE
(DEFENDANT DICIOCCIO) WHO REFUSED TO FOLLOW DOC POLICY GOVERNING DISCIPLINARY REPORT
ADVOCATES RESPONSIBILITIES.

9. THAT YOU REPLACED THE PLAINTIFF'S ADVOCATE WITH ANOTHER ADVOCATE WHO CONDUCTED
AN INDEPENDENT INVESTIGATION, GATHERED EVIDENCE, GATHERED STAFF WITNESSES STATEMENTS
AND ~~PREPARED~~ ASSISTED IN PREPARING THE PLAINTIFF'S DEFENSE FOR THE 10/30/09 DR.

10. THAT YOU BASED YOUR RECOMMENDATION THAT THE PLAINTIFF BE FOUND GUILTY ON UNDIS-
PUTED CONCRETE EVIDENCE THAT HE THREATENED DEFENDANT KITT ON 10/30/09.

11. THAT YOU INFORMED DEFENDANT DICIOCCIO SHE DID NOT HAVE TO INVESTIGATE,
ASSIST IN PREPARING THE PLAINTIFF'S DEFENSE NOR GATHER STAFF WITNESSES STATEMENTS.

① OF ②

12. THE PLAINTIFF ALWAYS HAD PROBLEMS WITH DEFENDANT KITT TO YOUR KNOWLEDGE.

13. THE PLAINTIFF WAS ALWAYS HOSTILE TOWARDS DEFENDANT KITT UP UNTIL THE 10/30/09 THREATS DR TO YOUR KNOWLEDGE.

14. THAT DEFENDANT KITT HAS BEEN IN FEAR FOR HER LIFE SINCE 10/30/09 OF THE PLAINTIFF TO YOUR KNOWLEDGE.

15. THE PLAINTIFF INFORMED YOU DEFENDANT DICIOCCIO WITHHELD EVIDENCE THAT COULD DISMISS THE 10/30/09 DR AS FRIVOLOUS.

16. THE PLAINTIFF WAS GIVEN ALL COPIES OF DOCUMENTATION / EVIDENCE USED TO FIND HIM GUILTY AT THE DR HEARING ON NOVEMBER 17, 2009, AS REQUESTED PROVIDED BY YOU FOR HIS APPEAL.

CARNELL HUNNECUTT, JR.
# 229589
NORTHERN C.E. P.O. BOX 665
SOMERS, CT 06071

## CERTIFICATION

I HEREBY CERTIFY A COPY OF THE FOLLOWING DOCUMENT WAS MAILED ON OCT. 4, 2010,
TO: A.A.G. MATTHEW B. BEIZER AT 110 SHERMAN ST. HARTFORD, CT 06105

2 of 2
WILSON

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

CARNELL HUNNICUTT, SR.

v.

TAWANDA KITT, ET AL

CIVIL CASE NO. 3:10CV857 (CSH)

OCTOBER 4, 2010

PLAINTIFF'S FIRST
REQUEST FOR ADMISSIONS

PURSUANT TO RULE 36. Fed.Civ.P., PLAINTIFF REQUESTS THE DEFENDANT <u>KIM DiCioccio</u> TO MAKE THE FOLLOWING ADMISSIONS WITHIN 30 DAYS AFTER THE SERVICE OF THIS REQUEST.

1. THAT ON NOVEMBER 2, 2009. YOU WERE CHOSEN AS THE PLAINTIFF'S ADVOCATE FOR THE ALLEGED THREATS DR ISSUED BY DEFENDANT KITT.

2. THE PLAINTIFF REQUESTED THAT YOU CONDUCT AN INDEPENDENT ~~INVESTIGATION INTO~~ CONCERNING THE THREATS DR.

3. THE PLAINTIFF REQUESTED THAT YOU COLLECT STATEMENTS FROM THE SIX (6) STAFF MEMBERS WHO WITNESSED THE INSULTING MATCH BETWEEN DEFENDANT KITT AND THE PLAINTIFF.

4. THE PLAINTIFF ASKED THAT YOU ASSIST HIM IN PREPARING A DEFENSE BY OBTAINING ALL DOCUMENTS/EVIDENCE TO BE UTILIZED AND/OR PROVING HIS INNOCENCE.

5. THE PLAINTIFF ASKED YOU TO PRESENT ~~documented~~ THE FIRST HAND KNOWLEDGE THAT YOU WITNESSED THROUGH CARTOONS/REQUEST SLIPS FROM THE PLAINTIFF TO DEFENDANT KITT TO PROVE ~~HE~~ DID NOT THREATEN SAID DEFENDANT.

6. THE PLAINTIFF RECEIVED WITNESS STATEMENTS FROM THE SIX (6) STAFF MEMBERS FROM YOU CONCERNING THE 10/30/09 THREATS DR FROM DEFENDANT KITT.

7. THAT YOU CONDUCTED AN INDEPENDENT INVESTIGATION INTO THE PLAINTIFF'S DR FOR THREATS.

8. THAT YOU GATHERED EVIDENCE/DOCUMENTATION FOR THE PLAINTIFF'S DEFENSE FOR THE 10/30/09 THREATS DR.

9. THAT YOU ASSISTED THE PLAINTIFF IN PREPARING A DEFENSE FOR THE 10/30/09 THREATS DR FROM DEFENDANT KITT.

10. THE PLAINTIFF WITHDREW YOU AS HIS ADVOCATE FOR YOUR FAILURE TO FOLLOW THE DOC A.D. 9.5 CODE OF PENAL DISCIPLINE AND GUIDELINES OF YOUR DUTIES AS AN ADVOCATE.

