UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CARNELL HUNNICUTT, SR.,  :
    Plaintiff,  :
  :
v.  :    CASE NO. 3:10-cv-857 (CSH)
  :
TAWANDA KITT, et al.,  :
    Defendants.  :

**RULING ON PENDING MOTIONS**

Plaintiff Carnell Hunnicutt, Sr., incarcerated and *pro se*, has filed motions for reconsideration, to compel and for issuance of a subpoena duces tecum.

I.    Motion for Reconsideration [Doc. #19]

Plaintiff first seeks reconsideration of the Court's order declining to refer this case at this time to a Magistrate Judge. Reconsideration will be granted only if the moving party can identify controlling decisions or data that the court overlooked and that would reasonably be expected to alter the court's decision. *See Schrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration may not be used to relitigate an issue the court already has decided. *See SPGGC, Inc. v. Blumenthal*, 408 F. Supp. 2d 87, 91 (D. Conn. 2006), *aff'd in part and vacated in part on other grounds*, 505 F.3d 183 (2d Cir. 2007). Plaintiff has not pointed to any facts or law overlooked by the Court. Accordingly, his request for reconsideration is denied.

In the prior order, the Court explained that it has discretion whether to refer a case to a Magistrate Judge and determined that a referral was not required at the time. Plaintiff argues that he is dissatisfied with rulings made by the undersigned in another case. The Court considers the Plaintiff's arguments as a request for recusal.

A judge must recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test employed to determine whether recusal is required is an objective one. *See In re Basciano*, 542 F.3d 950, 956 (2d Cir. 2008), *cert. denied*, 129 S. Ct. 1401 (2009). The judge must recuse herself if circumstances exist which constitute an objectively reasonable basis upon which to question the judge's impartiality, i.e., if circumstances show "a deep-seated favoritism or antagonism that would make fair judgment almost impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). "[J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion" and "can only in the rarest circumstances evidence the degree of favoritism or antagonism required." *Id.*

Plaintiff's motion is based on judicial rulings. He has not demonstrated favoritism or antagonism that would render a fair judgment almost impossible. Thus, to the extent that the motion for reconsideration may be construed as a request for recusal, the motion is denied.

II.     Motion to Compel [Doc. #20]

Plaintiff moves to compel responses to discovery requests dated October 4, 2010. In opposition, defendants' counsel has provided an affidavit stating that he first received these requests on December 13, 2010 as exhibits to the motion to compel. Defendants seek an extension of time, until January 13, 2011, to respond to the discovery requests.

The requested response date has passed and the defendants did not seek any further extension of time to respond to the discovery requests. The Court assumes that the defendants have responded to the October 2010 discovery requests. Accordingly, the motion to compel is denied as moot. If defendants have not responded, the plaintiff may again move to compel.

III.    Motion for Issuance of Subpoena Duces Tecum [Doc. #26]

Finally, plaintiff asks the Court to issue a subpoena duces tecum requiring defendant

Saylor to produce video recordings of the confiscation of property from plaintiff's cell. The proper manner to obtain a subpoena is to request a blank subpoena form from the Clerk, complete the form and return it to the Court to be issued. Plaintiff then is responsible for service of the subpoena. Although plaintiff is proceeding *in forma pauperis*, that status does not require the Court to pay discovery-related expenses. *See Tajeddini v. Gluch*, 942 F. Supp. 772, 782 (D. Conn. 1996); *see also Badman v. Stark*, 139 F.R.D. 601, 604 (M.D. Pa. 1991) (denying indigent litigant's request for issuance of subpoena duces tecum where litigant failed to indicate how he would pay for service and witness fees).

Plaintiffs' motion to have the Court issue a subpoena duces tecum is denied without prejudice. Plaintiff may obtain a subpoena by following the procedure set forth above. If the referenced video recording still exists, defendants are requested to ensure that the video recordings are not destroyed during the pendency of this matter.

IV. Conclusion

Plaintiff's motion for reconsideration [**Doc. #19**] is **DENIED**. Plaintiff's motion to compel [**Doc. #20**] is **DENIED** as moot. Plaintiff's motion for issuance of subpoena [**Doc. #26**] is **DENIED**.

The Clerk is directed to send plaintiff a blank subpoena form with this order. Plaintiff may complete the form and return it to the Clerk to be issued and returned to him. Plaintiff then will be responsible for service of the subpoena.

**SO ORDERED** at New Haven, Connecticut this 31st day of January 2011.

                                        */s/ Charles S. Haight, Jr.*
                                        Charles S. Haight, Jr.
                                        Senior United States District Judge