UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CARNELL HUNNICUTT, SR.
v.
TAWANDA KITT, ET AL

CIVIL CASE NO. 3:10 CV 857 (CSH)

MARCH 7, 2011

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY

THE PLAINTIFF MOVES PURSUANT TO RULE 33(3), 34(2), 36(3) AND 37(a), Fed.R. Civ.P., FOR AN ORDER COMPELLING THE DEFENDANTS AND THEIR COUNSEL TO PRODUCE THE FOLLOWING:

(a) PLAINTIFF'S REQUEST FOR FIRST SET OF ADMISSIONS FOR DEFENDANTS SAYLOR, SHARP, MUMIN AND TOURANGEAU AS WELL AS THE FIRST SET OF INTERROGATORIES FOR ALL OF THE DEFENDANTS NAMED IN THIS ACTION SUBMITTED ON DECEMBER 6, 2010.

(b) PLAINTIFF'S REQUEST FOR FIRST AND SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS SUBMITTED ON OCTOBER 4, 2010 AND DECEMBER 9, 2010.

(c) PLAINTIFF'S REQUEST FOR SECOND SET OF ADMISSIONS AND INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS SUBMITTED JANUARY 5, 2011.

PLAINTIFF RESPECTFULLY REQUEST THAT THIS COURT SANCTION DEFENDANTS AND THEIR COUNSEL FOR FAILING TO PROVIDE DISCOVERY AS REQUESTED TO STOP DELIBERATE STALL TACTICS IN THIS ACTION.

CARNELL HUNNICUTT, SR.
#229589
NORTHERN C.I. P.O. BOX 665
SOMERS, CF 06071

## CERTIFICATION

I HEREBY CERTIFY THAT A COPY OF THE FOLLOWING WAS MAILED ON MARCH 7, 2011, To: A.A.G. MATTHEW B. BEIZER AT 110 SHERMAN ST. HARTFORD, CT 06105

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CARNELL HUNNICUTT, SR.
                        V.
TAWANDA KITT, ET AL

CASE NO. 3:10CV857 (CSH)

MARCH 7, 2011

DECLARATION IN SUPPORT OF MOTION TO COMPEL

CARNELL HUNNICUTT, SENIOR, DECLARES UNDER PENALTY OF PERJURY:

1) I AM THE PLAINTIFF IN THIS CASE. I MAKE THIS AFFIDAVIT IN SUPPORT OF MY MOTION TO COMPEL DISCOVERY.

2) ON OCTOBER 4, 2010 AND OCTOBER 21, 2010, I ATTEMPTED TO GATHER DEFENDANTS KITT, QUIROS, MARINELLI AND PAFUMI PERSONNEL RECORDS TO SHOW A PATTERN OF MISCONDUCT, ABUSE/MALFEASANCE THROUGH DISCIPLINARY RECORDS, GRIEVANCES, LAWSUITS; ETC THROUGH PRODUCTION OF DOCUMENTS AND THE FREEDOM OF INFORMATION ACT. BOTH EFFORTS WERE DENIED. SEE ATTACHED EXHIBIT A

3) THE DISCOVERY SENT ON OCTOBER 4, 2010 WERE ONLY ADMISSIONS FOR DEFENDANTS KITT, PAFUMI, MARENELLI, QUIROS, FAUCHER, WEIR, SIWICKI, POWERS, CAHILL, LITTLE, WILSON, DICIOCCIO, COMIER, KROB, PETERSON AND LAJOIE IN MY FIRST SET OF DISCOVERY.

4) ON OR ABOUT NOVEMBER 29, 2010, I RECEIVED NOTICE FROM THE COURT MY AMENDED COMPLAINT WAS GRANTED ADDING DEFENDANTS SAYLOR, SHARP, MUMIN AND TOURANGEAU.

5) I SUBMITTED THE FIRST SET OF INTERROGATORIES FOR ALL OF THE ABOVE MENTIONED DEFENDANTS AND INCLUDED ADMISSIONS FOR DEFENDANTS SAYLOR, SHARP, MUMIN AND TOURANGEAU ON DECEMBER 6, 2010. TO DATE, NO RESPONSE NOR DISCOVERY REQUESTED PRODUCED. SEE ATTACHED EXHIBIT B

6) I SUBMITTED A SECOND REQUEST OF PRODUCTION OF DOCUMENTS TO DEFENDANTS COUNSEL TO OBTAIN LOGBOOKS FOR PRIVILEGED CALLS TO SUBSTANTIATE MY CLAIMS OF DEFENDANT MUMIN FALSIFYING RECORDS/CIRCUMVENTING POLICY TO VERIFY LEGAL CALLS, SEEKING INFORMATION OF ABUSE, MISCONDUCT/MALFEASANCE, LAWSUITS, GRIEVANCES, ETC ON DEFENDANTS SAYLOR, SHARP, MUMIN AND TOURANGEAU. TO DATE, NO RESPONSE NOR DISCOVERY REQUESTED PRODUCED. SEE ATTACHED EXHIBIT C

7) DURING THIS TIME I ATTEMPTED TO OBTAIN INFORMATION PERTAINING TO ILLEGAL POLICIES IMPLEMENTED BY DEFENDANTS QUIROS, FAUCHER, POWERS AND LITTLE SOLELY TO INFLICT ARBITRARY PUNISHMENT WITHOUT PROPER AUTHORIZATION AND CIRCUMVENTING POLICIES/LAWS. TO DATE, THIS INFORMATION IS BEING DENIED AND WITHHELD FROM ME. I REQUESTED THIS INFORMATION IN MY JANUARY 5, 2011, SECOND REQUEST FOR INTERROGATORIES AND REQUEST FOR PRODUCTION. AGAIN, NO RESPONSE NOR DISCOVERY REQUESTED PRODUCED. SEE ATTACHMENT EXHIBIT D

8) ON OR ABOUT JANUARY 14TH 2011, I RECEIVED A LETTER FROM THE DEFENDANTS' COUNSEL (MATTHEW B. BEIZER) THREATENING TO MOVE FOR A PROTECTION ORDER FOR THE 2ND AND 3RD SETS OF DISCOVERY. DEFENDANTS STATE THESE REQUESTS ARE TO SIMPLY "ANNOY AND BURDEN." I RESPONDED IMMEDIATELY IN AN ATTEMPT TO RESOLVE THIS MATTER. TO DATE, NO RESPONSE NOR DISCOVERY PRODUCED REQUESTED, SEE ATTACH-MENT EXHIBIT E.

9) I ATTEMPTED TO BREAK DOWN MY DISCOVERY REQUESTS AS TO NOT OVERWHELM NOR BURDEN, ANNOY OR HARASS DEFENDANTS AND THEIR COUNSEL. ALL DISCOVERY REQUESTED IS RELEVANT TO MY CLAIMS — DEFENDANTS COUNSEL DENIED ME REQUESTED DISCOVERY FOR PRODUCTION OF DOCUMENTS, INTERROGATORIES AND ADMISSIONS.

10) THE ADMISSIONS RECEIVED ON OR ABOUT JANUARY 18TH 2011 WERE ADMISSIONS FOR DEFENDANTS MENTIONED IN PARAGRAPH #3 OF THIS DECLARATION FROM DEFENDANTS COUNSEL. SAID ADMISSIONS ARE EVASIVE, MISCALCULATING/MISLEADING AND UNTRUTHS.

11) I ALSO ATTEMPTED TO OBTAIN A COPY OF THE DECEMBER 22, 2010, INCIDENT IN WHICH DEFENDANTS KITT AND SAYLOR ISSUED A FABRICATED RETALIATORY DISCIPLINARY REPORT, THIS WAS DONE TO HARASS, ARBITRARILY PUNISH AND DESTROY MY PROPERTY FOR SUING SAID DEFENDANTS. I INCLUDED THIS REQUEST IN MY JANUARY 5, 2011 SECOND SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS (SEE EXHIBIT D) THAT WAS DENIED. I SUBMIT A SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION WITH MY MOTION TO COMPEL DISCOVERY.

12) I HAVE NO INCIDENT REPORTS PERTAINING TO ANY ISSUES MENTIONED IN THIS CIVIL ACTION AND HAVE NO KNOWLEDGE IF SAID REPORTS WERE GENERATED.

MARCH 7, 2011

CARNELL HUNNICUTT SR. #229589
NORTHERN C.I. P.O. BOX 665
SOMERS, CT 06071

PURSUANT TO 1746 OF USC 28 I DECLARE THAT THE FOLLOWING IS TRUE AND CORRECT TO MY KNOWLEDGE UNDER THE PENALTY OF PERJURY.        MARCH 7, 2011

### CERTIFICATION

I HEREBY CERTIFY A COPY OF THE DECLARATION IN SUPPORT OF MOTION TO COMPEL WAS MAILED ON MARCH 7, 2011. TO: A.A.G. MATTHEW B. BEIZER AT 110 SHERMAN ST. HARTFORD, CT 06105

# EXHIBIT A

REQUEST

Ⓐ

CARNELL HUNNICUTT. SR.    #229589                    10/21/10

N.C.I.

DEPUTY WARDEN LAUREN POWERS / OFFICER SOKOLOWSKI - FOI OFFICER

PURSUANT TO THE F.O.I.A. I'M REQUESTING THE PERSONNEL FILES TO INCLUDE

EMPLOYMENT APPLICATIONS FORMS, PERSONNEL INFORMATION, PERFORMANCE EVALUATIONS,

DISCIPLINARY RECORDS, DISCIPLINARY INFRACTIONS, LAWSUITS, GRIEVANCES, INVEST-

IGATIONS AND RECORDS OF MISCONDUCT / MALFESANCE ON THE FOLLOWING PERSONS

WITH REDACTED INFO (HOME ADDRESS / PHONE #, S.S. #, ETC)

① ANGEL QUIROS

② DENNIS MARINELLI

③ TAWANDA KITT

④ LIEUTENANT PAPUMI

THANKYOU

✗ HAD TO HAND COPY THIS REQUEST DUE TO
DEFENDANT TOURANGEAU'S REFUSAL TO COPY
TO COVER UP DEFENDANT POWERS NON-RESPONSE
AND FAILURE TO COMPLY WITH F.O.I.A.

# Inmate Request Form
## Connecticut Department of Correction

CN 9601
REV 1/31/09

Ⓐ

Inmate name: CARNELL HUNNICUTT, SR.

Inmate number: 229589

N.C.I.

10/26

Facility/Unit: _____ Housing unit: 1W-124   Date: _____

Submitted to: DEPUTY WARDEN LAUREN POWERS / OFFICER SOKOLOWSKI = FOI OFFICER

Request: PURSUANT TO THE F.O.I.A. IM REQUESTING THE PERSONNEL FILES TO INCLUDE EMPLOYMENT APPLICATION FOR MS. PERSONNEL INFORMATION, PERFORMANCE EVALUATIONS AND DISCIPLINARY RECORDS, DISCIPLINARY INFRACTIONS, LAWSUIT GRIEVANCES, INVESTIGATIONS AND RECORDS OF MISCONDUCT / MALFESANCE ON THE FOLLOWING PERSONS WITH REDACTED INFO (Home ADDRESS/PHONE, S.S.#, ETC)

① ANGEL QUIROS
② DENNIS MARINELLI
③ TAWANDA KITT
④ LIEUTENANT PAFUMI

THANK YOU

continue on back if necessary

Previous action taken:

NOV - 9 2010

CC: HUNNICUTT

continue on back if necessary

Acted on by (print name): _____   Title: _____

Action taken and/or response:

ANSWERED ON 10/27/2010 with typed RESPONSE

continue on back if necessary

Staff signature: _____   Date: 10/27/10   ③



# STATE OF CONNECTICUT
## DEPARTMENT OF CORRECTION
### NORTH DISTRICT
### Northern Correctional Institution
### P.O. Box 665
### Somers, Connecticut 06071

TO:        Hunnicutt, Carnell #229589

FROM:    Officer Sokolowski

DATE:     October 27, 2010

SUBJECT:   FOI Request: Warden Quiros, Captain Marinelli, Officer Kitt, Lt. Pafumi

Inmate Hunnicutt per Connecticut Public Act 10-58, the information your requesting is exempt from disclosure. I have given you a copy of the Public Act.

NOV − 9 2010

FREEDOM OF INFORMATION COMM.

Sincerely,

Sokolowski FOI/Litigation Officer

Cc: Warden Quiros

*An Equal Opportunity Employer*

 Connecticut Seal



### Substitute House Bill No. 5404

### Public Act No. 10-58

## AN ACT CONCERNING THE NONDISCLOSURE OF CERTAIN INFORMATION REGARDING CERTAIN EMPLOYEES TO INMATES UNDER THE FREEDOM OF INFORMATION ACT.

