UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

CARNELL HUNNICUTT, SR.,

        Plaintiff,

v.                                              3:10-cv-857 (CSH)

TAWANDA KITT, et al.,

        Defendants.

**RULING ON PENDING MOTIONS**

HAIGHT, Senior District Judge:

Plaintiff Carnell Hunnicutt, Sr., incarcerated and *pro se*, has filed motions to compel, for appointment of counsel, for waiver of fees, for extension of time, and to deny or stay consideration of Defendants' motion for summary judgment. Except for the motion for extension of time, which is **GRANTED**, Plaintiff's motions are **DENIED**. The Court reserves judgment on the Defendants' pending motion for summary judgment to allow Plaintiff to file an opposition on the merits rather than merely objecting based on outstanding discovery requests.[1]

**I.    Motion to Compel**

Plaintiff moves to compel production of all outstanding discovery. Defendants have not responded to the motion.

Rule 37, D. Conn. L. Civ. R., requires that, before filing a motion to compel, the moving party must confer with opposing counsel in a good faith effort to resolve the dispute. The purpose of this rule is to encourage the parties to resolve discovery disputes without court intervention. *See*

---

[1] The Plaintiff filed a timely opposition to the Defendants' motion for summary judgment, but did not address the Defendants' arguments that the Plaintiff has failed to assert any constitutionally-viable claims. [Doc. 35.]

*Hanton v. Price*, No. 3:04cv473(CFD), 2006 WL 581204, at *1 (D. Conn. Mar. 8, 2006). If discussions are not successful, the party moving to compel must submit an affidavit certifying the attempted resolution and specifying which issues were resolved and which remain. Plaintiff has filed an affidavit suggesting that any contact between the parties has been contentious. Plaintiff reports that the Defendants threatened to file a motion for **a** protective order and he offered to compromise by reviewing all personnel and other files and asking for copies of documents that strike his fancy. Thus, it is not clear that the parties have attempted a good faith resolution.

In addition, Rule 37(b)(1) requires that any discovery motion be accompanied by a memorandum of law "contain[ing] a concise statement of the nature of the case and a specific verbatim listing of each of the items of discovery sought or opposed, and immediately following each specification shall set forth the reason why the item should be allowed or disallowed." Copies of the discovery requests must be included as exhibits.

Plaintiff has attached to his motion a copy of his first request for production of documents and Defendants' objections. Plaintiff also provided a second request for production of documents dated December 9, 2010, and another document entitled second request for interrogatories and production of documents dated January 5, 2011. Defendants have not responded to these requests other than to request that plaintiff withdraw them.

Although Plaintiff submitted the required memorandum, it does not comply with the local rule. Plaintiff's general discussion of his discovery requests is insufficient. Plaintiff has not included a verbatim listing of each item sought along with specific reasons why this item is needed to resolve a specific claim in the case. Plaintiff's motion to compel is denied for failure to comply with local court rules.

## II. Motion for Appointment of Counsel

Plaintiff seeks appointment of *pro bono* counsel in this action pursuant to 28 U.S.C. § 1915. The Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel. *See, e.g., Hendricks v. Coughlin*, 114 F.3d 390, 393 (2d Cir. 1997); *Cooper v. A. Sargenti Co.*, 877 F. 2d 170, 172 (2d Cir. 1989). In that regard, the Second Circuit has made it clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986), *cert. denied*, 502 U.S. 996 (1991). Plaintiff identifies several law firms that have declined assistance. In addition, he states that Inmates' Legal Assistance Program will not assist him because he fails to state a prima facie case.

The Second Circuit also has cautioned the district courts against the "routine appointment of counsel" and reiterated the importance of requiring an indigent to "pass the test of likely merit." *Cooper*, 877 F. 2d at 173-74. The court of appeals reasoned that "even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." *Id.* at 171. Here, Defendants have filed a motion for summary judgment on the ground that Plaintiff fails to state any cognizable claims, and Plaintiff has reported that Inmates' Legal Assistance Program has determined that he fails to state a prima facie claim.

At this stage of litigation, the Court cannot determine whether Plaintiff's claims possess likely merit. Accordingly, his motion for appointment of counsel is denied without prejudice to refiling if Defendants' motion for summary judgment is denied.

## III. Motion for Waiver of Fees

Plaintiff seeks waiver of fees for service of discovery subpoenas. As the Court previously

informed plaintiff, he is responsible for service of discovery subpoenas. [Doc. 28.] The *in forma pauperis* status does not required the Court to pay discovery-related expenses. *See Tajeddini v. Gluch*, 942 F. Supp. 772, 782 (D. Conn. 1996); *see also Badman v. Stark*, 139 F.R.D. 601, 604 (M.D. Pa. 1991) (denying indigent litigant's request for issuance of subpoena duces tecum where litigant failed to indicate how he would pay for service and witness fees). Plaintiff's motion for waiver of fees is denied.

IV.     **Motion for Extension of Time**

Plaintiff seeks an extension of time to respond to the Defendants' motion for summary judgment. The extension is **GRANTED**. Plaintiff shall file his opposition on or before August 26, 2011. If so advised, Defendants may file reply papers within fourteen (14) days after the filing of Plaintiff's opposition papers.

V.      **Motion to Deny or Stay**

Pursuant to Rule 56(d),[2] Fed. R. Civ. P., Plaintiff asks the Court to deny or stay consideration of Defendants' motion for summary judgment because outstanding discovery issues have not been resolved. Plaintiff states that defendants have not responded to all outstanding discovery requests and will not disclose to him the locations of inmates from whom he seeks affidavits.

Rule 56(d) permits the Court to deny or defer ruling on a motion for summary judgment if the non-moving party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." The non-moving party must indicate how the facts sought would reasonably create a genuine issue of material fact. *See In re Dana Corp.*, 574 F.3d 129, 148-

---

[2]Amendments to the Federal Rules of Civil Procedure, effective December 1, 2010, moved this provision from Rule 56(f) to Rule 56(d). The cited cases refer to the former location of the provision.

49 (2d Cir. 2009) (citing *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir. 1994)).

Plaintiff has not provided the required affidavit or declaration. Even if he had, however, his motion would be denied. Defendants move for summary judgment on the grounds that the facts alleged do not state cognizable constitutional claims and they are protected by qualified immunity. When the Court decides the motion, it will assume that Plaintiff can prove his allegations and determine whether the Plaintiff's allegations rise to the level of a constitutional claim. Thus, any discovery seeking evidence to establish the alleged facts is unnecessary to the motion for summary judgment.

Plaintiff's motion under Rule 56(d) is denied. As previously stated, Plaintiff is directed to file his opposition to Defendants' motion for summary judgment on or before August 26, 2011, subject to Defendants' right of timely reply. No further extensions will be granted. If Plaintiff fails to file timely opposition papers, the Court will decide the motion on the then existing record.

## VI. Conclusion

Plaintiff's motion to compel [**Doc. 33**] is **DENIED**. Plaintiff's motion for appointment of counsel [**Doc. 37**] is **DENIED** without prejudice. Plaintiff's motion for waiver of fees [**Doc. 38**] is **DENIED**. Plaintiff's motion for extension of time [**Doc. 34**] is **GRANTED**. Plaintiff's motion to deny or stay consideration of defendants' motion for summary judgment [**Doc. 36**] is **DENIED**. Plaintiff shall file his opposition to Defendants' motion for summary judgment on or before August 26, 2011.

It is SO ORDERED.

Dated: New Haven, Connecticut
      July 25, 2011

                                              */s/ Charles S. Haight, Jr.*
                                           Charles S. Haight, Jr.
                                           Senior United States District Judge