UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


CARNELL HUNNICUTT, SR.,  :
    Plaintiff,   :
         :
 v.       :   CASE NO. 3:10-cv-857 (CSH)
         :
TAWANDA KITT, et al.,   :
    Defendants.  :


## RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff Carnell Hunnicutt, Sr., incarcerated and *pro se*, has filed an amended complaint under 42 U.S.C. § 1983.  The plaintiff names twenty defendants:  Tawanda Kitt, Dennis Marinelli, Angel Quiros, Lauren Powers, Stephen Faucher, Kim DiCioccio, Michael Lajoie, Lieutenant Comier,[1] Kim Weir, Correctional Officer Wilson, Karl Krob, Lieutenant Pafumi, Lieutenant Siwicki, Scott Peterson, Jason Cahill, Darryl Little, Melvin Saylor, Lieutenant Sharp, Ayesha Mumin and Counselor Tourangeau.  All defendants are named in their individual and official capacities.  The defendants have filed a motion for summary judgment.  For the reasons that follow, the defendants' motion for summary judgment **is GRANTED in part and DENIED in part**.

I.  **Standard of Review**

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is therefore entitled to judgment as a matter of law.  *See* Rule 56(c), Fed. R. Civ. P.; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  The moving party may satisfy this burden "by showing—that is pointing out to the district

---

[1] In the case caption this defendannt is named as Lieutenant Comier.  In other parts of the complaint he is described as Lieutenant Cormier.  For consistency, the Court uses the spelling from the case caption.

court—that there is an absence of evidence to support the nonmoving party's case." *PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002) (per curiam) (internal quotation marks and citations omitted).  Once the moving party meets this burden, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial," *Anderson*, 477 U.S. at 255, and present such evidence as would allow a jury to find in his favor in order to defeat the motion for summary judgment.  *Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir. 2000).  Merely verifying the allegations of the complaint in an affidavit is insufficient to oppose a motion for summary judgment. *Zigmund v. Foster*, 106 F. Supp. 2d 352, 356 (D. Conn. 2000) (citing cases).

When reviewing the record, the court resolves all ambiguities and draws all permissible factual inferences in favor of the party against whom summary judgment is sought.  *Patterson v. County of Oneida, NY*, 375 F.3d 206, 218 (2d Cir. 2004).  If there is any evidence in the record on a material issue from which a reasonable inference could be drawn in favor of the nonmoving party, summary judgment is inappropriate.  *Security Ins. Co. of Hartford v. Old Dominion Freight Line Inc.*, 391 F.3d 77, 83 (2d Cir. 2004).  However, "'[t]he mere of existence of a scintilla of evidence in support of the [plaintiff's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [plaintiff].'"  *Dawson v. County of Westchester*, 373 F.3d 265, 272 (2d Cir. 2004) (quoting *Anderson*, 477 U.S. at 252)).

## II.   Facts[2]

At all times relevant to the claims in this action, the plaintiff was confined at Northern Correctional Institution and the defendants were employees of the Connecticut Department of Correction, working at Northern Correctional Institution.

---

[2] The facts are taken from the Local Rule 56(a)1 and 56(a)2 statements filed by the parties.  *See* Docs. ##31-6 and 42-1.

On October 30, 2009, the plaintiff was issued a disciplinary report for threats.  He was charged with making threatening statements to defendant Kitt.  On February 5, 2010, the plaintiff received a second disciplinary report for threats.  He was charged with sending defendant Kitt a document containing threatening, degrading, and abusive language.  The plaintiff admits sending the document but contends that the language was not threatening.  Defendant Comier was the Disciplinary Hearing Officer for both of the disciplinary charges.  The hearings were held on November 17, 2009, and February 17, 2010.  The plaintiff was provided an advocate and an opportunity to rebut the charges.  At the November 2009 hearing, the plaintiff submitted a written statement arguing that he used insulting but not threatening language.  At the conclusion of the hearings, defendant Comier reviewed the evidence and found the plaintiff guilty of both charges.  The plaintiff received sanctions of fifteen days confinement in punitive segregation and ninety days loss of phone and commissary privileges on each charge.