11. THAT YOU SHOWED UP AT THE DR HEARING AS THE PLAINTIFF'S ADVOCATE AND DEFENDED HIM.

CERTIFICATION

I HEREBY CERTIFY THAT A COPY OF THIS DOCUMENT WAS MAILED ON OCT 4, 2010 TO A.A.G. MATTHEW B. BEIZER AT 110 SHERMAN ST. HARTFORD, CT 06805

C____ll l____ A____
CARNELL HUNNICUTT, SR. #229589
NORTHERN C.I. P.O. BOX 665
SOMERS, CT 06071

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CARNELL HUNNICUTT, SR.          CIVIL CASE No. 3:10CV857(CSH)
v.                                        OCTOBER 4, 2010
TAWANDA KITT, ET AL        PLAINTIFF'S FIRST
                          REQUEST FOR ADMISSIONS

PURSUANT TO RULE 36. FED. CIV. P., PLAINTIFF REQUESTS THE DEFENDANT LT. COMIER
TO MAKE THE FOLLOWING ADMISSIONS WITHIN 30 DAYS AFTER THE SERVICE OF THIS REQUEST.

1. THE PLAINTIFF WAS AFFORDED THE DOCUMENTED EVIDENCE YOU STATED YOU UTILIZED TO
FIND HIM GUILTY OF THREATS TO HELP ASSIST HIM IN HIS DEFENSE PREPARATIONS FOR THE
10/30/09 DR ISSUED BY DEFENDANT KITT.

2. THE PLAINTIFF RECEIVED ADEQUATE ADVOCATE SERVICES IN COMPLIANCE WITH DOC A.D.
9.5 CODE OF PENAL DISCIPLINE TO CONDUCT AN INDEPENDENT INVESTIGATION, GATHER EVIDENCE,
AND ASIST IN THE PREPARATION OF HIS DEFENSE FOR THE 10/30/09 DR ISSUED BY DEFENDANT KITT.

3. THAT YOU CALLED THE PLAINTIFF'S SIX (6) STAFF WITNESSES THAT WITNESSED THE INSULTING
MATCH BETWEEN DEFENDANT KITT AND THE PLAINTIFF ON 10/30/09 AT THE DR HEARING 11/17/09.

4) THE PLAINTIFF NAMED THE SIX (6) STAFF WITNESSES AND HIS ADVOCATE GATHERED THEIR
STATEMENTS FOR THE DIR. HEARING CONDUCTED ON NOVEMBER 17, 2009

5) THAT YOU BASED YOUR GUILTY FINDING ON THE PLAINTIFF NOVEMBER 17, 2009, WITH
HARD UNDISPUTED EVIDENCE, WITNESS STATEMENTS AND VIDEO SURVEILLANCE TAPE THAT THE
PLAINTIFF THREATENED DEFENDANT KITT.

6) THE PLAINTIFF WAS GIVEN AN IMPARTIAL HEARING AND DUE PROCESS ON 11/17/09.

7) THE PLAINTIFF WAS GIVEN AN CONTINUANCE AND AN NEW ADVOCATE TO GATHER EVIDENCE,
GATHER STAFF WITNESS STATEMENTS, TO INVESTIGATE THE 10/30/09 INCIDENT AND TO
ASIST IN THE PREPARATION OF HIS DEFENSE FOR THE DR HEARING.

8) THAT YOU PROVIDED THE PLAINTIFF WITH ALL DOCUMENTATION HE REQUESTED TO APPEAL
THE GUILTY FINDING ON 11/17/09.

9) THE PLAINTIFF WAS TOLD BY YOU, "MAYBE YOU OUGHT TO STOP DRAWING CARTOONS OF STAFF"

10) THE PLAINTIFF'S WITNESSES DIDN'T MATTER BECAUSE YOU WAS GOING TO FIND HIM GUILTY
ANYWAY DUE TO STAFF'S WORD OVER INMATES.

CARNELL HUNNICUTT, SR. #229589
NORTHERN C.I. P.O. BOX 665
SOMERS, CT 06071

I HEREBY CERTIFY THAT A COPY OF THE FOLLOWING
WAS MAILED ON OCT. 4, 2010 TO: A.A.G. MATTHEW B.
REDLE AT 110 SHERMAN ST. HARTFORD, CT 06105

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

CARNELL HUNNICUTT, SR.                    CIVIL CASE NO. 3:10 CV 857 (CSH)

TAWANDA KITT, ET AL                       OCTOBER 4, 2010

PLAINTIFF'S FIRST
REQUEST FOR ADMISSIONS

PURSUANT TO RULE 36, Fed. Civ. P., PLAINTIFF REQUESTS THE DEFENDANT KARL KROB TO
MAKE THE FOLLOWING ADMISSIONS WITHIN 30 DAYS AFTER THE SERVICE OF THIS REQUEST.

1. THE PLAINTIFF RECEIVED THROUGH HIS FOODSLOT IN I EAST-120 CELL A COPY OF HIS
REQUEST FROM DEFENDANT KITT FROM YOU ON FEBRUARY 11, 2010, THAT CONTAINED ALLEGED
THREATS.

2. THE PLAINTIFF WAS FACED WITH OUTSIDE CHARGES DUE TO THE SECOND ALLEGED THREATS
DR FROM DEFENDANT KITT THAT PLACED FEAR IN HER CAUSING HER TO CONTACT THE STATE POLICE

3. THE PLAINTIFF AND DEFENDANT KITT WERE IMMEDIATELY PLACED ON SEPARATION STATUS AND
A PROFILE CREATED DUE TO THE FEBRUARY 5, 2010 THREATS DR PLACING FEAR IN SAID DEFEND-
ANT.

4. THAT YOU ALTERED THE PLAINTIFF'S WORDS FROM HIS REQUEST TO DEFENDANT KITT IN
YOUR FEBRUARY 9, 2010, DISCIPLINARY INVESTIGATION REPORT SUMMARY TO FIND HIM
GUILTY DUE TO THE DR BEING BROAD AND VAGUE ON SURFACE.

5. THAT YOU HAVE / HAD CREDIBLE / IMPARTIAL CONSISTENT EVIDENCE THAT THE PLAINTIFF DID
THREATEN DEFENDANT KITT ON 10/30/09 AND 2/5/10.