Be it enacted by the Senate and House of Representatives in General Assembly convened:

Section 1. (NEW) (*Effective from passage*) A personnel or medical file or similar file concerning a current or former employee of the Department of Correction or the Department of Mental Health and Addiction Services, including, but not limited to, a record of a security investigation of such employee by the department or an investigation by the department of a discrimination complaint by or against such employee, shall not be subject to disclosure under the Freedom of Information Act, as defined in section 1-200 of the general statutes, to any individual committed to the custody or supervision of the Commissioner of Correction or confined in a facility of the Whiting Forensic Division of the Connecticut Valley Hospital. For the purposes of this section, an "employee of the Department of Correction" includes a member or employee of the Board of Pardons and Paroles within the Department of Correction.

Approved May 26, 2010





**FREEDOM OF INFORMATION**

REC'D 2/8/11
2ND SHIFT
LT. TONY WILLIAMS





Since 1975

*It's Your Right to Know*

Connecticut Freedom of Information Commission · 18-20 Trinity Street, Suite 100 · Hartford, CT 06106
Toll free (CT only): (866)374-3617 Tel: (860)566-5682 Fax: (860)566-6474 · www.state.ct.us/foi/ · email: foi@po.state.ct.us

TO:        Carnell Hunnicutt, Sr. #229589

FROM:    S. Wilson, Acting Clerk of the Commission

DATE:     January 31, 2011

         Your correspondence received on November 9, 2010 by the Freedom of
Information Commission (FOIC) will not be scheduled for a hearing for the following
reason(s):

–        You have not alleged a violation of the FOI Act.  (Please refer to the Freedom of
         Information Act – available on the Commission website).

–        The FOIC only has jurisdiction over regional, state and municipal public agencies
         within Connecticut. (Please refer to the Freedom of Information Act – available on the
         Commission website).

–        The FOIC only has jurisdiction over the judicial branch with respect to its
         administrative functions pursuant to §1-200(1), G.S.

–        The FOIC only has jurisdiction over the Division of Criminal Justice with respect to its
         administrative functions pursuant to §1-201, G.S.

–        Records of the investigations of the Office of the Child Advocate are not subject to
         disclosure under the Freedom of Information Act, pursuant to §46a-13n, G.S.

–        Records created or maintained in connection with the Department of Children and
         Families' child protection activities or activities related to a child while in the care or
         custody of such Department are not subject to disclosure under the Freedom of
         Information Act, pursuant to §17a-28, G.S.

X        Personnel, medical or similar files concerning current or former employees of the
         Department of Correction are not subject to disclosure under the Freedom of
         Information Act to any individual committed to the custody or supervision of the
         Commissioner of Correction, pursuant to Public Act 10-58.

*continued on back*

6

DISTRICT OF CONNECTICUT

CARNELL HUNNECUTT. SR.                          CIVIL CASE NO. 3:10 CV 857 (CSH)
TAWANDA KITT. ET AL                             OCTOBER 4, 2010



## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

PURSUANT TO RULE 34 OF THE FED. R.C.P., PLAINTIFF REQUESTS THAT DEFENDANTS ANGEL QUIROS,
MICHAEL LAJOIE, STEPHEN FAUCHER, LAUREN POWERS AND TAWANDA KITT PRODUCE FOR INSPECTION AND
COPYING THE FOLLOWING DOCUMENTS:    SEE ATTACHED FOR ALL RESPONSES.

①  THE DUTY ROSTERS FOR 3 EAST 2009 FOR THE FOLLOWING DATES:

JANUARY 25, 2009 - AM SHIFT           MAY 5, 2009 - PM SHIFT
JANUARY 30, 2009 - AM SHIFT           JUNE 5, 2009 - AM SHIFT
FEBRUARY 1, 2009 - AM SHIFT           JUNE 8, 2009 - AM SHIFT
APRIL 27, 2009 ——— PM SHIFT           JULY 26, 2009 - BOTH AM / PM SHIFTS
MAY 4, 2009 ——— PM SHIFT              JULY 31, 2009 - PM SHIFT

②  THE DUTY ROSTERS FOR 3 WEST UNIT FOR THE FOLLOWING DATES:

SEPTEMBER 30, 2009 AND NOVEMBER 1, 2009 (PM AND AM SHIFTS)

③  THE DUTY ROSTER FOR 3 WEST UNIT FOR THE DATE OF JANUARY 27, 2010

④  THE 3 EAST LOGBOOK ENTRIES FOR THE FOLLOWING DATES:

JANUARY 25 AND 30th
FEBRUARY 1, 2009
APRIL 27, 2009
MAY 4th AND 5th 2009
JUNE 5 AND 8th 2009
JULY 26 AND 31 2009

⑤  THE 3 WEST LOGBOOK ENTRIES FOR THE FOLLOWING DATES:

SEPTEMBER 30, 2009
NOVEMBER 1, 2009
JANUARY 27, 2010

⑥  PERSONNEL INFORMATION, EMPLOYMENT APPLICATIONS, PERFORMACE EVALUATIONS. THIS INCLUDES
LAWSUITS, GRIEVANCES, DISCIPLINARY INFRACTIONS, INVESTIGATIONS AND RECORDS OF MISCONDUCT/
MALFESANCE AGAINST DEFENDANTS KITT, MARINELLI, QUIROS, POWERS, WYER, FAUCHER, LA JOIE,
PAFUMI, KROB, SIWICKI, WILSON AND LITTLE. ALSO ARREST RECORDS TO BE INCLUDED.

⑦  ANY AND ALL GRIEVANCES, COMPLAINTS OR OTHER DOCUMENTS RECIEVED BY DEFENDANTS QUIROS,
PETERSON AND LAJOIE CONCERNING MISSING / DESTROYED PROPERTY WHILE DEFENDANT KITT WAS
PROPERTY OFFICER STEMMING FROM AUGUST 2009 TO THE PRESENT DATE. THIS IS TO INCLUDE
LOST / DAMAGED PROPERTY CLAIMS.

⑧  THE LOCATION(S) OF THE PLAINTIFF'S FORMER CELLMATES / WITNESSES WHO CAN VERIFY AND
SUBSTANTIATE THE PLAINTIFF'S CLAIM IN THIS MATTER. ERIC ATKINSON #214 214, NATHANIEL
JOHNSON, JR. # 269606 AND DONALD SIMMONS #327517.

C——U/L——h
CARNELL HUNNECUTT. SR. # 225309
NORTHERN C.I. P.o. BOX 665
SOMERS. CT 06071

### CERTIFICATION

I HEREBY CERTIFY A COPY OF THE FOLLOWING DOCUMENT WAS MAILED ON OCT. 4, 2010 TO: A.A.G. MATTHEW B.
BEIZER AT 110 SHERMAN ST. HARTFORD, CT 06105    C——U/L——h

3



# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

CARNELL HUNNICUTT         :       CIVIL ACTION NO. 3:10CV857 (CSH)

        : 

     v.                   : 

        : 

TAWANDA KITT, ET AL.         :       JANUARY 11, 2011

## DEFENDANTS' RESPONSE TO PLAINTIFF'S
## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1.    **Objection.** The plaintiff has possession of the incident reports pertaining to the claims in his lawsuit. For safety and security purposes, the defendants will not furnish personal information concerning Department of Correction employees, including Department of Correction rosters and schedules. Should the plaintiff make a showing that said request is reasonably calculated to lead to relevant evidence, the defendants will reconsider their objection.

2.    **Objection.** See response to #1 above.

3.    **Objection.** See response to #1 above.

4.    **Objection.** See response to #1 above.

5.    **Objection.** See response to #1 above.

6.    **Objection.** See response to #1 above.

7.    **Objection.** See response to #1 above.

8.    **Objection.** For safety and security purposes, the defendants will not furnish information concerning other inmates within the custody of the Department of Correction.

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT



CARNELL HUNNICUTT SR.                    CIVIL CASE No. 3:10CV 857(CSH)
v.
TAWANDA KITT, et al                       DECEMBER 6, 2010

## CERTIFICATION

I, CARNELL HUNNICUTT, SENIOR CERTIFY ON THE ABOVE DATE THE FOLLOWING
DISCOVERY WAS MAILED TO A.A.G. MATTHEW B. BEIZER AT 110 SHERMAN ST.
HARTFORD, CT 06105:

ADMISSIONS FOR AYESHIA MU'MIN, LT. SHARP, MELVIN SAYLOR AND
COUNSELOR TOURANGEAU.        ALSO INTERROGATORIES FOR THE NAMED DEFENDANT
AS WELL AS FOR TAWANDA KITT, DENNIS MARINELLI, ANGEL QUIROS, LAUREN POWERS,
STEPHEN FAUCHER, KIM DICIOCCIO, MICHAEL LAJOIE, LT. COMIER, KIM WEIR, CO
WILSON, KARL KROB, LT. PAFUMI, LT. SIWICKI, SCOTT PETERSON, JASON CAHILL, AND
DARRYL LITTLE,      A COPY OF THE DISCOVERY AND THIS CERTIFICATION IS BEING
FORWARDED TO THE COURT TO PUT ON FILE TO ENSURE DISCOVERY WILL BE RESPONDED
TO AND PLACED ON NOTICE DISCOVERY WAS SENT TO DEFENDANTS' COUNSEL. THIS
IS DONE TO PREVENT THE NON-RESPONSE TO DISCOVERY REQUESTS SENT ON
OCTOBER 4, 2010.

CARNELL HUNNICUTT JR. #129589
NORTHERN C.I. P.O. BOX 665
SOMERS, CT 06071

# EXHIBIT c



DISTRICT OF CONNECTICUT

CARNELL HUNNICUTT. SR.
TAWANDA KITT. et al
      V.

CIVIL CASE NO. 3:10CV 857 (CSH)
DECEMBER 9, 2010

<u>PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS</u>

PURSUANT TO RULE 24 of THE FED.R.CIV.P., PLAINTIFF REQUESTS THAT ANGEL QUIROS, MICHAEL LAJOIE, STEPHEN FAUCHER, LAULEN POWERS, AYESHA MUMIN, LIEUTENANT SHARP, LT SHARP AND COUNSELOR TOURANGEAU PRODUCE FOR INSPECT ON AND COPYING THE FOLLOWING DOCUMENTS:

① THE LOG BOOK FOR PRIVILEGED CALLS FOR IN(W)EST UNIT FOR THE FOLLOWING:

a. OCTOBER 2008 THROUGH JANUARY 2009

b. FEBRUARY 2010 TO THE PRESENT DATE

② PERSONNEL INFORMATION (OMITTING D.O.B., SOCIAL SECURITY NUMBERS, HOME ADDRESS, PHONE NUMBERS AND UNLISTED) EMPLOYMENT APPLICATIONS, PERFORMANCE EVALUATIONS, THIS INCLUDES GRIEVANCES, LAWSUITS, DISCIPLINARY INFRACTIONS, INVESTIGATIONS AND RECORDS OF MISCONDUCT / MALFEASANCE AGAINST DEFENDANTS MUMIN, SAYLOR, SHARP AND TOURANGEAU TO ALSO INCLUDE ARREST RECORDS.

③ ANY AND ALL RECORDS, GRIEVANCES, COMPLAINT OR OTHER DOCUMENTS RECEIVED BY DEFENDANT QUIROS, PETERSON AND LAJOIE CONCERNING MISCONDUCT / ABUSE BY DEFENDANTS MUMIN, SAYLOR, SHARP AND TOURANGEAU STEMMING FROM 2007 TO THE PRESENT DATE AT NORTHERN C.I. AND OTHER C.T. DOC FACILITIES.



CARNELL HUNNICUTT. SR. 123539
NORTHERN C.I. P.O. Box 665
Somers CT 06071

<u>CERTIFICATION</u>

I HEREBY CERTIFY A COPY OF THE FOLLOWING WAS MAILED ON DECEMBER 9, 2010. TO: A.A.G. MATTHEW B. BEIZER AT 110 SHERMAN ST. HARTFORD, CT 06105



CERTIFICATION

PLAINTIFF EARNELL HUNNICUTT, JR. SUBMITS A COPY OF
HIS SECOND REQUEST FOR PRODUCTION OF DOCUMENTS ON
DECEMBER 9, 2010, TO: A.A.G. MATTHEW B. BEIZER AT 110
SHERMAN ST. HARTFORD, CT 06105 A UM.