On July 29, 2010, the plaintiff received a disciplinary report for interfering with safety and security by slipping his handcuffs from the back to the front.  The disciplinary hearing was held on August 25, 2010, at which the plaintiff was found guilty.  The plaintiff again received sanctions of fifteen days confinement in punitive segregation and ninety days loss of phone and commissary privileges.

## III.  Discussion

In his amended complaint the plaintiff includes fourteen claims for relief:  (1) defendant Kitt retaliated against the plaintiff for filing a grievance by issuing false disciplinary reports and destroying his property; (2) defendants Marinelli, Quiros, Powers, and Faucher censored, threatened and punished the plaintiff for exercising his First Amendment rights; (3) defendants DiCioccio, Peterson, Wilson, Krob, and Comier denied the plaintiff substantive due process at his disciplinary

hearings by denying him staff witnesses, denying him assistance preparing his defense, tampering with and withholding evidence and punishing the plaintiff for utilizing the grievance process; (4) defendants Powers, Faucher, Pafumi, Quiros, Marinelli, Siwicki, Lajoie, Weir, Cahill, Little, and Saylor failed to prevent defendant Kitt from retaliating against the plaintiff; (5) defendants Quiros, Marinelli, Powers, and Faucher confiscated artwork intended for an outside audience; (6) defendants Kitt and Pafumi harassed and retaliated against the plaintiff for using the grievance process by destroying his personal property; (7) defendants Quiros, Marinelli, Faucher, Powers, Little, Cahill, Weir, Lajoie, Pafumi, Siwicki, and Saylor allowed and condoned defendant Kitt's harassment and retaliatory conduct; (8) defendant Comier, Wilson, Krob, DiCioccio, and Peterson conspired to hold disciplinary hearings that deprived the plaintiff of procedural and substantive due process; (9) defendants Marinelli, Quiros, Faucher, and Powers threatened the plaintiff to stop him from exercising his First Amendment rights through drawing cartoons; (10) defendant Cahill acted with defendants Kitt, Pafumi, Sharp, and Marinelli to deprive the plaintiff of his personal property; (11) defendant Saylor sexually harassed the plaintiff; (12) defendant Mumin retaliated against the plaintiff for filing a grievance by denying him legal calls and hygiene items; (13) defendants Quiros, Faucher, Powers, and Little failed to reprimand defendants Saylor and Pafumi, thereby encouraging them to confiscate his personal property; and (14) defendant Quiros placed the plaintiff on grievance restriction in retaliation for his filing grievances regarding defendant Kitt and naming supervisory staff in those grievances.

The defendants do not address separately the plaintiff's claims for relief.  Instead, they argue that none of the plaintiff's allegations state constitutionally viable claims.  The defendants assert the following arguments:  (1) the plaintiff's claims that he was wrongfully charged with threats and wrongfully found guilty of the charges are not cognizable and any retaliation claim based on the

issuance of the disciplinary reports also fails; (2) the plaintiff fails to state a constitutionally recognized retaliation claim against any defendant based on his allegations of adverse actions; (3) the plaintiff fails to satisfy the physical injury requirement under 42 U.S.C. § 1997e(e); and (4) the defendants are protected by qualified immunity.

A.   Due Process Claims Regarding Disciplinary Actions

The plaintiff contends that he was denied procedural and substantive due process in connection with the three disciplinary reports, the October 30, 2009 charge for threatening and insulting language, the February 5, 2010 charge for written threats, and the July 29, 2010 charge for interfering with safety and security.  He also argues that the issuance of the disciplinary reports and the conduct of several defendants in connection with the disciplinary hearing process was retaliatory. The Court will consider the due process claims in this section and the retaliation claims below.

Plaintiff alleges, among other things, that he was denied the required degree of assistance from an advocate at the three hearings in question.  "Substantive due process protects individuals against government action that is arbitrary, conscience-shocking, or oppressive in a constitutional sense, but not against government action that is 'incorrect or ill-advised.'"   *Lowrance v. Achtyl*, 20 F.3d 529, 537 (2d Cir. 1994) (internal citations omitted).  A prison disciplinary decision comports with due process "if some evidence supports the decision by the prison disciplinary board." *Superintendent, Mass. Corr. Institution, Walpole v. Hill*, 472 U.S. 445, 455 (1985).  "A prisoner has a limited right to assistance of an advocate at a disciplinary hearing." *Eng v. Coughlin*, 858 F.2d 889, 897-98 (2d Cir. 1988); *see also Muhmmaud v. Murphy*, 632 F.Supp.2d 171, 177 (D.Conn. 2009).