6. DEFENDANT KITT'S FEBRUARY 5, 2010, DR FOR THREATS SPECIFICALLY STATED THAT THE
PLAINTIFF STANDS AT HIS DOOR WATCHING HER AND THINKS WHERE SHE LIVES PLACED FEAR
IN HER.

7. THAT DEFENDANT KITT'S FEBRUARY 5, 2010, DR STATES THE PLAINTIFF THINKS HE KNOWS
ABOUT HER PERSONAL LIFE PLACING FEAR IN HER WHICH SHE DEEMS A THREAT.

8. THAT YOU PROVIDED THE PLAINTIFF WITH ALL DOCUMENTS AND EVIDENCE TO BE UTILIZED
AGAINST HIM TO ASSIST HIM IN THE PREPARATION OF HIS DEFENSE AS HE REQUESTED.

9. THAT YOU PROVIDED A COPY OF THE REQUEST FOR THE PLAINTIFF TO KEEP IN HIS POSSESSION
THAT WAS UTILIZED TO FIND HIM GUILTY AS HE REQUESTED.

10. THE PLAINTIFF WAS AFFORDED AN UNBIASED ADVOCATE WHO CONDUCTED AN INDEPENDENT
INVESTIGATION, GATHERED EVIDENCE AND ASSISTED WITH HIS DEFENSE PREPARATION FOR
THE 2/5/10 THREATS DR.

11. THAT YOU ARRIVED AT THE PLAINTIFF'S CELL IN 3 WEST WITH DEFENDANT PAFUMI WHO
SIGNED OFF ON THE FEBRUARY 5, 2010 DR FOR THREATS.

12. THAT YOU DID NOT EMBELLISH YOUR FEBRUARY 9/2010 DICIPLINARY INVESTIGATION REPORT TO MAKE THE THREATS OR STICK TO PUNISH THE PLAINTIFF.

13. THE PLAINTIFF WAS MADE AVAILABLE THE REQUEST FORM THAT WAS IN EVIDENCE BY ALLOWING THE PLAINTIFF TO COPY SAID REQUEST ON 2/11/10 BY YOU.

14. THAT YOU SEEK OVERTIME PAY ONCE THIS ACTION PROCEED TO TRIAL.

CARNELL HUNNICUTT, SR. #219589
NORTHERN C.I. P.O. BOX 665
SOMERS, CT 06071

CERTIFICATION

I HEREBY CERTIFY THAT A COPY OF THE FOLLOWING DOCUMENT WAS MAILED ON OCT 4, 2010, TO: A.A.G. MATTHEW B. BEIZER AT 110 SHERMAN ST. HARTFORD, CT 06105

② of ②
KROB

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CARNELL HUNNICUTT, SR.                    CIVIL CASE NO. 3:10 CV 857 (CSH)
        v.                                OCTOBER 4, 2010
TAWANDA KITT, ET AL
                          PLAINTIFF'S FIRST
                  REQUEST FOR ADMISSIONS

PURSUANT TO RULE 36, FED.CIV.P., PLAINTIFF REQUESTS THE DEFENDANT SCOTT PETERSON TO MAKE THE FOLLOWING ADMISSIONS WITHIN 30 DAYS AFTER THE SERVICE OF THIS REQUEST.

1. ON FEBRUARY 5, 2010 YOU WERE NOTIFIED THE PLAINTIFF CHOSE YOU AS HIS ADVOCATE FOR A THREATS DR ISSUED BY DEFENDANT KITT.

2. THAT YOU MET WITH THE PLAINTIFF ON FEBRUARY 8, 2010, IEAST UNIT - CELL 120.

3. THE PLAINTIFF WAS GIVEN A COPY OF THE REQUEST THAT ALLEGEDLY CONTAINED THREATS HE WROTE TO DEFENDANT KITT ON FEBRUARY 8, 2010, FROM YOU.

4. THAT YOU HAD READ THE REQUEST PRIOR TO MEETING THE PLAINTIFF ON FEB. 8, 2010 AND CONCLUDED THE REQUEST CONTAINED NO THREATS.

5. THAT YOU CONDUCTED AN INDEPENDENT INVESTIGATION PERTAINING TO THE FEB. 5, 2010 THREATS DR.

6. THAT YOU GATHERED ALL DOCUMENTATION/EVIDENCE AND PHYSICAL EVIDENCE SUBMITTED TO BEE USED AGAINST THE PLAINTIFF TO ASSIST IN THE PREPARATION OF HIS DEFENSE FOR THE FEB. 5 2010 THREATS DR.

7. THAT YOU FOLLOWED DOC POLICY A.D. 9.5 CODE OF PENAL DISCIPLINE - TO ENSURE THAT AN IMPARTIAL HEARING FOR THE PLAINTIFF FOR THE FEB. 5, 2010 THREATS DR.

8. THAT YOU MADE A REPORT OF YOUR INVESTIGATION PERTAINING TO THE FEB. 5, 2010 THREATS DR ISSUED BY DEFENDANT KITT AS REQUESTED BY THE PLAINTIFF.

9. THAT YOU WERE AT THE DR HEARING TO REBUT EVIDENCE FOR THE PLAINTIFF ON FEB. 17, 2010.

10. THAT YOU FELT THE REQUEST CONTAINED THREATS TO DEFENDANT KITT AND DECIDED NOT TO ASSIST THE PLAINTIFF AT ALL.

CARNELL HUNNICUTT, SR. #129589
NORTHERN C.I. P.O. BOX 665
SOMERS, CT 06071

                    CERTIFICATION
    I HEREBY CERTIFY THAT A COPY OF THE FOLLOWING DOCUMENT WAS MAILED ON OCT 4, 2010, TO: A.A.G. MATTHEW B. BEIZER AT 110 SHERMAN STREET HARTFORD, CT 06105

DISTRICT OF CONNECTICUT

CARNELL HUNNICUTT, SR.                    CIVIL CASE NO. 3:10 CV 857 (CSH)
TAWANDA KITT, ET AL                              OCTOBER 4, 2010
                            PLAINTIFF'S FIRST
                       REQUEST FOR ADMISSIONS

PURSUANT TO RULE 36, Fed. Civ. P., PLAINTIFF REQUESTS THE DEFENDANT Michael LaJoie
TO MAKE THE FOLLOWING ADMISSIONS WITHIN 30 DAYS AFTER THE SERVICE OF THIS REQUEST.