(1)

# EXHIBIT D

REQUEST

(D)

CARNELL HUNNICUTT, Sr. #229589    1 WEST-124          11-10-10

DEPUTY WARDEN POWERS / F.O.I. LIASION OFFICER SOKOLOWSKI

PURSUANT TO F.O.I.A. I WANT COPIES OF THE FOLLOWING:

① THE ORDER AND/OR EXCEPTION TO A.D. 9.4 TO HOUSE LEVEL 4 PRISONERS IN A PHASE 1 SETTING TO BE TREATED AS LEVEL 5 A/S PRISONERS. ② THE ORDER/EXCEPTION BY THE COMMISSIONER OF 9.4 A.D. TO REVOKE PRIVILEGES (GYM, JOBS, DAYROOM REC AND OTHER PRIVILEGES AFFORDED 3WEST SPECIAL NEEDS PRISONERS) ③ THE ORDER/EXCEPTION BY THE COMMISSIONER TO THE 9.4 A.D. TO FULLY RESTRAINT LEVEL 4 SPECIAL NEEDS PRISONERS IN 1 WEST WHEN THEY LEAVE THEIR CELLS WHILE SPECIAL NEEDS IN 3 WEST ARE NOT RESTRAINED OR HANDCUFFED ④ THE ORDER/EXCEPTION TO 9.4 TO HAVE LEVEL 4 PRISONERS TO LIE ON THEIR BUNKS TO BE SHACKLED AS LEVEL 5 A/S PRISONERS ⑤ THE ORDER/EXCEPTION BY THE COMMISSIONER TO HAVE TWO DISTINCT SPECIAL NEEDS PROGRAMS WHERE ONE GROUP IS PUNISHED AND THE OTHER IS NOT.

CC: HUNNICUTT

* HAD TO HAND COPY THIS REQUEST DUE TO DEFENDANT TOURANGEAU REFUSAL TO COPY THE ORIGINAL TO COVER UP DEFENDANT POWERS FAILURE TO ANSWER AND COMPLY WITH F.O.I.A. LAWS

## REQUEST

CARNELL HUNNICUTT SR. #229589   1WEST-124      11-22-10

DEPUTY WARDEN POWERS / F.O.I. LIASION OFFICER SOKOLOWSKI

DUE TO YOUR NON RESPONSE AND INFAMOUS LINE OF "I DIDN'T GET IT" WHEN I INQUIRED ABOUT MY 11-10-10 REQUEST SUBMITTED FOR ① THE EXCEPTION/ ORDER FROM THE COMMISSIONER REGARDING HOUSING LEVEL 4 PRISONERS IN 1WEST TO BE TREATED AS LEVEL 5 A/S INMATES ② THE EXCEPTION/ORDER FROM THE COM- MISSIONER TO REVOKE/DENY PRIVILEGES (GYM, JOBS, DAYROOM REC, ETC) AND OTHER PRIVILEGES AFFORDED TO 3 WEST SPECIAL NEEDS PRISONERS ③ THE EXCEPTION/ ORDER FROM THE COMMISSIONER TO FULLY RESTRAINT LEVEL 4 SPECIAL NEEDS PRISONERS IN ORDER TO LEAVE CELLS IN 1WEST WHILE 3 WEST S/N PRISONERS ARE NOT SUB- JECTED TO THESE STANDARDS ④ THE EXCEPTION/ORDER FROM THE COMMISSIONER TO FORCE LEVEL 4 PRISONERS TO STRIP PRIOR TO REC AND FORCED TO LIE ON BUNKS TO BE SHACKLED LIKE LEVEL 5 A/S INMATES ⑤ THE EXCEPTION/ORDER TO HAVE TWO DISTINCT SPECIAL NEEDS PROGRAMS WHERE ONE GROUP IS ARBITRARILY PUN- ISHED WITH PUNITIVE CONDITIONS AND THE OTHER IS NOT.

✗ IF NO RESPONSE NOR ACKNOWLEDGEMENT IS GIVEN BY DECEMBER 1ST I WILL APPEAL THIS REQUEST AS A DENIAL.

PREVIOUS ACTION TAKEN- NONE - NO RESPONSE AND CLAIMS OF "I DIDN'T GET IT."

CC! HUNNICUTT
SOKOLOWSKI

PLAINTIFF HAD TO HAND COPY THIS REQUEST DUE TO DEFENDANT TOURANGEAN'S REFUSAL TO COPY SAID REQUEST TO COVER UP DEFENDANT POWERS FAILURE TO ANSWER OR COMPLY WITH F.O.I.A. LAWS.



# STATE OF CONNECTICUT
## *DEPARTMENT OF CORRECTION*
### Northern Correctional Institution
### 287 Bilton Rd.
### Somers, CT 06071



November 23, 2010

**Inmate:** **Hunnicutt,Carnell#229589**
**Northern:** **1 West 124**

Re: Freedom of Information Request

Dear: Inmate Hunnicutt,

This will acknowledge receipt of your request for documents pursuant to The Freedom of Information Act. ( Adm. Dir 9.4)

We are in the process of reviewing your request; someone from this department will be in contact with you in the near future.

Sincerely,

FOI Sokolowski
Northern Correctional Institution

LP/nbb

Cc: file

*An Equal Opportunity Employer*



# CERTIFICATION

I HEREBY CERTIFY THAT THE FOLLOWING WAS PLACED IN THE
NORTHERN C.E. INSTITUTIONAL MAILBOX ON JANUARY 5, 2011:

1) SECOND REQUEST FOR INTERROGATORIES AND REQUEST FOR PRODUCTION
   SEVEN (7) PAGES

2) ADMISSIONS FOR DEFENDANT KNIT TWO PAGES

3) ADMISSIONS FOR DEFENDANT JAYKER TWO PAGES
4) ADMISSIONS FOR DEFENDANT CAYUGA THREE PAGES
5) ADMISSIONS FOR DEFENDANT MUMIN TWO PAGES
6) ADMISSIONS FOR DEFENDANT LITTLE THREE PAGES
7) ADMISSIONS FOR DEFENDANT POWERS THREE PAGES
8) ADMISSIONS FOR DEFENDANT FRAZIER THREE PAGES

TO: A.A.G. MATTHEW B. BEITLER AT 110 HUNTMAN ST. HARTFORD, CT 06105

CLAYNE H. HUNNICUTT, SR.
#229509
NORTHERN C.E. P.O.Box 665
SOMERS, CT 06071
P. 1 of 1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CARNELL HUNNICUTT SR.

TAWANDA KITT, ET AL

CIVIL CASE NO. 3:10 CV 857 (CSH)

JANUARY 5, 2011

SECOND REQUEST

PLAINTIFF'S INTERROGATORIES AND REQUEST FOR PRODUCTION
OF DOCUMENTS

PURSUANT TO RULES 33 AND 34. FED. R. CIV. P., THE PLAINTIFF SUBMITS THE FOLLOWING INTER-
ROGATORIES TO THE DEFENDANTS. YOU ARE DIRECTED TO ANSWER EACH OF THE INTERROGATORIES
IN WRITING UNDER OATH, AND PROVIDE THE PLAINTIFF WITH COPIES OF EACH OF THE REQUESTED
DOCUMENTS OR MAKE THEM AVAILABLE TO THE PLAINTIFF FOR INSPECTION AND COPYING.

1. DEFENDANT SAYLOR ON APRIL 19, 2010, YOU RANSACKED THE PLAINTIFF'S CELL AND CONFISCATED
HIS PROPERTY, LEGAL MATERIALS AND LEGAL WORK. WHO AUTHORIZED YOU TO CONDUCT A SEARCH OF
THE PLAINTIFF'S CELL AND TO CONFISCATE HIS PROPERTY? PROVIDE DOCUMENTATION OF THE ORDER
AND SIGNATURE OF THE SUPERIOR OFFICER DIRECTING THE SHAKEDOWN ON 4/19/10, THE CONFIS-
CATION RECEIPT/PROPERTY RECEIPT, THE DOCUMENTS FOR THE REASON THE PLAINTIFF'S CELL WAS
SHAKEN DOWN AND PROPERTY CONFISCATED, ALSO A COPY OF THE IWEST LOG BOOK FO
APRIL 19, 2010.

2. DEFENDANT SAYLOR AGAIN ON DECEMBER 22, 2010, YOU RANSACKED THE PLAINTIFF'S CELL AND
CONFISCATED TWO (2) RADIOS, 1 LARGE HEADPHONES, 1 HEADPHONE EXTENSION CORD, 8 AA BATTERIES, 5
PORN MAGAZINES, 1 SHOW LINGERE MAG, 1 BOOK (BRINK), ALL OF THE PLAINTIFF'S CARTOONS, ALL OF
THE PLAINTIFF'S COMIC BOOKS AND ASSORTED LEGAL MATERIALS. YOU AND CAPTAIN BRIAN RAE STATED
THE PLAINTIFF WAS ON ADMINISTRATION DETENTION STATUS — WHO AUTHORIZED THE CONFISCATION
AND SHAKEDOWN OF THE PLAINTIFF'S PROPERTY? STATE THE PROCEDURES FOR PLACING PRISONERS
ON A.D. STATUS, PRODUCE THE DOCUMENTS THAT THE PLAINTIFF RECEIVED AN ORDER PLACING HIM
ON SAID STATUS, A COPY OF THE PROPERTY/CONFISCATION RECEIPT FOR ITEMS TAKEN, A COPY
OF THE ORDER OF YOU PLACING PLAINTIFF ON LOSS OF RAZOR STATUS AND FOR WHAT REASON,
A COPY OF THE IWEST UNIT VIDEO SURVEILLANCE TAPE FACING THE PLAINTIFF'S CELL (IW-124
OF YOU BETWEEN 3:20PM - 4:15PM DECEMBER 22, 2010, RANSACKING AND CONFISCATING THE
PLAINTIFF'S PROPERTY/CELL AND A COPY OF THE IWEST UNIT LOGBOOK FOR 12/22/10 3PM-6I

3. DEFENDANT SAYLOR IDENTIFY EACH AND EVERY CONNECTICUT DEPARTMENT OF CORRECTION
ADMINISTRATIVE REMEDY/GRIEVANCE THAT HAS BEEN FILED AGAINST YOU FROM 2007 TO THE
ABOVE DATE, PRODUCE COPIES OF EACH GRIEVANCE THAT HAS BE FILED AGAINST YOU, PRODUCE
DOCUMENTS OF INVESTIGATIONS, LAWSUITS AND ACTS OF ABUSE, MISCONDUCT AND MALFE-
SANCE AS WELL. ALSO ARREST RECORDS AND DISCIPLINARY RECORDS INVOLVING YOU AS

4. DEFENDANT SAYLOR- YOU SIGNED OFF ON DEFENDANT KITT'S "THREATS" DR'S ON OCTOBER 2009 AND DECEMBER 22, 2010, STATING THAT SHE FEARED FOR HER SAFETY - WHY DIDN'T YOU CONTACT THE CONNECTICUT STATE POLICE TO PRESS CHARGES AGAINST THE PLAINTIFF TO ALLEVIATE DEFENDANT KITT FEARS? PRODUCE ALL DOCUMENTS, EVIDENCE, ARTICLES TO SUPPORT YOUR REVIEW OF SAID DR'S THAT THE PLAINTIFF WAS A THREAT AND/OR THREATENED DEFENDANT KITT.

5. DEFENDANT KITT- YOU HAVE ALLEGED THE PLAINTIFF THREATENED YOU ON THREE DIFFERENT OCCASI AND STATED YOU FEAR FOR YOUR SAFETY. WHY HAVEN'T YOU CONTACTED THE CT. STATE POLI IF YOU ~~REALLY~~ FEAR FOR YOUR SAFETY? PRODUCE ALL DOCUMENTS, CARTOONS, REQUESTS SUBMI TO YOU FROM THE PLAINTIFF OF THESE ALLEGED THREATS THAT STRIKE FEAR IN YOU.

6. DEFENDANT KITT- IDENTIFY EACH AND EVERY CONNECTICUT DEPT. OF CORRECTION GRIEVANCE/ADM REMEDY THAT HAS BEEN FILED ON YOU FROM THE DATES OF JANUARY 2007 UP TO THE PRESENT DATE. PRODUCE DOCUMENTS OF INVESTIGATIONS, LAWSUITS, DISCIPLINARY RECORDS, ACTS OF YOU ABUSE, MISCONDUCT, MALFEASANCE AND ARREST RECORDS. ALSO COPIES OF EACH GRIEVANCE FIL AGAINST YOU.

7. DEFENDANT MUMIN - IDENTIFY EACH AND EVERY CONNECTICUT DEPT. OF CORRECTION GRIEVANCE ADMINISTRATIVE REMEDY THAT HAS BEEN FILED ON YOU FROM THE DATES OF JANUARY 2008 UP TO THE PRESENT DATE. PRODUCE DOCUMENTS OF INVESTIGATIONS AGAINST YOU AND LAWSUITS, DISCIPLINARY RECORDS, ACTS OF ABUSE, MISCONDUCT, MALFEASANCE, ARREST RECORDS AND EACH GRIEVA FILED AGAINST YOU.