The first disciplinary report concerns statements allegedly made by the plaintiff.  Unlike the second and third disciplinary reports, the plaintiff denies making the threatening statements and

states that several correctional officers were present and could corroborate his version of the incident.  None of these officers provided written statements or testified at the hearing.  The plaintiff alleges that his advocate refused to investigate the matter and he was prevented from calling any of the correctional officers as witnesses at the hearing.  His request for another advocate was ignored.  Although the quantity of evidence required to support a disciplinary decision may be small, there is an issue of fact as to whether the defense can meet this standard.  Thus, summary judgment against this claim is not appropriate.

The plaintiff concedes that he wrote the document that is the subject of the February 2010 charge.  The only dispute is whether the language is threatening or, as the plaintiff characterizes it, merely insulting.  Plaintiff's assertions regarding an ineffective advocate or denial of evidence do not alter the fact that this claim essentially is a dispute over the accuracy of the hearing officer's interpretation of the document.

A prisoner has a constitutional right to assistance at a disciplinary hearing only when the prisoner is illiterate or the complexity of the issue makes it unlikely that the prisoner will be able to collect and present the necessary evidence.  *Wolff v. McDonnell*, 418 U.S. 539, 570 (1974).  *See also Eng v. Coughlin*, 858 F.2d 889, 897-98 (2d Cir. 1988).  A prisoner has no constitutional right to confront witnesses or cross-examine at a disciplinary hearing.  *Wolff* at 566.  A prisoner has a constitutional right to call witnesses when doing so will not be unduly hazardous to institutional safety or correctional goals, unless doing so would be futile.  *Id.*, *Silva v. Casey*, 992 F.2d 20, 22 (2d Cir. 1993).

The plaintiff is plainly not illiterate, and the issues involved in this hearing were not complex.  Because the only issue was the interpretation of a document, calling witnesses would have been futile.  The Court concludes that the substantive due process claim regarding the second disciplinary

hearing should be dismissed pursuant to 28 U.S.C. § 1915A for failure to state a cognizable claim.

The third disciplinary charge is based on the fact that the plaintiff was released for recreation with his hands cuffed behind his back but slipped the cuffs to the front. The plaintiff concedes that he stepped through the cuffs so that he was handcuffed in front. The plaintiff's only argument against the charge is that the order that he recreate while handcuffed behind his back was retaliatory, a different claim than a lack of evidence to support the charge. The Court concludes that any error in the hearing process was harmless error. *See Pilgrim v. Luther*, 571 F.3d 201, 206 (2d Cir. 2009) (violations of a prisoner's right to assistance at a hearing are subject to "harmless error" review). Thus, the Hearing Officer's conclusion that the plaintiff was guilty of slipping his handcuffs to the front was not a substantive due process violation. The substantive due process claim regarding the third disciplinary hearing is also dismissed pursuant to 28 U.S.C. § 1915A.

The defendants next argue that all claims relating to the denial of appropriate procedures at the disciplinary hearings are not cognizable because the sanctions imposed on the plaintiff did not violate the requirements of *Sandin v. Connor*, 515 U.S. 472 (1995). In *Sandin*, the Supreme Court considered the requirements to state a claim for denial of procedural due process. The Supreme Court held that the plaintiff must demonstrate both a protected liberty or property interest and that he had been deprived of that interest without being afforded due process of law. To establish a protected liberty or property interest, the plaintiff must show that the state created a liberty interest in a statute or regulation and the deprivation of that interest caused him to suffer an atypical and significant hardship. *See Tellier v. Fields*, 280 F.3d 69, 81 (2d Cir. 2000).