1. THAT YOU WERE AWARE OF THE ONGOING PROBLEMS WITH DEFENDANT KITT AND THE PLAINTIFF
   THROUGH GRIEVANCES, OR APPEALS AND LETTERS SUBMITTED BY SAID PLAINTIFF.

2. THAT YOU HAVE ORDERED AN INVESTIGATION INTO THE SITUATION BETWEEN THE
   PLAINTIFF AND DEFENDANT KITT.

3. THAT YOU STATED NO SERIOUS DUE PROCESS FAILURE OCCURRED IN THE GUILTY FINDING OF THE
   PLAINTIFF FOR NCI 0911004 DATED 10/30/09 "THREATS" OR WHICH THE PLAINTIFF'S ADVOCATE REFUSED
   TO FOLLOW POLICY, FAILED TO ASSIST THE PLAINTIFF, FAILED TO GATHER STAFF WITNESSES STATEMENTS AND
   FAILED TO GATHER EVIDENCE.

4. THAT YOU STATED CONCERNING NCI 0911004 DATED 10/20/09 "THREATS" OR — "... I FIND
   NO REASON TO MODIFY THE HEARING OFFICER'S DECISION.." ALTHOUGH YOU WERE MADE AWARE
   THAT WITNESSES WERE NOT CONTACTED. DEFENDANT KITT HAD NO WITNESSES/NO EVIDENCE AND THE
   PLAINTIFF'S ADVOCATE REFUSED TO ASSIST HIM PREPARE A DEFENSE, GATHER EVIDENCE NOR INVESTIGATE.

5. THAT YOU NORMALLY RUBBERSTAMP INMATES GRIEVANCES AND OR APPEALS DENIED IN
   FAVOR OF DOC STAFF WITHOUT INVESTIGATING INCIDENTS.

6. THE PLAINTIFF REQUESTED DOCUMENTATION SUBMITTED TO YOU FROM DEFENDANT COMIER PERTAINING
   TO NCI 0911004 "THREATS" OR THAT YOU COSIGNED THE GUILTY FINDING.

7. THAT YOU FORWARDED THE REQUESTED DOCUMENTATION/EVIDENCE PERTAINING TO NCI 0911004 TO
   THE PLAINTIFF AS HE REQUESTED.

8. THAT YOU HAD THE EXACT SAME RATIONALE IN THE SECOND "THREATS" DR NCI 002033
   AS IN #4 ADMISSION ABOVE CONCERNING DEFENDANT KITT'S CONTINUED RETALIATORY ACTIONS
   WHILE DENYING THE PLAINTIFF'S APPEAL.

9. THAT YOU BASICALLY JUST AGREED WITH EVERYTHING DEFENDANT QUIROS DENIED IN THE GRIEVANCES
   FILED ON DEFENDANT KITT WITHOUT ANY INQUIRIES OR INVESTIGATIONS INITIATED INDEPENDENTLY—
   CONCERNING THE PLAINTIFF'S GRIEVANCES.

(1 OF (2))

10. THAT YOU ORDERED DEFENDANTS QUIROS, KITT AND PAFUMI TO REPLACE THE PLAINTIFF'S PROPERTY THAT WAS DESTROYED IN THEIR POSSESSION.

11. THAT YOU ORDERED A SEPARATION STATUS BETWEEN DEFENDANT KITT AND THE PLAINTIFF AS HE REQUESTED TO STOP SAID DEFENDANT'S RETALIATION / HARASSMENT.

12. THAT YOU TURNED A BLIND EYE TO THE PLAINTIFF IN FAVOR OF DEFENDANT KITT'S RETALI-ATION, HARASSMENT, FALSE DR'S AND DESTRUCTION OF HIS PROPERTY.

13. THAT YOU KNEW THE PLAINTIFF HAD A LIBERTY INTEREST AT STAKE SO YOU HELD HIM TO A PREPONDERENCE OF EVIDENCE STANDARD INSTEAD OF THE SOME EVIDENCE STANDARD.

CARNELL HUNNICUTT. SR.
#229589
NORTHERN C.I. P.O. BOX 665
SOMERS, CT 06071

CERTIFICATION

I HEREBY CERTIFY A COPY OF THE FOLLOWING DOCUMENT WAS MAILED ON OCT. 4, 2010, TO: A.A.G. MATTHEW B. BEIZER AT 110 SHERMAN ST. HARTFORD, CT 06105



DOF2
LAJOIE



STATE OF CONNECTICUT
OFFICE OF THE ATTORNEY GENERAL
MATTHEW B. BEIZER - A.A.G.
110 SHERMAN STREET
HARTFORD, CT 06105

NOVEMBER 5, 2010

DEAR MR. BEIZER,

RE: HUNNICUTT v. KITT, et al 3:10 CV 857 (CSH

ON OCTOBER 4, 2010 I SENT YOU A COPY OF REQUEST FOR PRODUCTION OF DOCUMENTS AND FIRST REQUEST FOR ADMISSIONS FOR DEFENDANTS: ① TAWANDA KITT ② LT. PAFUMI ③ DENNIS MARINELLI ④ ANGEL QUIROS ⑤ STEPHEN FAUCHER ⑥ KIM WEIR ⑦ LT. SIWICKI ⑧ LAUREN POWERS ⑨ JASON CAHILL ⑩ DARRYL LITTLE ⑪ CO WILSON ⑫ KIM DiCIOCCIO ⑬ LT. COMIER ⑭ KARL KROB ⑮ SCOTT PETERSON AN ⑯ MICHAEL LAJOIE. TO DATE I HAVE NOT RECEIVED SAID ADMISSIONS NOR DOCUMENTS REQUESTED. I'M WRITING IN A GOOD FAITH EFFORT TO RESOLVE THIS MATTER BEFORE FILING A MOTION TO COMPEL. I WILL WAIT UNTIL NOVEMBER 23, 2010, AND IF RECEIVE NO RESPONSE OR NO DISCOVERY, I WILL SEEK ASSISTANCE FROM THE COURT.