8. DEFENDANT QUIROS- YOU HAVE A BLANKET POLICY THATS ~~THERE~~ ENFORCED TO MAKE EVERY PRISONER AT NORTHERN C.I. TO STRIP NAKED PRIOR TO LEAVING THEIR CELLS - WHETHER THEY'RE LEVEL 5 A/S PRISONERS OR LEVEL 4 SPECIAL NEEDS/CHRONIC DISCIPLINE PRISONERS. IS THIS POLICY IN THE ADMIN. DIR. 9.4? IF NOT, WHO AUTHORIZED THIS POLICY ENACTED FROM MARCH 200 TO THE PRESENT DATE? PRODUCE ALL DIRECTIVES, POLICY OR OTHER DOCUMENTS GIVING THE ORDER/EXCEPTION BY THE COMMISSIONER TO AUTHORIZE AND PUT SAID POLICY INTO ACTION.

9. DEFENDANT QUIROS- YOU ORDERED THAT CELLS 123 THROUGH 125 ON THE BOTTOM TIER IN 1 WES UNIT BE EQUIPPED WITH ELECTRICITY AND CONTINOUS RUNNING WATER AND CELLS 223-225 ON THE UPPER THREE MAN TIER AS WELL FOR LEVEL 4 SPECIAL NEEDS PRISONERS. WHY DO YOU HAVE TWO DISTINCT SPECIAL NEEDS PROGRAMS HOUSING LEVEL 4 PRISONERS WITH LEVEL 5 A/S PRISONERS IN ONE WEST - BUT THE OTHER PROGRAM IN THREE WEST? EXPLAIN. PRODUCE THE DOCUMENTS, DIRECTIVES, POLICY, ORDER/EXCEPTION BY THE COMMISSIONER OF DOC AUTHORIZ ATION THE HOUSING OF LEVEL 4 PRISONERS WITH LEVEL 5 PRISONERS ON THE THREE MAN TIERS AND BEING HOUSED IN 1 WEST UNIT. AND AUTHORIZING TWO DISTINCT SPECIAL NEEDS PROGRAMS.

10. DEFENDANT QUIROS - YOU HAVE A BLANKET POLICY IN I WENT UNITS TO FORCE PRISONERS TO LIE FACEDOWN ON THEIR BUNKS AFTER BEING HANDCUFFED FROM BEHIND TO HAVE LEG IRONS APPLIED. THIS INCLUDES LEVEL 4 PRISONERS FORCED TO LIVE IN I WEST UNIT WITH LEVEL 5 A/S PRISONERS. WHO AUTHORIZED THIS POLICY? PRODUCE DOCUMENTS, DIRECTIVES, POLICIES, EXCEPTIONS/ORDERS BY THE DOC COMMISSIONER AUTHORIZING THIS POLICY.

11. DEFENDANT QUIROS - YOU AUTHORIZED TREATING LEVEL 4 PRISONERS ON SPECIAL NEEDS STATUS IN WEST AS LEVEL 5 A/S PRISONERS THROUGH HAVING THEM DRESS AS A/S LEVEL 5 PRISONERS IN YELLOW JUMPSUITS, DENYING THEM JOB OPPORTUNITIES, DENYING THEM GYM RECREATION, DENYING THEM DAY ROOM REC TO INTERMINGLE WITH OTHER SPECIAL NEEDS PRISONERS, DENYING THEM OUTSIDE REC TO PLAY HANDBALL/BASKETBALL WITH OTHER SPECIAL NEEDS PRISONERS ALL OF WHICH IS AFFORDED TO A SPECIAL NEEDS PRISONERS IN 3 WEST UNIT. EXPLAIN WHO AUTHORIZED THIS AND WHY THE LEVEL 4 PRISONERS FORCED TO LIVE IN I WEST ARE DEPRIVED THESE PRIVILEGES AND AREN'T ALLOWED TO SHOWER DAILY AS 3 WEST SPECIAL NEEDS PRISONERS. PRODUCE THE DOCUMEN DIRECTIVES, POLICIES, SPECIAL MANAGMENT PLANS, EXCEPTION/ORDER FROM THE COMMISSIONE OF THE DOC AUTHORIZATION TO ENFORCE THIS POLICY.

12. DEFENDANT QUIROS - YOU AUTHORIZED FORCING LEVEL 4 SPECIAL NEEDS PRISONERS TO BE FULLY SHACKLED WITH LEG IRONS AND HANDCUFFED WITH TETHERED CHAIN PRIOR TO LEAVING THE CELLS FOR ANY REASON WHILE HOUSED IN I WEST UNIT. THIS DOES NOT APPLY TO THE 3 WEST SPECIAL NEEDS PRISONERS NOR THE CHRONIC DISCIPLINE PRISONERS (ALL LEVEL 4'S). YOU ONLY HANDCUFF CHRONIC DISCIPLINE PRISONERS AND ALLOW 3 WEST SPECIAL NEEDS PRISONERS TO ROAM FREELY WITHOUT RESTRAINTS. HOW DO YOU JUSTIFY THESE DISCREPANCIES? PRODUCE DOCUMENTS, DIRECTIVES, POLICIES, EXCEPTION/ORDERS FROM THE DOC COMMISSIONER AUTHORIZING THIS POLICY.

13. DEFENDANT QUIROS - YOU IMPLEMENTED A BLANKET POLICY AT NORTHERN THAT FORCES ALL PRISONERS (A/S, CHRONIC DISCIPLINE AND SPECIAL NEEDS IN I WEST) TO LIE FACE DOWN ON THEIR BUNKS TO HAVE LEG IRONS APPLIED TO THEIR ANKLES PRIOR TO LEAVING THEIR CELLS. THIS ALSO APPLY TO THOSE WITH DISABILITIES, BACK INJURIES, HIP INJURIES, ETC? IF SO, PRODUCE THE DOCU- MENTS, DIRECTIVES, IN HOUSE POLICIES, ORDERS/EXCEPTION FROM THE DOC COMMISSIONER AUTHOR- IZING THIS POLICY. ALSO INCLUDE ANY DOCUMENTS EXCLUDING THOSE WITH DISABILITIES, INJURY FROM THIS POLICY ENFORCED BY YOUR SUBORDINATES.

14. DEFENDANT QUIROS - YOU'VE IMPLEMENTED A POLICY TO CONFISCATE PRISONERS ELECTRONICS, PORN MAGAZINES, CARTOONS/ARTWORK THEY'VE DRAWN, COMIC BOOKS, MAGAZINES WITH WOMEN MODELING SWIMSUITS/LINGERÉ, BOOKS WITH SEX ACTS, BATTERIES AND SNEAKERS/FOOTWARE, UPON RECEIVING A DISCIPLINARY INFRACTION(S). YOU ENACTED THIS POLICY SOLELY TO PUNISH PRISONERS BEFORE THEIR DR HEARING, IF NOT, WHY IS DONE ON A REGULAR BASIS? PRODUCE DOCUMENTS, DIRECTIVES, POLICY, ORDERS/EXCEPTION MADE BY THE DOC COMMISSIONER

To SUPERCEDE DOC Administrative Directives 9.4 AND 9.5 

15. DEFENDANT QUIROS - PLAINTIFF WROTE YOU CONCERNING DEFENDANT SAYLOR DESTROYING HIS CELL ON APRIL 19, 2010 AND CONFISCATING HIS PROPERTY WITHOUT ISSUING A RECEIPT. AGAIN, THE PLAINTIFF WROTE YOU CONCERNING SAID DEFENDANT SAME ACTIONS ON DECEMBER 22, 2010 WITH NO A.D. PLACEMENT ORDER AND NO CONFISCATION RECEIPT. TO DATE YOU FAILED ADDRESS THESE ISSUES ON YOUR TOURS OF 1WEST UNIT ON DECEMBER 23RD AND 29th. WHY WERE YOU LAUGHING AT THE PLAINTIFF'S FOOTWARE WHILE HE WAS AT RECREATION IN HIS SHOWER SHOES?  PRODUCE COPIES OF THE 1WEST UNIT LOGBOOK FOR THE DATES OF APRIL 19th, ? DECEMBER 23 AND 29th 2010, PRODUCE VIDEO SURVEILLANCE FOOTAGE OF THE PLAINTIFF IN THE REC YARD IN SHOWER SHOES ON THE DATES OF DEC. 23 AND 24th , PRODUCE DOCUMENTS AND ALL REQUESTS SUBMITTED ON DEFENDANT SAYLOR HARASSMENT AND THE DOCUMENTS OF THE IN-VESTIGATION CONDUCTED INTO THE PLAINTIFF'S APRIL 19th AND DEC. 22, 2010 DESTRUCTION/CON-FISCATION OF HIS PROPERTY WITHOUT DOCUMENTATION, RECEIPTS OR FOLLOWING SET PROTOCOL BY SAID DEFENDANT.

16. DEFENDANT QUIROS - YOU SPECIFICALLY MADE THE TIER MAN TIERS (LOWER 123-125 AND UPPER 223-225 TO HOUSE LEVEL 4 SPECIAL NEEDS PRISONERS. THIS IS WHY THESE CELLS ARE EQUIPPED WITH RUNN-ING WATER THAT'S NOT ON TIMERS AND ELECTRICITY OUTLETS FOR ELECTRONICS. PLEASE EXPLN WHY SPECIAL NEEDS PRISONERS ARE NOT HOUSED TOGETHER ON SAID TIERS, BUT ARE PLACED WITH LEVELS A/S AND CHRONIC DISCIPLINE PRISONERS WHO ARE MENTALLY DISTURBED, DISRUPTI-POUR WATER, URINE, FECES INTO THE VENTS, TRIP THE POWER OF THE CELLS OF SPECIAL NEEDS PRISONERS, ETC - ISN'T THIS A SAFETY AND SECURITY BREACH AND THIS IS WHY 1WEST CELL DO NOT HAVE ELECTRICITY OUTLETS AND WATER ON TIMERS FOR A/S LEVEL S PRISONERS? PRODUCE THE STATUS OF PRISONERS JOHNATHAN GUZMAN, SHAKA SYKES, CRUZ ROSADA AND DANIEL COOK. PRODUCE DOCUMENTS AS TO WHY THE PLAINTIFF IS NOT HOUSED WITH BOBBY BEALE, JOHN BARLETTA, VERNON COWAN ON THE SAME TIER/VINCINITY, PRODUCE DOCUMENTS AS TO WHY SPECIAL NEEDS TIERS ARE NOT KEPT STRICTLY FOR SPECIAL NEEDS PRISONERS AS DESIGNED AND THE ORDER/EXCEPTION FROM THE DOC COMMISSIONER AUTHORIZING THIS SAFETY/SECURITY BREACH.

17. DEFENDANT LITTLE - YOU REFUSE TO PLACE THE PLAINTIFF ON THE UPPER TIER WITH OTHER SPECIAL NEEDS PRISONERS (BOBBY BEALE AND JOHN BARLETTA) WHO ARE QUIET, KEEP TO THEMSELVES AND CONVERSE WITH ONE ANOTHER. YET, YOU CONTINUE TO PLACE LEVELS A/S AND MENTALLY DIS-TURBED INMATES ON BOTH UPPER/LOWER TIERS IN YOUR UNIT, WHY?  PRODUCE 1WEST UNI LOGBOOK(S), INMATE ROSTER SHEETS SHOWING JOHNATHAN GUZMAN, SHAKA SYKES, CRUZ ROS ADA AND DANIEL COOK WERE PLACED AND HOUSED WITH SPECIAL NEEDS PRISONERS ON TIER DESIGNED FOR LEVEL 4 SPECIAL NEEDS PRISONERS, AND THE EXCEPTION/ORDER FROM THE DOC COMMIS IONER AUTHORIZING THIS SECURITY BREACH.

18. DEFENDANT LITTLE - YOU IMPLEMENTED A TWO (2) HOUR RECREATION PERIOD FOR SPECIAL NEEDS PRISONERS IN YOUR UNIT (1WEST) WITH NO RESTROOM BREAKS, NO WATER BREAKS AND NO LUNCH BREAKS (FORCING PRISONERS TO EAT COLD FOOD). IF THE PLAINTIFF NEED OR WANT ANY O' THE MENTIONED BREAKS + HIS REC IS FORFEITED ACCORDING TO YOU. PRODUCE THE DOCU-

MENTS, DIRECTIVES, IN HOUSE POLICY, ORDER/EXCEPTION BY THE DOC COMMISSIONER GIVING YOU AUTHORIZATION TO ENFORCE SAID POLICY AND DEFENDANT QUIROS WRITTEN AUTHORIZATION CONDONING SAID POLICY YOU ENACTED.