*Sandin* held that confinement in the restrictive housing unit for thirty days for disciplinary reasons did not implicate a constitutional liberty interest. *Sandin*, 515 U.S. at 485-86. Further, the Second Circuit has held that confinement in a segregation unit falls within the expected parameters

7

of a sentence and does not implicate a liberty interest. *Frazier v. Coughlin*, 81 F.3d 313, 317-18 (2d Cir. 1996). *See also Lewis v. Sieminski*, No. 3:08-CV-728 (JCH), 2010 WL 3827991, at *6 (D. Conn. Sept. 22, 2010) (noting that the decisions in the Second Circuit are unanimous that segregated housing unit confinement of 30 days or less is not 'atypical or significant hardship' under *Sandin*); *Nicholson v. Murphy*, No. 3:02cv1815 (MRK), 2003 WL 22909876, at *10-11 (D. Conn. Sept. 19, 2003) (holding that confinement in segregation of twenty-seven days is not an atypical and significant hardship).

On each disciplinary charge the plaintiff was sanctioned with fifteen days confinement in punitive segregation followed by ninety days loss of phone and commissary privileges. The sanctions on the three charges were not served consecutively. Thus, the sanctions do not constitute an atypical and significant hardship. In the absence of a liberty interest, Plaintiff's alleged violations of procedural requirements do not constitute cognizable due process claims.

In his memorandum, the plaintiff argues that as a result of receiving the three disciplinary reports, he has been confined in restrictive conditions at Northern Correctional Institution. He does not include in the fourteen claims for relief in his amended complaint a claim for relief challenging his confinement at Northern Correctional Institution and he cannot amend his complaint in a memorandum. *See Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998) (declining to address merits of claim that "does not appear anywhere in the amended complaint and did not enter the case until [the plaintiff] mentioned it for the first time in her opposition memoranda to the motion to dismiss"). Thus, this claim is not before the court.

The Court has determined that the plaintiff's claims for denial of procedural due process at all three disciplinary hearings are not cognizable. The defendants' motion for summary judgment is granted on these claims, which are included in the plaintiff's claims for relief three and eight. The

case will proceed on the substantive due process claim regarding the first disciplinary hearing.

In addition, in claims for relief four and seven, the plaintiff makes claims against defendants Quiros, Marinelli, Faucher, Powers, Little, Cahill, Weir, Lajoie, Pafumi, Siwicki and Saylor that appear to arise from his dissatisfaction with the responses to his various grievances. State-created inmate grievance procedures do not create a protected liberty interest. Thus, Fourteenth Amendment due process protections are not implicated regardless of the actions taken by the defendants in connection with the plaintiff's grievances. *Shakur v. Furey*, No. 3:09CV1187 (VLB), 2010 WL 1416836, at *6 (D. Conn. Apr. 8, 2010) (collecting cases from courts of appeal in other circuits). Courts of appeal in other circuits considering this issue agree that inmates do not have a constitutionally protected liberty interest in having grievances resolved to their satisfaction and find no violation of due process when prison officials fail to do so. *See, e.g.*, *Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008); *Thomas v. Warner*, 237 Fed. Appx. 435, 437-38 (11th Cir. 2007); *Rhoades v. Adams*, 194 Fed. Appx. 93, 95 (3d Cir. 2006); *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam).

Accordingly, any due process claims based on claims for relief four and seven are dismissed pursuant to 28 U.S.C. § 1915A.

B.    Retaliation Claims

The plaintiff asserts multiple claims of retaliation by various defendants. The defendants do not address each claim individually. Rather, they argue generally that none of the actions state a claim for retaliatory conduct.

Prison officials may not retaliate against inmates for exercising their constitutional rights. To state a retaliation claim, the plaintiff must show that his actions were protected by the

Constitution or federal law and that the defendant's conduct complained of was in response to that protected activity. *Friedl v. City of New York*, 210 F.3d 79, 85 (2d Cir. 2000). Because claims of retaliation are easily fabricated, the courts consider such claims with skepticism and require that they be supported by specific facts; conclusory statements are not sufficient. *See Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 2003). To support a claim of retaliation, the allegedly retaliatory conduct must deter a similarly situated inmate of ordinary resolve from exercising his constitutional rights. It is not necessary that the plaintiff himself be deterred. *See Gill v. Pidlypchak*, 389 F.3d 379, 381 (2d Cir. 2004). Any lesser conduct is *de minimis* and does not support a retaliation claim. Prisoners are required to tolerate more serious conduct than public employees or private citizens before stating a retaliation claim. *See Dawes v. Walker,* 239 F.3d 489, 493 (2d Cir. 2001).