SINCERELY,

CARNELL HUNNICUTT, SR. #229589
NORTHERN C.I. P.O. BOX 665
SOMERS, CT 06071

CC: HUNNICUTT



EXHIBIT 3

**Orders on Motions**
3:07-cv-01628-CSH Hunnicutt v. Dinguis et al
PROSE, SA

## U.S. District Court

### United States District Court for the District of Connecticut

**Notice of Electronic Filing**

The following transaction was entered on 6/1/2009 at 12:06 PM EDT and filed on 6/1/2009
**Case Name:**          Hunnicutt v. Dinguis et al
**Case Number:**        3:07-cv-1628
**Filer:**
**Document Number:** 64

**Docket Text:**
**ORDER: Plaintiff's Motion to Enforce Sanctions [57] is DENIED without prejudice.
Plaintiff's Motion to Enforce [63] is DENIED without prejudice to the extent that it seeks
sanctions against defendants. However, defense counsel is directed to file a Notice of
Compliance no later than June 12, 2009, indicating the date on which the responses to
the October 28, 2008 Request for Production were mailed to plaintiff and attaching a copy
of the responses. If defense counsel did not serve the responses to the request for
production on or before February 6, 2009 and is unable to demonstrate good cause for
failing to timely respond the discovery request, the Court will consider imposing
sanctions. Plaintiff's Motion to Enforce [63] is GRANTED to the extent that it seeks an
order compelling defendants Friedman and Telgarsky to respond to the interrogatories
served on them. Friedman and Telgarsky must respond to the interrogatories by July 31,
2009. Signed by Judge Charles S. Haight, Jr. on June 1, 2009. (Kerr, S.)**


**3:07-cv-1628 Notice has been electronically mailed to:**

Terrence M. O'Neill terrence.oneill@po.state.ct.us

Matthew F. Fitzsimmons Matthew.Fitzsimmons@po.state.ct.us

**3:07-cv-1628 Notice has been delivered by other means to:**

Carnell Hunnicutt
#229589
NORTHERN CORRECTIONAL INSTITUTION

**Other Orders/Judgments**

3:07-cv-01628-CSH Hunnicutt v. Dinguis et al

PROSE, SA


EXHIBIT 3

### U.S. District Court

### United States District Court for the District of Connecticut

**Notice of Electronic Filing**

The following transaction was entered on 6/16/2009 at 3:29 PM EDT and filed on 6/16/2009

**Case Name:**       Hunnicutt v. Dinguis et al

**Case Number:**    3:07-cv-1628

**Filer:**

**Document Number:** 65

AG. DID NOT FILE 7/8/09 1:12 P.M.

**Docket Text:**

**ORDER: Counsel for the defendants are ORDERED to file a Notice of Compliance with the Court stating the date on which the response to plaintiff's October 2008 Request for Production was mailed to plaintiff and attaching a copy of the response. The Notice of Compliance, or a showing of good cause for defendants' failure to respond to plaintiff's discovery request by February 6, 2009, must be filed with the Court not later than July 7, 2009, failing which the Court will enter an order of default as to liability and refer the case to a magistrate judge for a determination of damages. Signed by Judge Charles S. Haight, Jr. on June 16, 2009. (Kerr, S.)**

**3:07-cv-1628 Notice has been electronically mailed to:**

Terrence M. O'Neill terrence.oneill@po.state.ct.us

Matthew F. Fitzsimmons Matthew.Fitzsimmons@po.state.ct.us

**3:07-cv-1628 Notice has been delivered by other means to:**

Carnell Hunnicutt
#229589
NORTHERN CORRECTIONAL INSTITUTION
287 Bilton Road
P.O. Box 665
Somers, CT 06071

The following document(s) are associated with this transaction:

**Document description:** Main Document

EXHIBIT 3

**Other Orders/Judgments**
<u>3:07-cv-01628-CSH Hunnicutt v. Dinguis et al</u>
PROSE, SA

HAIGHT

CANCELLED  Took over NO DATE

## U.S. District Court

## United States District Court for the District of Connecticut

**Notice of Electronic Filing**

The following transaction was entered on 7/10/2009 at 4:12 PM EDT and filed on 7/10/2009
**Case Name:**       Hunnicutt v. Dinguis et al
**Case Number:**     <u>3:07-cv-1628</u>
**Filer:**
**Document Number:** <u>66</u>

**Docket Text:**
**ORDER: Counsel for the defendants having again failed to comply with an order of this
Court to file a Notice of Compliance, the Clerk is directed to enter a judgment of default in
favor of plaintiff and against all defendants as to liability only. This case is respectfully
referred to United States Magistrate Judge Joan G. Margolis for a hearing, and Report and
Recommendation on damages. Signed by Judge Charles S. Haight, Jr. on July 10, 2009.
(Kerr, S.)**


**3:07-cv-1628 Notice has been electronically mailed to:**

Terrence M. O'Neill terrence.oneill@po.state.ct.us

Matthew F. Fitzsimmons Matthew.Fitzsimmons@po.state.ct.us

**3:07-cv-1628 Notice has been delivered by other means to:**

Carnell Hunnicutt
#229589
NORTHERN CORRECTIONAL INSTITUTION
287 Bilton Road
P.O. Box 665
Somers, CT 06071

The following document(s) are associated with this transaction:

**Document description:** Main Document



**Orders on Motions**

3:07-cv-01628-CSH Hunnicutt v. Dinguis et al

JGM, PROSE, REFMC, SA

**U.S. District Court**

**United States District Court for the District of Connecticut**

**Notice of Electronic Filing**

The following transaction was entered on 9/30/2009 at 1:30 PM EDT and filed on 9/30/2009

**Case Name:**     Hunnicutt v. Dinguis et al
**Case Number:**    3:07-cv-1628
**Filer:**
**Document Number:** 79

**Docket Text:**
**ORDER granting [76] Motion to Set Aside Default. [See attached ruling.] Plaintiff's request that counsel for Defendants be sanctioned [Doc. 77 at p. 2] is DENIED. The hearing regarding damages, which was scheduled to take place before Magistrate Judge Joan G. Margolis on October 7, 2009, is canceled. Defendants are ordered to file a Notice of Compliance on or before October 30, 2009 certifying that Plaintiff has been provided with all the discovery ordered by the Court, failing which the Court will reimpose default judgment. Signed by Judge Charles S. Haight, Jr. on September 30, 2009. (Lacedonia, J.)**

*← FILE NOTICE ON DUE DATE*

**3:07-cv-1628 Notice has been electronically mailed to:**

Terrence M. O'Neill terrence.oneill@po.state.ct.us

*10/30/09*

*✱ NO DISCOVERY WAS PRODUCED DESPITE THREE TIMES THE COURT ALLOWED DEFENDANT TO PRODUCE DISCOVERY!!*

**3:07-cv-1628 Notice has been delivered by other means to:**

Carnell Hunnicutt
#229589
NORTHERN CORRECTIONAL INSTITUTION
287 Bilton Road
P.O. Box 665
Somers, CT 06071

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a

**Other Orders/Judgments**



3:07-cv-01628-CSH Hunnicutt v. Dinguis et al
JGM, PROSE, REFMC, SA

## U.S. District Court

### United States District Court for the District of Connecticut

**Notice of Electronic Filing**

The following transaction was entered on 3/4/2010 at 12:46 PM EST and filed on 3/4/2010
| | |
|---|---|
| **Case Name:** | Hunnicutt v. Dinguis et al |
| **Case Number:** | 3:07-cv-01628-CSH |
| **Filer:** | |
| **Document Number:** | 85 |

**Docket Text:**
**ORDER TO RESPOND: Defendants are hereby ordered to file responses to Plaintiff's pending motions on or before March 24, 2010. See attached order for detailed instructions as to the required contents of those responses, and the consequences of failure to comply. Signed by Judge Charles S. Haight, Jr. on March 4, 2010. (Lacedonia, J.)**

**3:07-cv-01628-CSH Notice has been electronically mailed to:**

Terrence M. O'Neill terrence.oneill@po.state.ct.us

**3:07-cv-01628-CSH Notice has been delivered by other means to:**

Carnell Hunnicutt
#229589
NORTHERN CORRECTIONAL INSTITUTION
287 Bilton Road
P.O. Box 665
Somers, CT 06071

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1034868047 [Date=3/4/2010] [FileNumber=2233159-0]
[bd2c5f954ba057aad973406269c8c4bb1d7fb13283f3534d675b4d6f385d50c7a4b0
53c470f1fe61b43d69844616bcf7b64b417d5fdba330775e239c044c309b]]

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CARNELL HUNNICUTT, SR.
                    v.
TAWANDA KITT, et al

CIVIL CASE NO. 3:10 CV 857 (CSH)

DECEMBER 6, 2010

## BRIEF IN SUPPORT OF MOTION TO COMPEL DISCOVERY

THIS IS A §1983 ACTION FILED BY A PRISONER AT NORTHERN CORRECTIONAL INSTITUTION SEEKING DAMAGES, A DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF BASED ON THE RETALIATION, THE DENIAL OF PROCEDURAL DUE PROCESS AND THE ADVERSE ARBITRARY PUNISHMENT INFLICTED FOR EXERCISING CONSTITUTIONAL RIGHTS.

### STATEMENT OF FACTS

ON OCTOBER 4, 2010, THE PLAINTIFF SERVED A FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND ADMISSIONS PURSUANT TO RULE 34 AND 36, FED. R. CIV. P. AS SET FORTH IN THE PLAINTIFF'S DECLARATION, THE DEFENDANTS FAILED TO RESPOND WITHIN 30 DAYS, AND DID NOT MAKE ANY EFFORT TO OBTAIN AN EXTENSION OF TIME FROM THE COURT OR BY CONTACTING THE PLAINTIFF. AFTER A MONTH, THE PLAINTIFF REQUESTED A RESPONSE. TO DATE, DEFENDANTS' COUNSEL HAS NOT RESPONDED TO THE PLAINTIFF'S DISCOVERY OR LETTER TO RESOLVE THIS MATTER. SEE PLAINTIFF'S DECLARATION AT 4-6.

### ARGUMENT - POINT I

## DEFENDANTS HAVE FAILED TO RESPOND TIMELY TO THE REQUEST

THE RULES PROVIDE THAT RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION OF DOCUMENTS AND ADMISSIONS ARE TO BE SERVED WITHIN 30 DAYS OF THE REQUESTS UNLESS THE COURT GRANTS A SHORTER OR LONGER TIME. RULE 34 AND 36, FED. R. CIV. P., THE DEFENDANTS, HOWEVER, CHOOSE TO IGNORE THE PLAINTIFF DISCOVERY REQUESTS, IGNORED THE NOVEMBER 5, 2010, LETTER SENT BY THE PLAINTIFF TO RESOLVE OVERDUE DISCOVERY, FAILED TO REQUEST AN EXTENSION OF TIME WITH THE COURT AND FAILED TO ANSWER THE COMPLAINT.