19. DEFENDANT LITTLE - YOU HAVE A ~~CONSTITUTIONAL RIGHT~~ BLANKET POLICY TO STRIP SEARCH ALL PRISONERS IN YOUR UNIT PER THE SIGNS TAPED TO THE REC YARD DOORS STATING PER YOUR ORDERS. IS THIS POLICY IN COMPLIANCE TO A.D. 6.7 SEARCHES? IF NOT, EXPLAIN HOW YOU SUPERCEDE SAID DIRECTIVE? PRODUCE THE ORDER/EXCEPTION BY THE DOC COMMISSION TO A.D. 6.7 ALLOWING THIS POLICY TO BE CIRCUMVENTED, PRODUCE MEMOS, ORDERS FROM DEFENDANT QUIROS AUTHORIZING THIS POLICY TO BE ENFORCED, PRODUCE DIRECTIVES, UNIT POLICY AND OTHER DOCUMENTATION AUTHORIZING THE BLANKET STRIP SEARCHES.

20. DEFENDANT LITTLE - YOU GAVE VERNON COWAN A LOANER T.V. (HIS THIRD) AFTER HE DESTROYED TWO PREVIOUS LOANER T.V.'S AND USED THE PIECES OF ONE TELEVISION HE DESTROYED TO FASH INTO A WEAPON AND THREATENED DOC STAFF. WHY DID YOU GIVE HIM A THIRD TELEVISION ON NOVEMBER 18TH 2010, AND NEVER AFFORDED THE PLAINTIFF A LOANER T.V, AFTER YOU SIGNED OFF ON DAMAGED CONTRABAND PROPERTY DEFENDANT KITT DESTROYED? PRODUCE THE PROPER RECEIPT FOR VERNON COWAN (INM-ST-222) ON NOVEMBER 18, 2010 WITH YOUR SIGNATURE AND DEFENDANT KITT'S SIGNATURE.

21. DEFENDANT LITTLE - ON DECEMBER 20, 2010. YOU GAVE SPECIAL NEEDS INMATE VERNON COWAN A CONVERTER BOX, ADAPTER AND COAXIAL CABLE FOR HIS LOANER T.V. ~~DECEMBER 20~~ YOU GAVE LOANER T.V'S TO BOBBY BEALE, WILLIE BRYANT AND NOW VERNON COWAN - WHY WAS THE PLAINTIFF EXCLUDED FROM RECEIVING A LOANER T.V. AFTER IT WAS DISCOVERED DOC STAFF DE-STROYED HIS PROPERTY? IS IT BECAUSE YOU ENJOY HARASSING/RETALIATING AGAINST THE PLAINTIFF? IF NOT, WHY? PRODUCE ANY AND ALL DOCUMENTS OF YOU ATTEMPTING TO PROVIDE A LOANER T.V. TO THE PLAINTIFF.

22. DEFENDANT FAUCHER - YOU STATED AN INQUIRY WAS CONDUCTED TO DEFENDANT PAFUMI HARASSING ME AND DEFENDANT SAYLOR DESTROYING MY CELL APRIL 19, 2010. PRODUCE THE DOCUMENTS GENERATED FROM THE APRIL 19, 2010 INCIDENT WITH DEFENDANT SAYLOR THAT WAS ALLEGEDLY INVESTIGATED AND THE JUNE 29, 2010 INCIDENT WITH DEFENDANT PAFUMI WHICH YOU STATED AN INQUIRY WAS CONDUCTED. PRODUCE ALL DOCUMENTS STEMMING FROM SAID INQUIRY.

23. DEFENDANT POWERS - YOU STATED IN YOUR JUNE 23, 2010, RESPONSE THAT NO EVIDENCE OF ~~THE~~ DEFENDANT PAFUMI REMOVING PLAINTIFF'S PROPERTY FROM HIS CELL ON MAY 25, 2010. PRODUCE COPIES OF THE INTERVIEWS WITH STAFF, DOCUMENTS PRODUCED IN THE INQUIRY/INVES-TIGATION AND DOCUMENTS TO CONCLUDE YOUR DECISION THAT THE PLAINTIFF'S CLAIMS OF RETALIATION AND THEFT OF PROPERTY HAD NO MERIT.



(5) OF (7)

24) DEFENDANT LITTLE - ON JANUARY 4, 2011, YOU PLACED THE PLAINTIFF ON ISOLATED REC STATUS FROM OTHER SPECIAL NEEDS PRISONERS (BOBBY BEALE AND JOHN BARLETTA) FOR WHAT REASONS? PRODUCE DOCUMENTS THE PLAINTIFF AND SAID PRISONERS ARE ON SEPARATION STATUS DUE TO BEING ENEMIES, PRODUCE DOCUMENTS FROM DEFENDANT QUIROS AUTHORIZING SAID SEPARATION STATUS, PRODUCE DOCUMENTS OF THE NOTICES TO THE PLAINTIFF AND PRISONERS ON SPECIAL NEEDS IN IWEST THAT THEY REC INDIVIDUALLY AT DIFFERENT TIMES FROM EACH OTHER IN ISOLATION.

25) DEFENDANT LITTLE - THE PLAINTIFF, BOBBY BEALE AND JOHN BARLETTA WERE GIVE REC TOGETHER FOR ALMOST A YEAR WITHOUT INCIDENT. WHY ALL OF A SUDDEN YOU CHANGED RECREATION TO ISOLATE THEM FROM ONE ANOTHER? PRODUCE DOCUMENTS, INCIDENT REPORTS, DRs FROM REC YARD INCIDENTS INVOLVING THE NAMED PRISONERS / PLAINTIFF.

26) DEFENDANT LITTLE - YOU CONTINUE TO USE ISOLATION TO KEEP THE PLAINTIFF FROM PRISONERS BEALE AND BARLETTA ALTHOUGH THEY GET ALONG WITH ONE ANOTHER AND PREFER EACH OTHERS COMPANY. WHY ARE YOU SO HELL BENT ON SEPARATING THE THREE PRISONERS WHO GET ALONG WITH ONE ANOTHER? PRODUCE DOCUMENTS TO YOUR POLICY AND REASONS TO ISOLATE / SEPARATE THE PLAINTIFF FROM THE NAMED PRISONERS. THE AUTHORIZATION TO SEPARATE / ISOLATE THE PRISONERS FROM THE PLAINTIFF, AND THE MEMO ISSUED TO THE PLAINTIFF/PRISONERS TO ISOLATE THEM AT REC TIME.

27) DEFENDANT LITTLE - YOUR SOLE REASON TO ISOLATE THE PLAINTIFF FROM THE ABOVE MENTIONED PRISONERS IS TO STOP THE LEGAL ADVICE AND DISCUSSIONS ON HOW TO LITIGATE THE ABUSES YOU AND THE DEFENDANTS INFLICT ON THEM. IF NOT, WHAT JUSTIFICATIONS DO YOU HAVE TO ISOLATE AND SEPARATE THEM FOR? PRODUCE DOCUMENTS / EVIDENCE.

28) DEFENDANT LITTLE - YOU PLACED THE PLAINTIFF ON FULL RESTRAINTS / HANDCUFFED BEHIND THE BACK RECREATION ALONE STATUS IN COLLUSION WITH DEFENDANT QUIROS FROM DATES JULY 29 THROUGH AUGUST 10, 2010, WHY DID YOU PLACE THE PLAINTIFF ON THE ABOVE MENTIONED STATUS FOR PUNISHMENT PURPOSES? PRODUCE THE RESTRICTIVE HOUSING UNIT PLACEMENT ORDER PLACING ME ON REC ALONE FULL RESTRAINT STATUS, PRODUCE THE DISCIPLINARY REPORT TO PLACE THE PLAINTIFF ON SAID STATUS AND A COPY OF THE IWEST LOG BOOK FOR THE DATES OF JULY 28th AND JULY 29, 2010.

29) DEFENDANT FAUCHER - ON 12/29/10 DEFENDANT QUIROS STATED THE PLAINTIFF'S REQUEST ON 12/23/10 CONCERNING DEFENDANT SAYLOR'S ACTIONS WERE FORWARDED TO YOU. DID YOU RETURN THE PLAINTIFF'S PROPERTY AND REPRIMAND DEFENDANT SAYLOR? IF NOT, WHY? PRODUCE DOCUMENTS OF STATEMENTS FROM CO'S SCHMIDT, BOWMAN, SHEPPARD AND CPT. RAE, PROVIDE A COPY OF IWEST UNIT LOGBOOK FOR 12/22/10, PROVIDE ANY AND ALL DOCUMENTS GENERATED FROM YOUR INQUIRY / INVESTIGATION INCLUDING THE VIDEO SURVEILLANCE TAPE IN IWEST UNIT FACING CELL 124 ON 12/22/10 3:20PM - 4:20PM

(6) OF (7)



30. DEFENDANT POWERS-WHAT PROGRAMS, PRIVILEGES, WORK ASSIGNMENTS AND CLASSES ARE AVAIL FOR THE PLAINTIFF/SPECIAL NEEDS PRISONERS HOUSED IN 1WEST? PRODUCE CRITERIA FOR MEETING PROGRAM REQUIREMENTS. PRODUCE DOCUMENTS OF THE CLASSES/LESSONS AND OTHER PROGRAM CRITERIA TO ADVANCE AND/OR WORK ONE'S WAY OUT OF THE PUNITIVE CONDITIONS IN 1WEST BE PLACED IN 3WEST WITH OTHER SPECIAL NEEDS PRISONERS WHO ARE AFFORDED PRIVILEGES NOT GIVE TO THE PLAINTIFF.

31. DEFENDANT LITTLE — WAS SPECIAL NEEDS "FUCK YOU" STATUS DESIGNATED IN 1WEST THREE EN TIER (123-125 LOWER AND 223-225 UPPER) ASSIGNED ONLY FOR LEVEL 4 SPECIAL NEEDS PRISON IF SO, WHY ARE SPECIAL NEEDS PRISONERS IN YOUR UNIT SCATTERED AROUND AND MIXED W ALL LEVEL 5 PRISONERS? PRODUCE HOUSING ASSIGNMENT ROSTERS FROM 2009 (JAN.) TO THE PRESENT DATE FOR THE 1WEST THREE MAN TIERS (123-125 AND 223-225). PRODUCE AUTH ZATION FROM DEFENDANT QUIROS AND THE DOC COMMISSIONER MAKING AN EXCEPTION TO HOU LEVEL 4 SPECIAL NEEDS PRISONERS WITH PHASE I LEVEL 5 ALL PRISONERS AND PRODUCE EA AND EVERY DOC GRIEVANCE FILED ON YOU FROM 2008 TO THE PRESENT DATE.

32. DEFENDANT SIWICKI — IN YOUR JANUARY 19, 2010 INVESTIGATION INTO THE ALLEGATIONS CONCERNING DEFENDANT KITT'S INVOLVEMENT WITH THE PLAINTIFF, YOU STATED YOU FOUND NO EVIDEN HOW DID YOU COME TO THAT CONCLUSION WITHOUT REVIEWING EVIDENCE NOR CONTACTING EI WITNESSES THE PLAINTIFF NAMED? PRODUCE ALL DOCUMENTS GENERATED FROM SAID INVESTIGATION OUTLINED IN DOC A.D. 1.10, COPIES OF INTERVIEWS WITH STAFF WITNESSES, INTERVIEWS/STATEMEN FROM THE PLAINTIFF'S FORMER CELL MATES, COPIES OF CARTOONS, LETTERS, POEMS GIVEN TO DEFEN KITT AND ANY OTHER EVIDENCE/DOCUMENTS GENERATED AS A RESULT FROM THE INVESTIGATION

33. DEFENDANT SIWICKI — IN YOUR INVESTIGATION CONCERNING THE DESTRUCTION OF THE PLAINTIFF PROPERTY (MARCH 3 — MARCH 16, 2010) HOW DID YOU COME TO THE CONCLUSION NO CONCRETE EV DENCE OF HOW PROPERTY IN THE POSSESSION OF THE ONLY TWO PEOPLE AT NORTHERN (KITT AN PAFUMI) THE PLAINTIFF WAS HAVING PROBLEMS WITH AT THAT TIME, WASN'T DESTROYED BY SAID DEFENDANTS? PRODUCE ALL DOCUMENTS GENERATED PER A.D. 1.10 TO TH INVESTIGATION, PRODUCE STAFF STATEMENTS, INMATE WITNESSES, PHOTOGRAPHS AND ANY ADDITI REPORTS.