To state a claim for retaliation regarding the filing of a false misbehavior report, the plaintiff must allege both that a defendant filed the report and that his motivation to do so relates to the plaintiff having engaged in protected activity. *Gayle v. Gonyea*, 313 F.3d 677, 682 (2d Cir. 2002). With regard to false misbehavior reports, the type of evidence required to establish a causal connection between the plaintiff's protected conduct and the alleged retaliation include temporal proximity, prior good discipline, a finding of not guilty at the disciplinary hearing, and statements from the defendants regarding their motives. *Barclay v. New York*, 477 F. Supp. 2d 546, 558 (N.D.N.Y. 2007). The Second Circuit has found sufficient evidence of retaliation when there is both a short time between protected activity and the retaliatory conduct and direct involvement by the defendant. *See Morales v. Mackalm*, 278 F.3d 126, 131 (2d Cir. 2002) (short time between protected activity and retaliation coupled with defendants' involvement in the decision to transfer is sufficient to support inference of retaliatory motive).

The plaintiff states that his primary retaliation claim is that the defendants retaliated against

him by issuing false disciplinary reports and acting improperly at the disciplinary hearings when he submitted grievances regarding defendant Kitt's conduct.  Doc. #42 at 2.  However, the plaintiff concedes that he committed the actions giving rise to the second and third disciplinary reports.  Thus, the reports were not false and do not support a claim for retaliation by filing false disciplinary reports.  Thus, the reports were not false and do not support a claim for retaliation by filing false disciplinary reports.

The plaintiff alleges that defendant Kitt issued the first disciplinary report a short time after the plaintiff filed grievances against her.  He includes alleged statements by defendant Kitt demonstrating a retaliatory motive.  Although the plaintiff was found guilty of the charge, there remains an issue whether the plaintiff's substantive due process rights were violated at the hearing.  In addition, the plaintiff alleges many instances of destruction of his property by defendant Kitt.  Such repeated actions could deter an inmate of ordinary resolve from asserting his constitutional rights.  Accordingly, the defendants' motion for summary judgment is denied as to the retaliation claim against defendants Kitt, Saylor, Comier, DiCioccio and Lajoie regarding the first disciplinary report and also the retaliation claim against defendant Kitt for destruction of the plaintiff's personal property as contained in claims for relief one and three.

The plaintiff also characterized various other actions by the defendants as retaliatory conduct.  The plaintiff includes many allegations of harassment that have no direct connection to protected conduct or constitute *de minimis* conduct.  For example, the plaintiff alleges that defendant Kitt refused to retrieve his razor causing him to ask another staff member to do so and periodically kicked the plaintiff's cell door and made derogatory remarks as she passed.  *See* Doc. #16, ¶¶ 89-93.  These allegations do not state cognizable claims.  *See Ramirez v. Holmes*, 921 F. Supp. 204, 210 (S.D.N.Y. 1996) (threats and verbal harassment without physical injury or damage not cognizable in claim filed

by sentenced inmate under section 1983); *Bartley v. Collins*, No. 95 Civ. 10161(RJH), 2006 WL 1289256, at *6 (S.D.N.Y. May 10, 2006) ("[V]erbal threats such as 'we going to get you, you better drop the suit,' do not rise to the level of adverse action.").

The plaintiff has alleged facts relating the following incidents to the exercise of constitutionally protected conduct: (1) on June 8, 2009, after having a disagreement with defendant Kitt over a cartoon drawn by the plaintiff and one hour after he was strip searched, defendant Saylor conducted a pat search of the plaintiff "that included groping genitals" [Doc. #16, ¶ 36]; (2) on September 16, 2009, defendant Quiros would not intercede to assist the plaintiff in resolving missing property issues and stated that the problem may have been the plaintiff's cartoons [Doc. #16, ¶ 44]; (3) in November 2009, the plaintiff was required to undergo a psychological evaluation in the presence of defendant Marinelli after defendant Kitt learned of the plaintiff's letter to defendant Weir and made false statements to defendant Marinelli that the plaintiff was obsessed with her and she feared for her life [Doc. #16, ¶ 70]; (4) defendants Weir, Siwicki, Quiros, Faucher, Powers, and Marinelli failed to properly investigate the plaintiff's claims against defendant Kitt [Doc. #16, ¶¶ 81-85, 87-88]; (5) defendant Marinelli ordered that the plaintiff be placed on administrative detention status with restraints [Doc. #16, ¶¶ 95-96]; (6) after the plaintiff filed a grievance against him, defendant Little ordered defendant Mumin to deny the plaintiff legal calls [Doc. #16, ¶ 146]; (7) on April 19, 2010, the plaintiff spoke to defendants Quiros, Faucher, Little, and Saylor regarding his damaged personal property and then, later in the day, defendant Saylor searched the plaintiff's cell and confiscated his legal books and legal property for one day [Doc. #16, ¶¶ 149-50]; and (8) on July 28, 2010, defendant Quiros ordered the plaintiff on full restraint/recreate alone status after the plaintiff accused defendants Quiros, Faucher, Powers, and Little of being corrupt and criminal-minded [Doc. #16, ¶161].