IT IS WELL ESTABLISHED IN FEDERAL PRACTICE THAT DISCOVERY PROCESS IS INTENDED TO WORK WITHOUT THE NEED OF COURT INTERVENTION. HOWEVER, IF A PARTY HAS REFUSED TO COMPLY WITH DISCOVERY REQUESTS, OR HAS FAILED TO DISCLOSE INFORMATION REQUIRED BY RULES, RULE 26(a), FED. R. CIV. P. THE OPPOSING PARTY MAY FILE A MOTION PURSUANT TO RULE 37(a)(2), FED. R. CIV. P., FOR AN ORDER COMPELLING DISCOVERY. THIS COMMON OCCURRENCE IS ROUTINE OF DEFENDANTS TO IGNORE, DENY AND WITHHOLD DISCOVERY FROM PRO SE PRISONERS DUE TO THE FACT DEFENDANTS AND THEIR COUNSEL ARE FULLY AWARE THE COURTS WILL NOT ENFORCE RULES, WILL NOT SANCTION THEM AND ALLOW THEM TO REPEATEDLY DEFY COURT ORDERS. SEE HUNNICUTT V. DINGWN, et al 3:07CV1628 (CSH) (SEE DOCUMENTS NO. 64, 65, 66, 79 AND 85) AGAIN, THE PATTERN CONTINUES IN THIS CIVIL ACTION.

### POINT II

## DEFENDANTS HAVE WAIVED ANY OBJECTIONS BY THEIR FAILURE TO RESPOND TIMELY TO THE REQUEST

DEFENDANTS' CANNOT USE OBJECTIONS TO STATE THE DOCUMENTS REQUESTED BY THE PLAINTIFF ARE IRRELEVANT TO THE ACTION AND THAT THE INFORMATION SOUGHT IS PRIVILEGED, OR IT WOULD BE EMBARRASSING, OPPRESSIVE, OR UNDULY BURDENSOME OR EXPENSIVE TO PRODUCE IT — FOR AN PROTECTIVE ORDER. DEFENDANTS FAILED TO ANSWER DISCOVERY REQUESTS WITHIN THE TIME LIMITS SET BY THE RULES OR REQUEST EXTENSIONS FROM THE COURT. ANY OBJECTIONS ARE WAIVED DUE TO THEIR FAILURE TO MAKE THEM IN A TIMELY FASHION/FAILURE TO RESPOND TO DISCOVERY. MORIN V. NATIONWIDE FEDERAL CREDIT UNION, 229 F.R.D. 364.368-D. CONN. 2005); SAFECO INS. CO. OF AMERICA V. RAWSTROM, 183 F.R.D. 668, 670-73 (C.D.CAL. 1998) (EVEN IF SOME OBJECTIONS ARE MADE TIMELY, OTHER MADE LATE ARE WAIVED); GODSEY V. U.S., 133 F.R.D. 111, 113 (S.D. MISS. 1990); DEMARY V. YAMAHA-MOTOR CORP., 125 F.R.D. 20, 22 (D. MASS 1989) AND CASES CITED. THIS WAIVER IS ENFORCED EVEN IF THE OBJECTIONS ARE BASED ON A CLAIM OF PRIVILEGE. MARX V. KELLY, HART & HALMAN, P.C., 929 F.2d 8, 12 (1ST CIR. 1991); FONVILLE V. DISTRICT OF COLUMBIA, 230 F.R.D. 38, 42-43 (D.D.C. 2005); FRETZ V. KELTNER, 109 F.R.D. 303, 309 (D. KAN. 1986) AND CASES CITED. THE NON COMPLYING PARTY IS EXCUSED FROM THE WAIVER ONLY IF THE DISCOVERY IS "PATENTLY IMPROPER," GODSEY V. UNITED STATES, 133 F.R.D. AT 113, OR IF IT "FAR EXCEEDS THE BOUNDS OF FAIR DISCOVERY," KREWSON V. CITY OF QUINCY, 120 F.R.D. 6, 7 (D. MASS 1988); ACCORD, U.S. EX REL. BURROUGHS V. DENARDI CORP., 167 F.R.D. 680, 687 (S.D.CAL. 1996).    AS SHOWN IN THE NEXT POINT, THE DISCOVERY SOUGHT IS NOT ONLY PROPER BUT IS HIGHLY APPROPRIATE AND RELEVANT.

## POINT III

### THE DISCOVERY SOUGHT IS RELEVANT TO THE CLAIMS AND DEFENSES IN THIS CASE

PLAINTIFF REQUEST FOR DOCUMENTS ARE RELEVANT TO THE ACTION AND WILL SHOW A PATTERN BY THE DEFENDANTS WHO ROUTINELY ABUSE PRISONERS.     RULE 26(b)(1), FED. R. CIV. P., PERMITS DISCOVERY OF "ANY NONPRIVILEGED MATTER THAT IS RELEVANT TO ANY PARTY'S CLAIM OR DEFENSE.   ... RELEVANT INFORMATION NEED NOT BE ADMISSIBLE AT THE TRIAL IF THE DISCOVERY APPEARS REASONABLY CALCULATED TO LEAD TO THE DISCOVERY OF ADMISSIBLE EVIDENCE." EACH ITEM SOUGHT BY THE PLAINTIFF IS RELEVANT TO THE CLAIMS AND DEFENSES IN THE CASE, AS EXPLAINED BELOW.

(A) DEFENDANTS PERSONNEL RECORDS, EMPLOYMENT APPLICATION FORMS, PERFORMANCE EVALUATIONS. DISCIPLINARY RECORDS, DISCIPLINARY INFRACTIONS, GRIEVANCES, LAWSUITS, INVESTIGATIONS, AND RECORDS OF MISCONDUCT/MALFEASANCE.