34. DEFENDANT KITT — WHY WOULD YOU ACCEPT GIFTS, LETTERS, POEMS, CARDS FROM THE PLAINTIFF, IRA ALSTON, DANIEL RILES, JOSHUA RAMOS AND COUNTLESS OTHER PRISONERS AND GIVE YOUR PHONE NUMBER TO ANGEL "TITO" RIVERA PRIOR TO HIS DISCHARGE IN 2008 (WHILE HE WAS IN THE CELL WITH CHARLES TUCKER) KNOWING THIS WAS AGAINST DOC POLICY? (REMEMBER, YOU ARE UNDER OATH)

CARNELL HUNNICUTT, JR. #229<br>
NORTHERN C.I. P.O. BOX 6<br>
SOMERS, CT 06071

## CERTIFICATION

I HEREBY CERTIFY THAT A COPY OF THE FOLLOWING WAS MAILED ON 1/5/11 TO:
A.A.G. MATTHEW B. BEIZER AT 110 SHERMAN ST. HARTFORD, CT 06105



(7) OF (7)

# EXHIBIT E

**GEORGE C. JEPSEN**
ATTORNEY GENERAL



**MacKenzie Hall**
**110 Sherman Street**
**Hartford, CT  06105-2294**

Office of The Attorney General
## State of Connecticut

*Tel: (860) 808-5450*
*Fax: (860) 808-5591*

January 10, 2011

Carnell Hunnicutt, No. 229589
Northern Correctional Institution
287 Bilton Road
P.O. Box 665
Somers, CT  06071

RE:   **Carnell Hunnicutt v. Tawanda Kitt, et al.**
      **No. 3:10CV857(CSH)**

Dear Inmate Hunnicutt:

I represent the defendants in the above matter. You have filed three separate set of discovery requests: October 4, 2010, December 6, 2010, and January 5, 2011. Pursuant to F.R.C.P. 26(c), I intend to move for a protective order to allow the defendants to not have to respond to the 2nd and 3rd set of your discovery. It is the defendants' position that the issues in your lawsuit are clear and straightforward and that the additional discovery is simply to annoy and burden the defendants. Pursuant to the rule, I am required to first confer with you to attempt to resolve this issue. Accordingly, please accept this letter as a formal request that you withdraw your 2nd and 3rd set of discovery requests.

Very truly yours,

Matthew B. Beizer
Assistant Attorney General

MBB/ni



DEFENDANTS
Tawanda Kitt, et al.

GEORGE JEPSEN
ATTORNEY GENERAL

BY:

Matthew B. Beizer
Assistant Attorney General
Federal Bar No. ct16304
110 Sherman Street
Hartford, CT  06105
Tel.: (860) 808-5450
Fax: (860) 808-5591
matthew.beizer@ct.gov

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed in accordance with Rule 5(b) of

the Federal Rules of Civil Procedure on this 11th day of January, 2011 to:

Carnell Hunnicutt, No. 229589
Northern Correctional Institution
287 Bilton Road
P.O. Box 665
Somers, CT  06071

Matthew B. Beizer
Assistant Attorney General

2

STATE OF CONNECTICUT
OFFICE OF THE ATTORNEY GENERAL
MATTHEW E. BEIZER -- A.A.G.
MOS HEINANST.
HARTFORD, CT 06105

MR. CARNELL HUNNICUTT, SR.
# 229587
NORTHERN C.I. P.O. Box665
SOMERS, CT 06071

JANUARY 14, 2011

RE: CARNELL HUNNICUTT v. TAWANDA KITT, ET AL. NO. 3:10CV 857(CSH)

DEAR SHYTER BEIZER,

I RECEIVED THE SO-CALLED DISCOVERY RECEIVED ON THE ABOVE DATE. I HAD NOT RECEIVE ANY OF THE DOCUMENTS REQUESTED ON OCT. 11, 2010. IN YOUR LETTER DATED JAN 10TH YOU STATED THE DEFENDANTS POSITION THAT SERVED IN YOUR (ANSWER) ARE CLEAR AND STRAIGHTFORWARD... "IF THIS IS SO, YOU AND THEN THE DEFENDANTS SHOULD HAVE KNOWN MY REQUEST FOR DUTY ROSTER ROSTERS REQUESTED (DON'T) THAT DEFENDANT KITT WORKED THE UNITED AS STATED IN THE COMPLAINT (AS WILL THE LOSS OF EVIDENCE (DISPUTED)). THE REQUESTS FOR PERSONAL INFORMATION (EXCLUDING MEDICAL, S.S. NUMBERS, PHONE NUMBERS, HOME ADDRESS (ET, ETC), GRIEVANCES COMPLAINTS & INVESTIGATIONS WILL PROVE A PATTERN OF THE DEFENDANTS ABUSES OVER THE YEARS ON / AGAINST PRISONERS. THE LOCATIONS OF MY FORMER CELL MATES WERE REQUESTED TO NOT ONLY VERIFY MY CLAIMS BUT TO PROVIDE STATEMENTS OF EYE WITNESS ACCOUNTS AND FIRSTHAND KNOWLEDGE OF WHAT OCCURRED BETWEEN DEFENDANT KITT AND MYSELF. THE RENDITIONS YOU SENT ARE EVASIVE, UNTRUTHS, MIS-CALCULATING/MISLEADING AND THE WORST I'VE ENCOUNTERED IN OVER A DECADE OF LITIGATING. HOWEVER, I WILL NOT STOOP TO YOUR LEVEL AND WILL BE WILLING TO WITHDRAW MY 2ND AND 3RD SETS OF DISCOVERY. IF IM PROVIDED WITH DISCOVERY (DENIED) REQUEST FOR PRODUCTION OF DOCUMENTS) AND/OR ALLOWED TO LOOK THROUGH RELEVANT FILES TO IDENTIFY PARTICULAR FILES / DOCUMENTS THAT PERTAIN TO MY CASE. TO TAKE NOTES AND DEFENDANTS NEED NOT COPY ALL THE FILES FOR ME. THIS REQUEST IS MORE THAN FAIR.

C. U. H. —k
CARNELL HUNNICUTT, SR. # 229587
NORTHERN C.I. P.O. Box 665
SOMERS, CT 06071          (19)

CC: HUNNICUTT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CARNELL HUNNICUTT, SR.
v.
TAWANDA KITT, et al

CIVIL CASE NO. 3:10CV857 (CSH)

MARCH 7, 2011

BRIEF IN SUPPORT OF MOTION TO COMPEL DISCOVERY

THIS IS A §1983 ACTION FILED BY A PRISONER AT NORTHERN CORRECTIONAL INSTITUTION SEEKING DAMAGES, A DECLARATORY JUDGMENT AND INJUCTIVE RELIEF BASED ON THE RETALIATION, DENIAL OF PROCEDURAL DUE PROCESS AND THE ADVERSE ARBITRARY PUNISHMENT INFLICTED BY THE DEFENDANTS ~~FROM~~ ON PLAINTIFF FOR EXERCISING CONSTITUTIONAL RIGHTS.

STATEMENT OF FACTS

PLAINTIFF ATTEMPTED TO OBTAIN INFORMATION THROUGH THE FREEDOM OF INFORMATION ACT PERTAINING TO THIS CIVIL ACTION WHICH WAS EITHER DENIED OR IGNORED CONCERNING ILLEGAL POLICIES IMPLEMENTED, DEFENDANTS MISCONDUCT, GRIEVANCES FILED ON MISCONDUCT/MALFEASANCE, DISCIPLINARY INFRACTIONS/DISCIPLINARY RECORDS, LAWSUITS, PERSONNEL INFORMATION, PERFORMANCE EVALUATIONS, RECORDS OF MISCONDUCT/MALFEASANCE AND ARREST RECORDS. PLAINTIFF ALSO ATTEMPTED TO OBTAIN THE DECEMBER 22, 2010 VIDEO IMAGING OF DEFENDANT SAYLOR RETALIATING AGAINST PLAINTIFF FOR BEING SUED. DUE TO NOT OBTAINING THE ABOVE MENTIONED ITEMS THROUGH THE FREEDOM OF INFORMATION ACT (EXCLUDING F.O.I.A. FOR THE 12/22/10 INCIDENT) PLAINTIFF INCORPORATED SAID ITEMS IN HIS DISCOVERY REQUEST DATED JANUARY 5, 2011 (THE SECOND REQUEST FOR PLAINTIFF'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS). DEFENDANTS AND THEIR COUNSEL HAVE FAILED TO ANSWER ADMISSIONS AND INTERROGATORIES SUBMITTED ON DECEMBER 6, 2010, OF THE CONTINUATION OF THE FIRST SET OF DISCOVERY REQUESTED.        PLAINTIFF SUBMITTED A SECOND SET OF DISCOVERY TO AVOID CONFUSION AND NOT TO OVERWHELM DEFENDANTS COUNSEL ON JANUARY 5, 2011, TO COMPLETE DISCOVERY REQUESTS. TO DATE, COUNSEL FOR THE DEFENDANTS THREATENED TO FILE AN PROTECTIVE ORDER TO DENY PLAINTIFF THE DISCOVERY SOUGHT, AND FAILED TO RESPOND TO THE PLAINTIFF'S EFFORT TO RESOLVE THIS MATTER IN AN AMICABLE WAY. SEE PLAINTIFF'S DECLARATION WITH EXHIBITS A-E

ARGUMENT
POINT I

DEFENDANTS HAVE WAIVED THEIR OBJECTIONS BY THEIR FAILURE TO RESPOND TIMELY TO REQUEST

THE RULES PROVIDE THAT RESPONSES AND OBJECTIONS TO ADMISSIONS, INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS ARE TO BE SERVED WITHIN 30 DAYS OF THE REQUESTS UNLESS THE COURT GRANTS A SHORTER OR LONGER TIME. RULES 33, 34 AND 36 FED. R. CIV. P., THE DEFENDANTS HOWEVER, HAVE NOT PRODUCED THE DECEMBER 6, 2010 FIRST SET OF ADMISSIONS AND INTERROGATORS, NOR MADE ANY MENTION IN DEFENDANTS DECEMBER 21, 2010 RESPONSE TO PLAINTIFF'S MOTION TO COMPEL. TO DATE, DEFENDANTS AND THEIR COUNSEL FAILED TO ANSWER ADMISSIONS, INTERROGATORIES AND PRODUCTION OF DOCUMENTS SUBMITTED JANUARY 5, 2011, AS WELL. THIS IS AN ONGOING STALL TACTIC UTILIZED BY THE DEFENDANTS COUNSEL OVER AND OVER IN ALL CASES THIS PLAINTIFF HAS LITIGATED AND IS A ROUTINE STANDARD PATTERN USED BY THE ATTORNEY GENERAL'S OFFICE.

DEFENDANTS' COUNSEL NOW THREATENS TO FILE AN PROTECTION ORDER TO PREVENT THE PLAINTIFF FROM OBTAINING RELEVANT INFORMATION TO THIS CASE TO PROVE ABUSE, ILLEGAL POLICIES AND DEFENDANTS RECORDS SHOWING A ROUTINE PATTERN OF MISCONDUCT THAT SAID DEFENDANTS WILL NOT PROVIDE THROUGH THE FOIA AND JUST DENY TO PROVIDE ANY INFORMATION TO THE PLAINTIFF. IT IS WELL ESTABLISHED IN FEDERAL PRACTICE THAT "DISCOVERY OBJECTIONS ARE WAIVED IF A PARTY FAILS TO OBJECT TIMELY TO INTERROGATORIES, PRODUCTION REQUESTS, OR OTHER DISCOVERY EFFORTS." GODSEY V. UNITED STATES, 133 F.R.D. 111, 113 (S.D. MISS. 1990); accord, MORRIN V. NATIONWIDE FEDERAL CREDIT UNION, 229 F.R.D. 364, 368 (D. CONN. 2005); SAFECO INS. CO. OF AMERICA V. RAWSTROM, 183 F.R.D. 668, 670-73 (C.D. CAL. 1998); DEMARY V. YAMAHA MOTOR CORP., 125 F.R.D. 20, 22 (D. MASS. 1989) AND CASES CITED. THIS WAIVER IS ENFORCED EVEN IF THE OBJECTIONS ARE BASED ON A CLAIM OF PRIVILEGE. MARX V. KELLY, HART & HALLMAN, P.C., 929 F.2d 8, 12 (1ST CIR. 1991); FONVILLE V. DISTRICT OF COLUMBIA, 230 F.R.D. 38, 42-43 (D.D.C. 2005); FRETZ V. KELTNER, 109 F.R.D. 303, 309 (D. KAN. 1986) AND CASES CITED. THE NONCOMPLYING PARTY IS EXCUSED FROM WAIVER ONLY IF THE DISCOVERY IS "PATENTLY IMPROPER." GODSEY V. UNITED STATES, 133 F.R.D. at 113, OR IF IT "FAR EXCEEDS THE BOUNDS OF FAIR DISCOVERY." KREWSON V. CITY OF QUINCY, 120 F.R.D. 6, 7 (D. MASS. 1998); accord, U.S. ex rel. BURROUGHS V. DeNARDI CORP., 167 F.R.D. 680, 687 (S.D. Cal. 1996).