In each instance, the plaintiff focuses on temporal proximity of the alleged actions and his verbal or written complaints about staff action.  To support a retaliation claim, however, the allegedly retaliatory conduct must deter a similarly situated inmate of ordinary resolve from exercising his constitutional rights.  The court concludes that many of these incidents do not rise to that level.  For example, the fact that the plaintiff's legal books and papers were taken and returned the next day, that correctional supervisors allegedly failed to properly investigate the plaintiff's claims, pick up a commissary order form on one day, and provide two legal calls, and that the plaintiff underwent a duplicative and allegedly improper pat search would not deter an inmate of ordinary resolve from complaining about staff conduct.  The allegedly retaliatory actions in examples 1, 2, 4 and 7 above and claim for relief twelve, are not cognizable under section 1983.

In addition, in many instances, the alleged retaliatory conduct was not performed by the person about whom the plaintiff complained.  The plaintiff alleges, without objective supporting evidence, that the person about whom he complained spoke to another defendant who then took retaliatory action against the plaintiff.  For example, defendant Kitt complained about fear of harm from the plaintiff causing defendant Marinelli to be present during the plaintiff's psychological interview, defendant Little ordered defendant Mumin to deny the plaintiff a legal call after the plaintiff filed a grievance against defendant Little, defendant Saylor conducted the improper pat search after the plaintiff complained about defendant Kitt.  Without objective evidence that the person engaging in the allegedly retaliatory acts did so in retaliation for the plaintiff's exercise of constitutionally protected activity, these retaliation claims, examples 1, 3 and 6 above, are conclusory at best.

In examples 5 and 8, the plaintiff contends that defendant Marinelli ordered him to administrative detention with restraints and defendant Quiros ordered him on recreate alone with full

restraints status without any prior disciplinary infractions or precipitating conduct by the plaintiff. The court cannot conclude as a matter of law that these actions would not deter an inmate of ordinary resolve from asserting his constitutional rights. The defendants' motion for summary judgment is denied as to the retaliation claims regarding his classification to administrative detention with restraints and recreation alone with full restraint status.

In claim for relief fourteen, the plaintiff contends that his placement on grievance restriction by defendants Quiros was retaliatory. The plaintiff provides no evidence to support his conclusion that placement on grievance restriction was motivated by retaliation and not the fact that the plaintiff filed many grievances in a relatively short time period. Thus, this claim is conclusory at best.

C.     Claim for Denial of Access to the Courts

The plaintiff's claim for denial of access to the courts is based on his allegation that he was denied certain legal phone calls and copies, and confiscation of his legal papers for one day. It is well settled that inmates have a First Amendment right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (*modified on other grounds by Lewis v. Casey*, 518 U.S. 343, 350 (1996)). To state a claim for denial of access to the courts, the plaintiff must demonstrate that he suffered an actual injury. *See Lewis*, 518 U.S. at 353.

To establish an actual injury, the plaintiff must allege facts showing that the defendants took or were responsible for actions that hindered his efforts to pursue a legal claim. *Monsky v. Moraghan*, 127 F.3d 243, 247 (2d Cir. 2002). The plaintiff provides no evidence supporting an actual injury. His conclusory statement is insufficient to support a claim for denial of access to the courts. *See Arce v. Walker*, 58 F. Supp. 2d 39, 44 (W.D.N.Y. 1999) ("A prisoner's conclusory assertion that he suffered prejudice does not suffice to support an access to courts claim."). The defendants' motion for summary judgment is granted on the claim for denial of access to the courts.