NO DOUBT THE DEFENDANTS WILL OBJECT TO PRODUCING PERSONNEL RECORDS IN ANY GENERAL WAY. SINCE THEY HAVE NOT TO DATE, IT'S SAFE TO ASSUME IT WON'T BE A PROBLEM. THE PLAINTIFF DOES NOT [EMPHASIS ADDED] SEEK DEFENDANTS DATES OF BIRTH, SOCIAL SECURITY NUMBERS, ADDRESSES OR MEDICAL INFORMATION THAT MIGHT ENDANGER THEIR SAFETY, BUT SEEKS INFORMATION ABOUT THE PRIOR RECORDS THAT ARE RELEVANT TO THEIR CREDIBILITY AND OTHER ISSUES. See e.g RAMIREZ V. COUNTY OF LOS ANGELES, 231 F.R.D. 407, 411-12 (C.D.CAL. 2005) (REQUIRING PRODUCTION OF DISCIPLINE AND PERSONNEL COMPLAINTS

AGAINST DEFENDANT OFFICER); MARTINEZ V. CORNELL CORRECTIONS OF TEXAS, 229 F.R.D. 211, 212-13 (D.N.M. 2005) (REQUIRING PRODUCTION OF INFORMATION ABOUT OFFICER'S PRIOR MISCONDUCT); SCAIFE V. BOENNE, 191 F.R.D. 590, 595-96 (N.D. IND. 2000) (PLAINTIFF WAS ENTITLED TO DISCOVER INFORMATION ABOUT PREVIOUS COMPLAINTS ABOUT AGAINST POLICE OFFICERS, SINCE PAST CONDUCT IS RELEVANT TO PUNITIVE DAMAGES: THE FACT THAT THESE WERE NOT "PUBLIC RECORDS" UNDER STATE LAW DID NOT PROTECT THEM FROM FEDERAL DISCOVERY); COX V. MCCLELLAN, 174 F.R.D. 32, 34 (W.D.N.Y. 1997) (PRIOR CIVILIAN COMPLAINTS MADE AGAINST THE DEFENDANTS AND INCIDENTS OF EXCESSIVE FORCE BY INDIVID- IAL DEFENDANTS ARE CLEARLY DISCOVERABLE IN §1983 ACTIONS, EVIDENCE THAT SUPERVISORS KNEW ABOUT PRIOR ASSAULTS MAY BE RELEVANT TO CLAIMS AGAINST THE SUPERVISORS, RECORD OF A PRIOR ASSAULT ARREST IS DISCOVERABLE); BRANDON V. BEARD, 140 F.R.D. 328, 329 (M.D. PA 1991) (DIRECTING PRODUCTION OF PORTIONS OF PERSONNEL RECORDS).

THE INFORMATION SOUGHT BY THE PLAINTIFF IS HIGHLY RELEVANT. THE PLAINTIFF HAS ALLEGED THAT REPEATED COMPLAINTS ABOUT MISCONDUCT / MISTREATMENT OF PRISONERS HAVE BEEN MADE ABOUT THE DEFENDANTS, AND NOTHING HAS BEEN DONE ABOUT THEM. EVIDENCE TO THAT FACT WOULD BE HIGHLY RELEVANT TO THE CLAIM OF SUPERVISORY LIABILITY AGAINST DEFENDANTS QUIROS, WEIR, FAUCHER, POWERS AND LITTLE, SET OUT IN PARA- 139, 141, 142, 144, 146 AND 149 OF THE COMPLAINT. SEE BECK V. CITY OF PITTSBURGH, 89 F.3d 966, 973-74 (3d CIR. 1996) (CITING PARRISH V. LUCKIE, 963 F.2d 201, 205-06 (8TH CIR. 1992); FOLEY V. CITY OF LOWELL MASS., 948 F.2d 10, 14-16 (1ST CIR. 1991).   THIS EVIDENCE MAY ALSO SUPPORT THE CLAIM AGAINST THE OFFICERS THEMSELVES. RULE 404 (b), FED. R. EVID., PROVIDES, "EVIDENCE OF OTHER CRIMES, WRONGS, ACTS IS NOT ADMISSIBLE TO PROVE THE CHARACTER OF A PERSON IN ORDER TO SHOW THAT HE ACTED IN CONFORMITY THEREWITH. IT MAY, HOWEVER, BE ADMISSIBLE FOR OTHER PURPOSES, SUCH AS PROOF OF MOTIVE, OPPORTUNITY, INTENT, PRE- PARATION, PLAN, KNOWLEDGE IDENTITY, OR ABSENCE OF MISTAKE OR ACCIDENT." SEE BARNES V. CITY OF CINCINNATI, 401 F.3d 729, 741-42 (6TH CIR. 2005) ("INTENT" TO DISCRIMINATE); HENO V. SPRINT/UNITED MGMT. CO., 208 F.3d 847, 856 (10TH CIR. 2000) (ANECDOTAL EVIDENCE OF DISCRIMINATION ADMISSIBLE IF INCIDENT CAN BE TIED TO PLAINTIFF'S CIRCUM- STANCES THROUGH, FOR EXAMPLE, COMMON SUPERVISORS AND SAME TIME FRAME); HYNES V. COUGHLIN, 79 F.3d 285, 290-91 (2d. CIR. 1996); GUITIERREZ-RODRIGUEZ V. CARTAGENA, 882 F.3d 553, 572 (1ST CIR. 1989) (EVIDENCE OF 13 PRIOR INCIDENTS OF MISBEHAVIOR BY OFFICER ADMISSIBLE AGAINST SUPERVISOR TO SHOW KNOWLEDGE). FOR THESE REASONS THE MATERIAL SOUGHT IS RELEVANT AND SHOULD BE PRODUCED.

<u>CONCLUSION</u>

FOR THE FOREGOING REASONS, THE COURT SHOULD GRANT PLAINTIFF'S MOTION TO COMPEL DISCOVERY.

DECEMBER 6, 2010

CARNELL HUNNICUTT, JR.
#229589
NORTHERN C.I. P.O. BOX 665
SOMERS, CT 06071

CERTIFICATION
I HEREBY CERTIFY A COPY OF THIS DOCUMENT WAS MAILED ON DEC. 6, 2010 TO: A.A.G. MATTHEW B. BEIZER AT 110 HOLMAN ST. HARTFORD, CT 06105