## POINT II

### THE DISCOVERY SOUGHT IS RELEVANT TO THE CLAIMS AND DEFENSES IN THIS CASE

DEFENDANTS' CANNOT BELATEDLY OBJECT OR FILE MOTION(S) FOR PROTECTION ORDER AFTER RE-PEATEDLY FAILING TO PRODUCE DOCUMENTS REQUESTED BY THE PLAINTIFF THAT ARE RELEVANT AND ESSENTIAL TO THIS CASE. RULE 26(b)(1), Fed. R. Civ. P., PERMITS DISCOVERY OF "ANY NON-PRIV-ILEGED MATTER THAT IS RELEVANT TO ANY PARTY'S CLAIM OR DEFENSE. ... RELEVANT INFORMA-TION NEED NOT BE ADMISSIBLE AT THE TIME OF TRIAL IF THE DISCOVERY APPEARS REASONABLY CALCULATED TO LEAD TO THE DISCOVERY OF ADMISSIBLE EVIDENCE." EACH ITEM SOUGHT BY THE PLAINTIFF IS RELEVANT TO THE CLAIMS AND DEFENSES IN THE CASE, AS EXPLAINED BELOW.

(A) DEFENDANTS PERSONNEL RECORDS, EMPLOYMENT APPLICATION FORMS, PERFORMANCE EVALUATIONS, DISCI-PLINARY RECORDS, DISCIPLINARY INFRACTIONS, GRIEVANCES, LAWSUITS, INVESTIGATIONS AND RECORDS OF MISCONDUCT/MALFEASANCE.

THE DEFENDANTS OBJECTED TO PRODUCING ALL DOCUMENTS THE PLAINTIFF REQUESTED WITH AN VAGUE BLANKET ANSWER AND UNTRUTHS STATING, "THE PLAINTIFF HAS ~~POSSESSION~~ POSSESSION OF THE INCIDENT REPORTS PERTAINING TO THE CLAIMS IN HIS LAWSUIT." PLAINTIFF DOES NOT POSSESS ANY INCIDENT REPORTS CONCERNING THIS MATTER AND IS IRRELEVANT TO DISCOVERY REQUESTED. INCIDENT REPORTS DO NOT ACCOUNT FOR INTERROGATORIES, ADMISSIONS, PRODUCTION OF DOCUMENTS NOR THE REQUESTED DOCUMENTS MENTIONED ABOVE, TO SHOW A PATTERN OF ABUSE BY THE DEFE-NDANTS. PLAINTIFF SEEKS INFORMATION ABOUT DEFENDANTS PRIOR RECORDS THAT ARE RELEVANT TO THEIR CREDIBILITY AND ABUSE OF AUTHORITY/ABUSE OF PRISONERS. See e.g RAMIREZ V. COUNTY OF LOS ANGELES, 231 F.R.D. 407, 411-12 (C.D. CAL. 2005) (REQUIRING PRODUCTION OF DISCIPLINE AND PERSONNEL COMPLAINTS AGAINST DEFENDANT OFFICER); MARTINEZ V. CORNELL CORRECTIONS OF TEXAS, 229 F.R.D. 211, 212-13 (D.N.M. 2005) (REQUIRING PRODUCTION OF INFORMATION ABOUT OFFICER'S PRIOR MISCONDUCT); SCAIFE V. BOENNE, 191 F.R.D. 590, 595-96 (N.D. IND. 2000) (PLAINTIFF WAS ENTITLED TO DISCOVER INFORMATION ABOUT PREVIOUS COMPLAINTS AGAINST POLICE OFF-ICERS, SINCE PAST CONDUCT IS RELEVANT TO PUNITIVE DAMAGES: THE FACT THAT THESE WERE NOT

"PUBLIC RECORDS" UNDER STATE LAW DID NOT PROTECT THEM FROM FEDERAL DISCOVERY); BRANDON v. BEARD, 140 F.R.D. 328, 329 (M.D. PA 1991) (DIRECTING PRODUCTION OF PORTIONS OF PERSONNEL RECORDS).

(B) THE LOCATION(S) OF THE PLAINTIFF'S FORMER CELLMATES / WITNESSES WHO CAN VERIFY AND ~~SUBSTANTIATE~~ SUBSTANTIATE THE PLAINTIFF'S CLAIMS IN THIS MATTER - ERIC ATKINSON #214214 NATHANIEL JOHNSON, JR. #269606 AND DONALD SIMMONS #327517

THE PLAINTIFF SOUGHT THE WHEREABOUTS OF HIS FORMER CELLMATES THAT WERE EXCLUDED/ OMITTED FROM THE SO-CALLED 'INVESTIGATION' THAT WAS ALLEGEDLY CONDUCTED INTO THE RELATIONSHIP OF DEFENDANT KITT AND THE PLAINTIFF BY THE DEFENDANTS. DEFENDANTS AND THEIR COUNSEL OBJECTED AND REFUSED TO PROVIDE SAID INFORMATION CITING, "FOR SAFETY AND SECURITY PURPOSES, THE DEFENDANTS WILL NOT FURNISH INFORMATION CONCERNING OTHER INMATES WITHIN THE CUSTODY OF THE DEPARTMENT OF CORRECTION." PLAINTIFF CAN LEARN THE IDENTITIES AND LOCATION OF WITNESSES AND POTENTIAL DEFENDANTS. See, e.g. MURPHY v. KELLER, 950 F.2d 290, 293 (5TH CIR 1992); HOYT v. CONNARE, 202 F.R.D. 71, 78-79 (D.N.H. 1996); AND SCAIFE v. BOEHNE, 191 F.R.D. 590, 594 (N.D. IND. 2000) (REQUIRING PRODUCTION OF WITNESS'S CONTACT INFORMATION). IF THE COURT DENIES PRODUCTION OF WITNESS CONTACT INFORMATION FOR SECURITY REASONS, IT SHOULD MAKE OTHER ARRANGEMENTS FOR THE PLAINTIFF TO HAVE ACCESS TO THE WITNESS. See KOWALSKI v. STEWART, 220 F.R.D. 599, 602 (D. ARIZ 2004) (REQUIRING DEFENDANTS TO SUBMIT FORMER EMPLOYEE'S ADDRESS TO COURT CLERK SO HE COULD BE SUBPOENAED.)

PLAINTIFF SEEKS DISCOVERY OF ADMISSIONS, INTERROGATORIES AND PRODUCTION OF DOCUMENTS THAT COVERS CRONYISM, INEPTITUDE, ARBITRARY ILLEGAL POLICIES, SEXUAL INVOLVEMENT WHICH RESULTED IN ROUTINE CONSTITUTIONAL VIOLATIONS AGAINST THE PLAINTIFF — ALL DISCOVERY SOUGHT BY THE PLAINTIFF IS HIGHLY RELEVANT. THE PLAINTIFF HAS ALLEGED THAT REPEATED COMPLAINTS ABOUT MISTREATMENT OF PRISONERS HAVE BEEN MADE ABOUT FIVE OF THE TWENTY DEFENDANTS WHILE THE REMAINING DEFENDANTS ACTED IN COLLUSION TO ARBITRARILY PUNISH THE PLAINTIFF. EVIDENCE TO THAT FACT WOULD BE HIGHLY RELEVANT TO THE CLAIM OF SUPER-VISORY LIABILITY AGAINST DEFENDANTS QUIROS, FAUCHER, POWERS, LITTLE AND WEIR, SET OUT IN PARA 139, 141, 142, 144, 146 AND 149 OF PLAINTIFF'S COMPLAINT. See BECK v. CITY OF PITTS-BURGH, 89 F.3d 966, 973-74 (3d CIR. 1996) (CITING PARRISH v. LUCKIE, 963 F.2d 201, 205-06 (8TH CIR. 1992); FOLEY v. CITY OF LOWELL MASS., 948 F.2d 10, 14-16 (1ST CIR. 1991), THIS EVIDENCE MAY ALSO SUPPORT THE CLAIM AGAINST THE OFFICERS THEMSELVES. RULE 404 (b), FED. R. EVIDENCE, PROVIDES, "EVIDENCE OF OTHER CRIMES, WRONGS, OR ACTS IS NOT ADMISSIBLE TO PROVE THE CHARACTER OF A PERSON IN ORDER TO SHOW THAT HE ACTED IN CON-FORMITY THEREWITH. IT MAY, HOWEVER, BE ADMISSIBLE FOR OTHER PURPOSES, SUCH AS PROOF OF MOTIVE, OPPORTUNITY, INTENT, PREPARATION, PLAN, KNOWLEDGE, IDENTITY, OR ABSENCE OF MISTAKE OR ACCIDENT." See BARNES v. CITY OF CINCINNATI, 401 F.3d 729, 741-42 (6TH CIR. 2005) ("INTENT" TO DISCRIMINATE); HENO v. SPRINT/UNITED MGMT.-CO., 208 F.3d 847, 856 (10TH CIR. 2000) (ANECDOTAL EVIDENCE OF DISCRIMINATION ADMISS-IBLE IF INCIDENT CAN BE TIED TO PLAINTIFF'S CIRCUMSTANCES THROUGH, FOR EXAMPLE, COMMON SUPERVISORS AND SAME TIME FRAME); HYNES v. COUGHLIN, 79 F.3d 285, 290-01

(2d Cir. 1996); GUTTIERREZ-RODRIGUEZ V. CARTAGENA, 882 F.3d 553, 572 (1st. Cir. 1989) (EVIDENCE OF 13 PRIOR INCIDENTS OF MISBEHAVIOR BY OFFICER ADMISSIBLE AGAINST SUPER-VISOR TO SHOW KNOWLEDGE).

## POINT III

### DEFENDANTS THREATS TO FILE FOR A PROTECTIVE ORDER IS DONE SOLELY TO CONCEAL INFORMATION SOUGHT BY THE PLAINTIFF THAT INCRIMINATES DEFENDANTS

PLAINTIFF SUBMITTED THREE SETS OF DISCOVERY REQUESTS TO AVOID CONFUSION AND NOT TO OVERWHELM DEFENDANTS' COUNSEL. PLAINTIFF'S AMENDED COMPLAINT ADDED MORE PARTIES WHICH CALLED FOR ADDITIONAL REQUESTS FOR ADMISSIONS, INTERROGATORIES AND SECOND SET FOR PRODUCTION OF DOCUMENTS.    TO DATE, DEFENDANTS COUNSEL PROVIDED EVASIVE, MISLEADING AND UNTRUE ADMISSIONS FOR DEFENDANTS KITT, PAFUMI, MARINELLI, QUIROS, FAUCHER, WEIR, SIWICKI, POWERS, CAHILL, LITTLE, WILSON, DICIOCCIO, COMIER, KROB, PETERSON AND LAJOIE,   DEFENDANTS SHARP, SAYLOR, MUMIN AND TOURANGEAU ADMISSIONS AND INTERROGATORIES WERE NOT ANSWERED THAT WERE SUBMITTED DECEMBER 6, 2010 ALONG WITH INTERROGATORIES FOR THE ORIGINAL DEFENDANTS ON SAID DATE.   THE SECOND SET FOR ALL NAMED DEFENDANTS REGARDING DISCOVERY (ADMISSIONS, INTERROGATORIES AND PRODUCTION OF DOCUMENTS) SENT ON JANUARY 5, 2011, ALSO IS UNANSWERED.  DEFENDANTS' COUNSEL DEEMS THIS IS 'ADDITIONAL' DISCOVERY TO SIMPLY "ANNOY" AND "BURDEN" THE DEFENDANTS — THIS IS NOT THE CASE.   PLAINTIFF ATTEMPTED TO GET A BULK OF THE INFORMATION SOUGHT THROUGH THE FREEDOM OF INFORMATION ACT AND THE DEFENDANTS THEMSELVES. BOTH ATTEMPTS FAILED — THE DEFENDANTS' BASICALLY IGNORED THE PLAINTIFF'S REQUEST(S) SINCE THE MONTH OF NOVEMBER 2010 TO THE PRESENT DATE. EFFORTS TO RESOLVE THE DISCOVERY ISSUE WITH DEFENDANT'S COUNSEL HAVE FAILED ON THEIR PART TO ANSWER PLAINTIFF'S LETTER IN RESPONSE TO THE JANUARY 10, 2011, LETTER THREATENING A PROTECTION ORDER FROM DEFENDANTS' COUNSEL.   RULE 26(b)(2)(c) OF THE Fed.R.Civ.P., SHOULD NOT APPLY TO THIS MATTER DUE TO THE FACT : ① PLAINTIFF SOUGHT DISCOVERY ELSEWHERE AND WAS DENIED BY STATE LAW ② DEFENDANTS IGNORED/DENIED PLAINTIFF'S REQUESTS FOR INFORMATION AND ③ DISCOVERY SOUGHT IS NOT MEANT TO ANNOY, BURDEN NOR HARASS DEFENDANTS.  IF A PARTY CLAIMS THAT CERTAIN DISCOVERY WILL BE EXCESSIVELY BURDENSOME, IT MUST DEMOSTRATE THE WHY THAT IS THE CASE. See REDLAND SOCCER CLUB, INC. V. DEPT OF THE ARMY, 55 F.3d 827, 856 (3Cir. 1995); McLEOD, ALEXANDER, POWEL & APPEL, P.C. V. QUARLES, 894 F.2d 1482, 1485 (5th Cir. 1990); ST. PAUL REINSURANCE CO., LTD. V. COMMERCIAL FINANCIAL CORP., 198 F.R.D. 508, 511–13 (N.D. Iowa 2000).