D.      Claim for Denial of Hygiene Products

The plaintiff alleges that defendant Mumin refused to pick up his commissary order on September 3, 2010, thereby denying him the ability to purchase hygiene items. The defendants do not address this argument.

The plaintiff has provided no evidence regarding the duration of the denial of soap or other products. Courts considering similar Eighth Amendment claims have held that a temporary denial of hygiene products, other than toilet paper, for approximately two weeks is not unconstitutional. *See, e.g., Silber v. Pallito*, No. 1:09-CV-73, 2011 WL 1225594, at *10 (D. Vt. Feb. 7, 2011) (temporary denial of basic toiletries does not violate the Eighth Amendment (citing cases)), *recommended ruling adopted as modified in other respects,* 2011 WL 1225588 (D. Vt. Mar. 31. 2011); *Fernandez v. Armstrong*, No. 3:02CV2252 (CFD), 2005 WL 733664, at *5, 2005 U.S. Dist. LEXIS 4958 (D. Conn. Mar.30, 2005) (denial of hygiene items including a toothbrush, toothpaste, soap, and shampoo for a period of sixteen days does not allege a violation of Eighth Amendment rights); *see also, e.g., Trammell v. Keane*, 338 F.3d 155, 165 (2d Cir. 2003) (holding that "[d]eprivation of ... toiletries [other than toilet paper] for approximately two weeks-while perhaps uncomfortable-does not pose such an obvious risk to an inmate's health or safety to violate the Eighth Amendment"). The plaintiff has provided no evidence to support this claim and has specifically alleged only one instance of denial of the retrieval of his commissary slip. The court concludes that the plaintiff fails to state an Eighth Amendment claim for denial of hygiene items.

E.      Property Claims

The plaintiff includes various claims regarding the destruction or deprivation of personal property. The court considers these claims as distinct from the retaliatory destruction of property claims addressed above.

15

Claims for deprivation of property, negligent or intentional, do not rise to the level of constitutional violations. The Supreme Court has found that the Due Process Clause is not violated where a prison inmate loses personal belongings due to the negligent or intentional actions of correctional officers, if the state provides an adequate post-deprivation compensatory remedy. *See Hudson v. Palmer*, 468 U.S. 517, 531 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543 (1981).

The State of Connecticut provides an adequate remedy for the kind of deprivation the plaintiff describes. *See* Conn. Gen. Stat. § 4-141 *et seq.* (providing that claims for payment or refund of money by the state may be presented to the Connecticut Claims Commission) and the Department of Correction Lost Property Board. This state remedy is not rendered inadequate simply because the plaintiff anticipates a more favorable remedy under the federal system or because it may take a longer time under the state system before his case is resolved. *See Hudson v. Palmer*, 468 U.S. at 535.

The plaintiff argues that the state remedy, through the Lost Property Board, is ineffective for losses less than $3,500.00. The plaintiff has provided copies of complaints he submitted regarding delays in processing his lost property claims. *See* Doc. 42-20 at 5-16. The plaintiff was told repeatedly that the state has two years to resolve a property claim. Although the plaintiff is not satisfied with that response, a delay in resolving the claims is insufficient to render the state process inadequate. The defendants' motion for summary judgment is granted as to any claims for lost or damaged property, as contained in claims for relief five and ten.

In claim for relief thirteen, the plaintiff contends that defendants Quiros, Faucher, Powers and Little failed to reprimand other defendants for confiscating his personal property. An inmate, however, has no constitutional right to have a correctional officer disciplined. *See S. v. D.*, 410 U.S. 614, 619 (1973) (holding that a private citizen has no "judicially cognizable interest in the

prosecution or nonprosecution of another"). This claim for relief is dismissed pursuant to 28 U.S.C. § 1915A.

F.     Physical Injury Requirement

The defendants contend that the plaintiff cannot recover compensatory damages because he seeks recovery for mental and emotional injury without a showing that he suffered a physical injury. In opposition, the plaintiff argues that he seeks recovery for violation of his constitutional rights, not for mental and emotional injury.