PLAINTIFF ATTEMPTED TO EASE ANY BURDEN ON THE DEFENDANTS PERTAINING TO DISCOVERY BY AGREEING IF THE DEFENDANTS ALLOWED HIM TO LOOK THROUGH RELEVANT FILES TO IDENTIFY PARTICULAR DOCUMENTS/FILES THAT PERTAIN TO THIS CASE TO TAKE NOTES — AND PRODUCE DOCUMENTS FIRST REQUESTED, PLAINTIFF WOULD BE WILLING TO WITHDRAW THE 2ND AND 3RD SETS OF DISCOVERY.  TO DATE, DEFENDANTS FAILED TO RESPOND.
FOR THESE REASONS THE MATERIALS SOUGHT IS RELEVANT AND SHOULD BE PRODUCED.

## CONCLUSION

FOR THE FOREGOING REASONS, THE COURT SHOULD GRANT PLAINTIFFS MOTION TO COMPEL DISCOVERY.

CARNELL HUNNICUTT, JR. #229589
NORTHERN C.I. P.O. Box 665
SOMERS, CT 06071


CERTIFICATION

I HEREBY CERTIFY THAT A COPY OF THE ~~FOLLOWING~~ BRIEF IN SUPPORT TO MOTION TO COMPEL DISCOVERY WAS MAILED ON MARCH 7, 2011, TO: A.A.G. MATTHEW B. BEIZER 110 SHERMAN STREET HARTFORD, CT 06105

(5)

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Connecticut

CARNELL HUNNICUTT, SENIOR )
        *Plaintiff* )
v. ) Civil Action No. 3:10CV857 (CSH)
  )
TAWANDA KITT, ET AL ) (If the action is pending in another district, state where:
        *Defendant* )                     )

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: TAWANDA KITT, ANGEL QUIROS AND MELVIN SAYLOR

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: COMPACT DISC CONTAINING VARIOUS VIEWS OF THE 1 WEST TIER AND CELL 124 12/22/10 BETWEEN THE HOURS OF 3:10PM TO 4:30PM AND 1 WEST SOUTH REC YARD ON 12/23/10 BETWEEN HOURS OF 10AM - 11AM AS WELL AS 1 WEST SOUTH REC YARD ON 12/24/10 BETWEEN HOURS OF 11AM - 1:30PM

| Place: | Date and Time: |
|---|---|
| NORTHERN C.I. 287 BILTON RD. SOMERS, CT 06071 | MARCH 15  2011    10AM |

☑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| NORTHERN C.I. P.o. Box 665 287 BILTON RD SOMERS, CT 06071 | MARCH 15  2011      10AM |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____

          *CLERK OF COURT*
                             OR

_____       C. O.H.
  *Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* CARNELL HUNNICUTT, SR. NORTHERN C.I. 287 BILTON RD SOMERS, CT 06071 , who issues or requests this subpoena, are:

MR. CARNELL HUNNICUTT, SENIOR — PRO SE
C. O.H.

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CARNELL HUNNICUTT, SR.
   v.
TAWANDA KITT, ETAL

CIVIL CASE No. 3:10CV 857 (CSH)

MARCH 7, 2011

## MOTION FOR WAIVER OF FEES

THE PRO SE PLAINTIFF REQUESTS THAT THE COURT WOULD WAIVER FEES TO ISSUE AND
SERVE THE SUBPOENA ON DEFENDANTS TO PRODUCE FOR INSPECTION THE 12/22/10 VIDEO
DISC AND ALSO VIDEO DISC'S FOR 12/23/10 AND 12/24/10. DEFENDANTS AND THEIR
COUNSEL REFUSES TO PROVIDE SAID INFORMATION THROUGH DISCOVERY — WHICH LEAVES
PLAINTIFF NO OTHER CHOICE BUT TO FILE A SUBPOENA TO INSPECT THE MENTIONED
VIDEO DISC'S.   SINCE THE PLAINTIFF IS IN in forma pauperis, THE COURT THROUGH
THE U.S. MARSHAL IS RESPONSIBLE OF SERVICE.  28 U.S.C. § 1915(d) ("THE OFFICER'S OF
THE COURT SHALL ISSUE AND SERVE ALL PROCESS, AND PERFORM ALL DUTIES IN SUCH CASES.")
See U.S. V. MEANS, 741 F.2d 1053, 1055 (8TH CIR. 1984) (en banc) (POINT CONCEDED BY
GOVERNMENT); JACKSON V. BRINKER, 147 F.R.D. 189, 193 & n.1 (S.D. IND. 1993) ("THE
MARSHALS SERVICE WAS DIRECTED TO ~~SUBPOENA~~ SERVE THE PLAINTIFF'S SUBPOENA PURSUANT
TO IT'S DUTIES UNDER 28 U.S.C. § 1915(C)."  DEFENDANTS WILL NOT ALLOW PLAINTIFF
TO REVIEW THE VIDEO DISC'S WITHOUT A SUBPOENA. SEE ATTACHED DOCUMENTS.

CARNELL HUNNICUTT SR. # 29589
NORTHERN C.I. P.O. BOX 665
SOMERS, CT 06071

## CERTIFICATION

I HEREBY CERTIFY THAT A COPY OF THE FOLLOWING WAS MAILED ON MARCH 7,
2011, TO: A.A.G. MATTHEW B. BEIZER AT 110 SHERMAN ST. HARTFORD, CT 06105

RE QUEST

CARNELL HUNNICUTT, SR. #229589  1WEST - 124          DECEMBER 27, 2010

TO: WARDEN QUIROS

I WANT THE VIDEO CAMERA SURVEILLANCE FOOTAGE FACING 1WEST UNIT-CELL 124 ON 12/22/10 AT 3:20PM TO 4:15PM PRESERVED FOR PENDIN LITIGATION (HUNNICUTT v. KITT, etal 3:10 CV 857 (CSH) THE VIDEOTAPE WILL SHOW LT. MELVIN SAYLOR WITH A CAN OF MACE THREATENING ME WITHOUT A CAMERA, WITHOUT M.H.U. STAFF AND WITHOUT A NOTICE OF PLACEMENT ORDER STATING I WAS ON A.D. STATUS (WHICH HE TOLD ME I WAS ON AND CAPTAIN BRIAN ROX ALSO STATED I WAS ON SAID STATUS AROUND 3:30PM WHILE DURING HIS TOUR OF 1 WEST STOPPED AND WATCHED CO's BOWMAN, SHEPPARD, SCHMIDT AND SAYLOR DESTROY MY CELL AFTER STRIPPING MY CELL OF 2 AM/FM RADIOS, 1 PAIR HEAD PHONES, 1 HEADPHONE EXTENSION 2 PKS of NEW BATTERIES, 5 PORN MAGS (2 PENTHOUSES, 1 BARELY LEGAL, 1 BLACK GIRLS AN 1 HOMEMADE, 1 SHOW LINGERE MAG, 1 BOOK (BOINK), ALL MY CARTOONS BOTH POLITI CAL/NON-POLITICAL, ALL MY COMIC BOOKS AND 2 PAIRS OF SNEAKERS LEAVING ME BAREFOOT (WHICH YOU WITNESSED ON 12/23/10 AND FOUND HILARIOUS). THESE ITEMS WER PLACED ON THE TABLE IN THE DAYROOM IN FRONT OF MY CELL AND ON CAMERA. TO DATE, NO CONFISCATION RECEIPT AND NO PLACEMENT NOTICE FOR A.D. STATUS (TIME ELAPSED ANYWAY). I ALSO WANT TO PRESERVE VIDEO SURVEILLANCE FOOT-AGE OF 1WEST SOUTH REC YARD ON THE DATES OF 12/23/10 AND 12/24/10 SHOWING ME IN THE REC YARD WITHOUT PROPER FOOTWARE DUE TO LT. SAYLOR CONFISCATING MY SHOES. I TOLD YOU ABOUT THIS LIEUTENANT'S ABUSE OF POSITION/AUTHORITY ON APRIL 19, 2010 AND YOU DID NOTHING (NO INVESTIGATION, NO REPRIMAND, ETC) WHICH TELLS ME YOU NOT ONLY ALLOWED THIS TO OCCUR, BUT CONDONE IT. NO PROBLEM, JUST PRESERVE THE VIDEO SURVEILLANCE TAPES REQUESTED AS PER THE CT DOC ADMIN. DIR. 6.5(18) WHICH PLANNED PHYSICAL FORCED WAS LT. SAYLORS MAIN GOAL CONCERNING THIS WRITER FOR EXERCISING HIS FIRST AMENDMENT RIGHTS TO THE U.S. CONSTITUTION.

CC: HUNNICUTT
ARNONE

13





**STATE OF CONNECTICUT**
*DEPARTMENT OF CORRECTION*
*Northern Correctional Institution*
*Office of Investigations and Intelligence*

To:      Inmate Hunnicut, Carnell #229689
         1-West#124

From:  Captain Gerald Hines

Date:   January 4, 2011

Re:      Preservation of evidence.

Your request to preserve Nicevision camera footage from the 1-West Housing Unit has been completed

Specifically, the cameras that capture the 1-West Center Tier and cell #124 for December 22, 2010 between the hours of 3:14pm to 4:30pm and the 1-West South Recreation Yard on December 23, 2011 between the hours of 10:00am to 11:00am as well as 1-West South Recreation Yard on December 24, 2011 between the hours of 11:00am to 1:30pm were recorded on videodisc NCI-11-0006.

In accordance with Connecticut General Statute, Chapter 14, Sec. 1-210, Subsec. (18)© any access to the aforementioned videodisc will require a subpoena based on the sensitive nature of its contents.

C. Warden Quiros

12

# Contraband/Physical Evidence Tag
## and Chain of Custody
### Connecticut Department of Correction

CN 6901
REV 9/2/09

| | |
|---|---|
| ☒ Facility/Unit: **Northern Correctional Institution** | ☐ Parole Office: |
| Unit Tracking Number: **NCI-11-0006** | Incident Report Number: **N/A** |

### Classification of Physical Evidence

☐ Weapon                   ☐ Drug/drug paraphernalia        ☐ Alcohol (commercial or home made)
☐ Appliance (e.g., television, radio, stereo, recorder, mp3 player, etc.)
☐ Currency (money or other commodity of exchange)
☐ Clothing                 ☐ Cellular/Digital Device        ☐ Miscellaneous property
☐ Other (describe)
☒ Written record, video tape, digital image, photograph or audio recording

### Evidence to be preserved for possible action as follows:

☒ Administrative          ☐ Criminal

Brief description of item or substance and any identifying mark(s):

One (1) compact disc containing various views of the 1-West Center Tier and cell #124 for December 22, 2010 between the hours of 3:14pm to 4:30pm and the 1-West South Recreation Yard on December 23, 2011 between the hours of 10:00am to 11:00am as well as 1-West South Recreation Yard on December 24, 2011 between the hours of 11:00am to 1:30pm.

Location found/confiscated: DOWNLOAD FROM NICEVISION

| | | |
|---|---|---|
| By (staff name): **Captain Gerald Hines** | Date: **12/30/2010** | Time: **5:00** ☐AM ☒PM |

### Chain of custody - physical evidence (signature required)

| | | |
|---|---|---|
| Staff from: **Captain Gerald Hines** | Date: **1/04/2011** | Time: **7:00** ☒AM ☐PM |
| Staff to: **Storage** | Date: **1/04/2011** | Time: **7:00** ☒AM ☐PM |
| Reason: **PRESERVATION REQUEST** | Disposition: **EVIDENCE** | |
| Staff from: | Date: | Time: ☐AM ☐PM |
| Staff to: | Date: | Time: ☐AM ☐PM |
| Reason: | Disposition: | |
| Staff from: | Date: | Time: ☐AM ☐PM |
| Staff to: | Date: | Time: ☐AM ☐PM |
| Reason: | Disposition: | |
| Staff from: | Date: | Time: ☐AM ☐PM |
| Staff to: | Date: | Time: ☐AM ☐PM |
| Reason: | Disposition: | |

COPY