"No Federal civil action may be brought by a prisoner confined in jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The Second Circuit has interpreted this statute to require that a prisoner seeking compensatory damages for a constitutional violation demonstrate physical injury. *See Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir. 2002).

The plaintiff argues that he does not seek recovery for physical, mental or emotional injuries. However, the Second Circuit rejected this same argument in *Thompson*. *See id.* at 416-17 (rejecting plaintiff's claim that due process and Eighth Amendment claims are not covered by section 1997e(e) because the claims "are premised on a constitutional wrong rather than on emotional or mental injury"); *see also Knight v. Lombardi*, 952 F.2d 177, 179 (8th Cir. 1991) (dismissing inmate's procedural due process claim for failure to allege or present evidence of injury flowing from alleged violation); *Wright v. Doe*, 54 F. Supp. 2d 199, 207 (S.D.N.Y. 1999) (holding that section 1997e(e) bars damages on a procedural due process claim).

The plaintiff also argues that section 1997e(e) does not apply to constitutional torts, like his First Amendment claims. The Second Circuit, however, disagrees with the plaintiff's position. In *Thompson*, the court states: "We agree with the majority of our sister circuits that Section 1997e(e)

applies to claims in which a plaintiff alleges constitutional violations so that the plaintiff cannot recover damages for mental or emotional injury for a constitutional violation in the absence of a showing of actual physical injury."  284 F.3d at 417.  Accordingly, the defendants' motion for summary judgment is granted as to the claims for compensatory damages because the plaintiff has not provided evidence of an associated physical injury.[3]

> G.   Qualified Immunity

Finally, the defendants argue that they are protected by qualified immunity.  In their memorandum, the defendants include a detailed summary of the law regarding qualified immunity.  Following the summary, they merely conclude that "obviously" "officers of reasonable competence could disagree as to the appropriateness of the defendants' actions taken in this case" so the defendants are entitled to qualified immunity.  Defendants' Memorandum of Law in Support of their Motion for Summary Judgment at 11.  Although the defendants acknowledge that the qualified immunity analysis must include an examination of the right asserted by the plaintiff in light of the specific facts of the case, *see Saucier v. Katz*, 533 U.S. 194, 201 (2001), they do not perform such an analysis and the court declines to do so on their behalf.  The motion for summary judgment is denied on this ground.

## IV.   Conclusion

The defendants' motion for summary judgment [**Doc. #31**] is **granted in part**.  The case will proceed on the substantive due process claim regarding the November 2009 disciplinary hearing against defendants Comier, DiCioccio, Wilson and Lajoie, the retaliation claim regarding the

---

[3]Although the plaintiff correctly argues that section 1997e(e) also does not preclude a damages remedy where the plaintiff can establish an actual injury, for example a claim of lost property, *see Thompson*, 284 F.3d at 418, the court has granted the defendants' motion for summary judgment on the lost property claims.

October 30, 2009 disciplinary charge against defendants Kitt, Saylor, Comier, DiCioccio and Lajoie, the retaliation claims against defendants Marinelli and Quiros regarding the plaintiff's classification to administrative detention with restraints and recreation alone with full restraint status, and the retaliation claims against defendants Kitt and Pafumi for repeated destruction of personal property.

The substantive due process claims regarding the second and third disciplinary hearings, any due process claims contained in claims for relief four and seven, the claim for failure to reprimand correctional staff in claim for relief thirteen and the Eighth Amendment claim regarding denial of hygiene products are **dismissed** pursuant to 28 U.S.C. § 1915A.

The defendants have not adequately addressed the plaintiff's claims against defendants Marinelli, Quiros, Powers and Faucher for threats and punishment caused by the exercise of the plaintiff's First Amendment right to draw cartoons. They merely include an unsupported footnote concluding that no such First Amendment right exists. Nor do the defendants address the plaintiff's sexual harassment claim against defendant Saylor. These claims remain pending as well.

The court has either granted summary judgment or dismissed the claims for relief concerning defendants Peterson, Wilson, Krob, Little, Weir, Siwicki, Mumin, Sharp, Tourangeau and Cahill. The Clerk is directed to terminate these defendants from the case.

**SO ORDERED** at New Haven, Connecticut, this 13th day of April 2012.

 /s/ Charles S. Haight, Jr.
Charles S. Haight, Jr.
Senior United States District Judge